## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:    United States of America v. Gary Lee Sampson    Page 1

District Court Number: 01-cr-10384

Fee:    Paid?    Yes ____    No ____    Government filer __X__    In Forma Pauperis    Yes ____    No ____

| | | | |
|---|---|---|---|
| **Motions Pending** | Yes __X__ No ____ | **Sealed documents** | Yes __X__ No ____ |
| *If yes, document #* | 854, 858, 898, 920 | *If yes, document #* | 18, 23, 26, 29, 35 |
| *Ex parte* documents | Yes __X__ No ____ | Transcripts | Yes __X__ No ____ |
| *If yes, document #* | 903, 911, 913, | *If yes, document #* | 698, 704, 705 |

Notice of Appeal filed by: Plaintiff/Petitioner __X__    Defendant/Respondent ____    Other: ____

Appeal from:    1240 Order

Other information:    Sealed 36-38, 40-42, 45-50, 58, 60, 67-69, 84, 85, 87, 88, 89, 112-115, 119

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___ , filed on 5/18/2012 .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:                     United States of America v. Gary Lee Sampson      Page 2

District Court Number: 01-cr-10384

Fee:    Paid?   Yes ____   No ____   Government filer __X__   *In Forma Pauperis* Yes ____   No ____

Motions Pending      Yes __X__ No ____          Sealed documents      Yes __X__ No ____
*If yes, document #*  977 985, 994              *If yes, document #*   143, 144, 149-151

*Ex parte* documents   Yes ____ No __X__         Transcripts           Yes __X__ No ____
*If yes, document #*  _____          *If yes, document #*   729-737, 739-745

Notice of Appeal filed by: Plaintiff/Petitioner __X__   Defendant/Respondent ____   Other: ____

Appeal from:          1240 Order

Other information:    Sealed 152-154, 157, 158, 162-168, 172, 174, 175, 177, 178, 182, 184-186,

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # __1241__, filed on __5/18/2012__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __5/21/2012__.

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:    United States of America v. Gary Lee Sampson    Page 3

District Court Number: 01-cr-10384

Fee:    Paid?   Yes _____   No _____    Government filer __X__  *In Forma Pauperis* Yes _____   No _____

| | | | |
|---|---|---|---|
| Motions Pending | Yes __X__ No _____ | Sealed documents | Yes __X__ No _____ |
| *If yes, document #* | 1007, 1029, 1040 | *If yes, document #* | 190-193, 198 |
| *Ex parte* documents | Yes _____ No __X__ | Transcripts | Yes __X__ No _____ |
| *If yes, document #* | | *If yes, document #* | 755-757, 763, 774 |

Notice of Appeal filed by: Plaintiff/Petitioner __X__    Defendant/Respondent _____    Other: _____

Appeal from:    1240 Order

Other information:    Sealed  204-206, 208, 211, 212, 214, 216, 219-229, 225, 258, 268-270, 275

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___ , filed on ___5/18/2012___ .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:                    United States of America v. Gary Lee Sampson     Page 4

District Court Number: 01-cr-10384

Fee:    Paid?  Yes ____  No ____   Government filer __X__ *In Forma Pauperis* Yes ____  No ____

| | | | |
|---|---|---|---|
| Motions Pending | Yes __X__ No ____ | Sealed documents | Yes __X__ No ____ |
| *If yes, document #* | 1055, 1056, 1057 | *If yes, document #* | 276, 279, 280, 283 |
| *Ex parte* documents | Yes ____ No __X__ | Transcripts | Yes __X__ No ____ |
| *If yes, document #* | | *If yes, document #* | 775, 777, 778, 793 |

Notice of Appeal filed by: Plaintiff/Petitioner __X__  Defendant/Respondent ____  Other: ____

Appeal from:         1240 Order

Other information:    Sealed 284, 285, 288, 293, 294, 299, 303-313, 315-318, 320-329, 331-337

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___, filed on ___5/18/2012___.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___.

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption: _____ United States of America v. Gary Lee Sampson    Page 5

District Court Number: 01-cr-10384 _____

Fee:    Paid?  Yes ____  No ____    Government filer __X__  *In Forma Pauperis* Yes ____  No ____

| Motions Pending | Yes _X_ No ____ | Sealed documents | Yes _X_ No ____ |
| *If yes, document #* | 1168, 1171, 1177 | *If yes, document #* | 376, 339-343, 347 |

| *Ex parte* documents | Yes ____ No _X_ | Transcripts | Yes _X_ No ____ |
| *If yes, document #* | | *If yes, document #* | 794-796, 799, 801 |

Notice of Appeal filed by: Plaintiff/Petitioner __X__  Defendant/Respondent ____  Other: ____

Appeal from:          1240 Order

Other information:    Sealed  348, 351-354, 356-367, 369-375, 377,378, 380, 381, 384, 387-389

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:
  Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # __1241__ , filed on __5/18/2012__ .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __5/21/2012__ .

SARAH ALLISON THORNTON
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:                    United States of America v. Gary Lee Sampson        Page 6

District Court Number: 01-cr-10384

Fee:    Paid?  Yes ____ No ____ Government filer __×__ *In Forma Pauperis* Yes ____ No ____

Motions Pending        Yes __×__ No ____          Sealed documents        Yes __×__ No ____
*If yes, document #*    1183, 1185, 1189          *If yes, document #*    391, 394, 401-416

*Ex parte* documents    Yes ____ No __×__          Transcripts            Yes __×__ No ____
*If yes, document #*    _____          *If yes, document #*    802, 804, 812, 815

Notice of Appeal filed by: Plaintiff/Petitioner __×__ Defendant/Respondent ____ Other: ____

Appeal from:        1240 Order

Other information:        Sealed  418, 419, 423, 424, 426, 427-431, 439, 440, 437, 438, 442, 446, 448

    I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

    Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___, filed on ___5/18/2012___.

    In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___.

                                                        SARAH ALLISON THORNTON
                                                        Clerk of Court

                                                        /s/ Jeanette Ramos
                                                        Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

**Case Caption:** United States of America v. Gary Lee Sampson   Page 7

**District Court Number:** 01-cr-10384

**Fee:** Paid? Yes \_\_\_\_ No \_\_\_\_ Government filer **X** *In Forma Pauperis* Yes \_\_\_\_ No \_\_\_\_

| | | | |
|---|---|---|---|
| **Motions Pending** | Yes **X** No \_\_\_\_ | Sealed documents | Yes **X** No \_\_\_\_ |
| *If yes, document #* | 1191, 1193, 1195 | *If yes, document #* | 449, 453, 454 |
| *Ex parte* documents | Yes \_\_\_\_ No **X** | Transcripts | Yes **X** No \_\_\_\_ |
| *If yes, document #* | | *If yes, document #* | 818, 825, 880, 999 |

Notice of Appeal filed by: Plaintiff/Petitioner **X**, Defendant/Respondent \_\_\_\_ Other: \_\_\_\_

**Appeal from:** 1240 Order

**Other information:** Sealed 456-458, 462, 463, 467, 469, 472, 473, 476-479, 481, 487-493

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # \_\_1241\_\_ , filed on \_\_5/18/2012\_\_ .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on \_\_5/21/2012\_\_ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:                    United States of America v. Gary Lee Sampson      Page 8

District Court Number: 01-cr-10384

Fee:    Paid?   Yes ____   No ____   Government filer ___ X ___   *In Forma Pauperis* Yes ____   No ____

| | | | |
|---|---|---|---|
| **Motions Pending** | Yes __X No ____ | **Sealed documents** | Yes __X No ____ |
| *If yes, document #* | 1197, 1199, 1201 | *If yes, document #* | 495-497, 500-502 |
| *Ex parte* documents | Yes ____ No __X | **Transcripts** | Yes __X No ____ |
| *If yes, document #* | | *If yes, document #* | 1004, 1026, 1110 |

Notice of Appeal filed by: Plaintiff/Petitioner ___ X   Defendant/Respondent ____   Other: ____

Appeal from:        1240 Order

Other information:    Sealed  504, 507, 507, 514-516, 519-521, 522-524, 542, 543, 546, 549, 551

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___ 1241 ___ , filed on  5/18/2012 ___ .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __ 5/21/2012 __ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

#### ABBREVIATED ELECTRONIC RECORD

Case Caption:                    United States of America v. Gary Lee Sampson    Page 9

District Court Number: 01-cr-10384

Fee:    Paid?  Yes ____  No ____  Government filer __X__  *In Forma Pauperis* Yes ____  No ____

Motions Pending    Yes __X__ No ____          Sealed documents    Yes __X__ No ____
*If yes, document #*  1235                    *If yes, document #*   552, 553, 555

*Ex parte* documents  Yes ____ No __X__       Transcripts          Yes __X__ No ____
*If yes, document #*                          *If yes, document #*   1111, 1113

Notice of Appeal filed by: Plaintiff/Petitioner __X__  Defendant/Respondent ____  Other: ____

Appeal from:           1240 Order

Other information:     Sealed 556-559, 561, 562, 567, 575, 576, 578-581, 605, 606, 608, 609, 614

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___ , filed on ___5/18/2012___ .

In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:                    United States of America v. Gary Lee Sampson    Page 10

District Court Number: 01-cr-10384

Fee:    Paid?   Yes ____ No ____   Government filer __X__ *In Forma Pauperis* Yes ____ No ____

Motions Pending    Yes ____ No __X__          Sealed documents    Yes __X__ No ____
*If yes, document #* _____          *If yes, document #*   615, 617, 621,

*Ex parte* documents  Yes ____ No __X__      Transcripts          Yes ____ No __X__
*If yes, document #* _____          *If yes, document #* _____

Notice of Appeal filed by: Plaintiff/Petitioner __X__  Defendant/Respondent ____  Other: ____

Appeal from:        1240 Order

Other information:    Sealed 622, 623, 624, 626-628, 633, 634, 636, 637, 638, 643, 652, 655, 658

I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # __1241__, filed on __5/18/2012__.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __5/21/2012__.

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

## CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:      United States of America v. Gary Lee Sampson    Page 11

District Court Number: 01-cr-10384

Fee:   Paid?   Yes ____ No ____   Government filer __×__ *In Forma Pauperis* Yes ____ No ____

Motions Pending    Yes ____ No _×_      Sealed documents    Yes _×_ No ____
*If yes, document #* _____      *If yes, document #*   662-664, 672

*Ex parte* documents   Yes ____ No _×_      Transcripts    Yes ____ No _×_
*If yes, document #* _____      *If yes, document #* _____

Notice of Appeal filed by: Plaintiff/Petitioner __×__   Defendant/Respondent ____   Other: ____

Appeal from:      1240 Order

Other information:      Sealed 675, 683, 685-690, 704, 746-753, 759-761, 798

        I, Sarah Allison Thornton, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

   Notice of Appeal, 1240 Order

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal, document # ___1241___ , filed on ___5/18/2012___ .

    In testimony whereof, I hereunto set my hand and affix the seal of this Court on ___5/21/2012___ .

**SARAH ALLISON THORNTON**
Clerk of Court

/s/ Jeanette Ramos
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

APPEAL,STAYED,VICTIM

# United States District Court
# District of Massachusetts (Boston)
# CRIMINAL DOCKET FOR CASE #: 1:01–cr–10384–MLW All Defendants

Case title: USA v. Sampson
 Related  Case:  1:09–cv–10762–MLW

Date Filed: 10/25/2001
Date Terminated: 01/29/2004

Assigned to: Chief Judge Mark L. Wolf

Appeals court case number: 04–6001 First Circuit COA

**Defendant (1)**

**Gary Lee Sampson**
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808
*TERMINATED: 01/29/2004*

represented by **David A. Ruhnke**
Ruhnke &Barrett
47 Park Street
Montclair, NJ 07042
973–744–1000
*TERMINATED: 07/06/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Miriam Conrad**
Federal Public Defender Office
51 Sleeper Street
Fifth Floor
Boston, MA 02210
617–223–8061
Fax: 617–223–8080
Email: miriam_conrad@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community
Defender Appointment*

**Robert L. Sheketoff**
One McKinley Square
Boston, MA 02109
617–367–3449
Fax: 617–723–1710
Email: sheketoffr@aol.com
*TERMINATED: 01/29/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

1

**Susan Katherine Marcus**
Susan K. Marcus, Esq.
3 Fort Mason
San Francisco, CA 94123
917–207–8774
Fax: 888–291–2078
Email: susankmarcus@gmail.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**William E. McDaniels**
Williams &Connolly, LLP
725 12th Street, NW
Washington, DC 20005
202–434–5000
Fax: 202–434–5029
Email: wmcdaniels@wc.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Elizabeth L. Prevett**
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street
5th Floor
Boston, MA 02210
617–223–8061
Fax: 617–233–8080
Email: liz_prevett@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**J. Martin Richey**
Federal Public Defender Office
District of Massachusetts
51 Sleeper Street
5th Floor
Boston, MA 02210
617–223–8061
Fax: 617–223–8080
Email: martin_richey@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Jennifer G. Wicht**
Williams &Connolly LLP

2

725 12th Street, N.W.
Washington, DC 20005
202–434–5000
Fax: 202–434–5029
Email: jwicht@wc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Thomas P. Windom**
Williams &Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005
202–434–5000
Email: twindom@wc.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:2119(3) Carjacking resulting in death (18:2119.F) (1–2) | |
| 18:2113(3) Carjacking Resulting in Death (18:2119.F) (1s–2s) | |
| 18:2119(3) Carjacking Resulting in Death (18:2119.F) (1ss–2ss) | Court sentences the defendant to death on both counts and .00 special assessment fee. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Interested Party**

**Richard M. Flynn**

3

*Commissioner of the State of New Hampshire*
*TERMINATED: 01/29/2004*

---

**Interested Party**

| | | |
|---|---|---|
| **Globe Newspaper Company, Inc.** *TERMINATED: 01/29/2004* | represented by | **Anthony E. Fuller** Collora LLP 600 Atlantic Avenue, 12th Floor Boston, MA 02210 617−371−1000 Fax: 617−371−1037 Email: afuller@collorallp.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Jonathan M. Albano** Bingham McCutchen LLP 150 Federal Street Boston, MA 02110 617−951−8000 Fax: 617−951−8736 Email: jonathan.albano@bingham.com *LEAD ATTORNEY* |

---

**Notice**

| | | |
|---|---|---|
| **Pretrial Services** | represented by | **Pretrial Services** US Pretrial Services 1 Courthouse Way Boston, MA 02210 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

---

**Intervenor**

| | | |
|---|---|---|
| **Hearst−Argyle Television** *TERMINATED: 01/29/2004* | represented by | **Steven J. Comen** Goodwin Procter, LLP Exchange Place 53 State Street Boston, MA 02109 617−570−1660 Fax: 617−523−1231 Email: scomen@goodwinprocter.com *LEAD ATTORNEY* |

---

**Plaintiff**

| | |
|---|---|
| **USA** | represented by |

4

**Frank M. Gaziano**
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210
617–748–3100
Fax: 617–748–3963
*TERMINATED: 11/15/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**George W. Vien**
Donnelly, Conroy &Gelhaar, LLP
One Beacon Street
33rd Floor
Boston, MA 02108
617–720–2880
Fax: 617–720–3554
Email: gwv@dcglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A. Wortmann , Jr.**
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02110
617–748–3207
Fax: 617–748–3963
Email: john.wortmann@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark T. Quinlivan**
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210
617–748–3606
Fax: 617–748–3969
Email: mark.quinlivan@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary R. Hafer**
United States Attorney's Office
1 Courthouse Way
Boston, MA 02210
617–748–3106
Email: zachary.hafer@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/24/2001 | 2 | | MOTION by USA , as to Gary Lee Sampson to seal/impound , filed. (cmg) (Entered: 10/25/2001) |
| 10/24/2001 | | | Mag. Judge Joyce L. Alexander . ENDORSED ORDER as to Gary Lee Sampson : granting [2–1] motion to seal/impound as to Gary Lee Sampson (1). (cmg) (Entered: 10/25/2001) |
| 10/24/2001 | 3 | | MOTION by USA , as to Gary Lee Sampson to unseal [1–1] indictment in , filed. (sealed) (Entered: 10/25/2001) |
| 10/24/2001 | | | Mag. Judge Marianne B. Bowler . ENDORSED ORDER as to Gary Lee Sampson : granting [3–1] motion to unseal [1–1] indictment in as to Gary Lee Sampson (1). (sealed) (Entered: 10/25/2001) |
| 10/24/2001 | | | Indictment unsealed as to Gary Lee Sampson . (sealed) (Entered: 10/25/2001) |
| 10/25/2001 | 1 | | SEALED INDICTMENT returned as to Gary Lee Sampson (1) count(s) 1–2 . (cmg) (Entered: 10/25/2001) |
| 10/25/2001 | | | Judge Mark L. Wolf Referral to Mag. Judge Robert B. Collings as to Gary Lee Sampson . Purpose: pretrial (cmg) (Entered: 10/25/2001) |
| 10/26/2001 | | | Arrest warrant issued as to Gary Lee Sampson . (ktb) (Entered: 10/29/2001) |
| 10/26/2001 | 27 | | Mag. Judge Robert B. Collings . CJA appointment for Gary Lee Sampson Attorney appointed David Ruhnke (ktb) (Entered: 12/13/2001) |
| 10/26/2001 | 28 | | Mag. Judge Robert B. Collings. CJA appointment for Gary Lee Sampson, Attorney Robert Sheketoff appointed. (received for docketing 12/11/01) (ktb) (Entered: 12/13/2001) |
| 10/29/2001 | | | CASE NO LONGER REFERRED TO Mag. Judge Robert B. Collings. (ktb) (Entered: 10/29/2001) |
| 10/29/2001 | | | Case is no longer referred to Magistrate Judge Collings. (ktb) (Entered: 10/29/2001) |
| 10/29/2001 | 4 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : Deft Gary Lee Sampson shall promptly cause retained counsel to file an appearance in this case or request the appointment of counsel upon request by a deft indicted for a capital crime. The Federal Public Defender shall promptly recommend at least two attorneys for possible appointment to represent Sampson. See 18 U.S.C. 3005....A hearing will be held on 11/5/01 at 2:15 p.m. to: a) conduct an initial appearance pursuant to F.R.Crim.P.5. b) Address any issues concerning the appointment of counsel. See 18 U.S.C. 3005. c) Conduct an arraignment pursuant to Federal Rule of Criminal Procedure 10. (d) Address the question of whether deft should be detained pending trial. See Fed. R. Crim. 46 and 18: U.S.C. 3141 et seq. e) Determine whether deft wishes to waive his right to automatic discovery and, if not, to discuss any forseeable issues concerning discovery. Counsel shall during the pendency of this case comply with, among others, Rule 83.2A of the Local Rules of the United States District Court for the District of Massachusetts, which relates to the Release of Information of Attorneys. set hearing for 2:15 11/5/01 for Gary Lee Sampson . (ktb) Modified on 11/06/2001 (Entered: 10/29/2001) |

| 10/30/2001 | | | WRIT of Habeas Corpus ad Prosequendum issued as to Gary Lee Sampson for 11/5/01 at 2:15 p.m. (ktb) (Entered: 11/02/2001) |
|---|---|---|---|
| 11/01/2001 | 5 | | Letter to Judge Wolf (non–motion) filed as to Gary Lee Sampson dated: 10/30/01 from Owen Walker, FILED. (ktb) (Entered: 11/02/2001) |
| 11/05/2001 | | | Initial appearance as to Gary Lee Sampson held (Defendant informed of rights.) (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | | | Arraignment as to Gary Lee Sampson held Gary Lee Sampson (1) count(s) 1–2 . (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | 7 | | Judge Mark L. Wolf. CLERK'S NOTES as to Gary Lee Sampson, re: Initial Appearance/Arraignment; Court advises the deft of his right to remain silent, right to counsel (2 attys under 18:3005) Deft indicates that he would like to have counsel appointed. Deft submits financial affidavit to court– marked Exhibit 1. Letter submitted by Owen Walker at Fed. Defender Office marked as Exhibit 2; Martindale–Hubble bio of Robert Sheketoff marked as Exhibit 3. Court appoints Attys Sheketoff and Robinson as counsel for Deft. Court takes under advisment whether to appoint Atty Paige subject to written motion to be filed by deft. Deft takes the stand and is sworn in. Indictment returned for deft. Deft pleads not guilty to counts 1 and 2. Pleas are entered. Parties to report by 12:00 noon on 11/7/01 as to any agreement as to detention; if necessary hearing to be held on 11/8/01 at 10:00 or 11/9/01 at 10:00 a.m. Court Reporter: Twomey (ktb) Modified on 04/15/2002 (Entered: 11/06/2001) |
| 11/05/2001 | 8 | | Exhibit and Witness List, of hearing held on 11/5/01, filed. (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | 9 | | NOTICE of Appearance of counsel for Gary Lee Sampson , by Attorney David A. Ruhnke. (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | 10 | | NOTICE of Appearance of counsel for Gary Lee Sampson by Attorney Robert Sheketoff, FILED. (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | 11 | | ARREST warrant returned executed as to Gary Lee Sampson on 11/5/01 . (ktb) (Entered: 11/06/2001) |
| 11/05/2001 | | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Initial Appearance as to Gary Lee Sampson held on 11/5/2001 Please note...this event was re–entered to correct statistical error. (Catino, Theresa) (Entered: 01/07/2004) |
| 11/06/2001 | 6 | | Judge Mark L. Wolf. ORDER entered as to Gary Lee Sampson : For the reasons described in court on 11/5/01, it is hereby ORDERED that: Pursuant to 18:U.S.C. 3005 and 21: 848(q) (4) 9A) &(5), David Ruhnke, Esq. and Robert Sheketoff, Esq. are appointed as counsel for deft Gary Lee Sampson. Sampson may file a motion seeking to establish "exceptional circumstances and good cause" for the appointment as additional counsel, at no cost to federal gov't, of Stephanie Paige, Esq. of the Mass. Committee for Public Counsel Services, who has been previously appointed to represent Sampson in the Massachusetts cases arising out of the alleged events which have generated this case. See Admin. Office of U.S. Courts, 7 Guide to Judiciary Polices and Procedures, ch. VI, para. 6.01(A)(1). Sampson shall by 11/7/01 at 12:00 noon, report in writing whether he wishes to waive his right to a detention hearing pursuant to |

7

| | | | |
|---|---|---|---|
| | | | 18:3142(f) and agree to his detention during the pendency of this case pursuant to 18:3142(i)(2)–(4). If Sampson does not waive his right to a detention hearing, that hearing will commence on 11/9/01 at 9:30 a.m., unless Sampson requests a postponement because of the unavailability of his counsel or for other good cause. In any event, if the charges brought by the Commonwealth of Massachusetts on which Sampson was being held on 11/5/01 are dismissed, he shall be arrested and, as requested by the gov't temporarily detained in this case pursuant to the federal arrest warrant issued on 10/26/01. See 18:3142(f). As Sampson has stated that no waiver will be filed, the gov't shall, by 11/20/01, produce to Sampson the automatic discovery required by Rules 116.1(C) and 116.2(B) of the Local Rules of the U.S.D.C. of the District of Massachusetts. Sampson shall, by 12/3/01, produce to the gov't the material required by Local Rule 116.1(D). Counsel shall meet to discuss the possiblility of agreeing to the prompt production of additional discovery and, by 12/4/01, report, jointly of possible, the results of that effort. The report(s) shall describe any agreement that has been reached and the respective positions of the parties on any disputed issues. Counsel for Sampson shall, by 12/4/01, file, ex parte and under seal, a proposed litigation budget that represents their "best preliminary estimate...of the costs of all services (counsel), expert, investigative, and other) likely to be needed" before the Attorney General decides whether to seek the dealth penalty in this case...A scheduling conference will be held on 12/7/01 at 3:00 p.m. cc/cl. (ktb) (Entered: 11/06/2001) |
| 11/07/2001 | 12 | | STATUS REPORT by Gary Lee Sampson stating that he does not intend to oppose the gov't's motion for detention at this time, and should circumstances change, he will file a motion requesting a hearing on the matter of continued detention, FILED, c/s. (ktb) (Entered: 11/07/2001) |
| 11/07/2001 | 13 | | Judge Mark L. Wolf. ORDER entered as to Gary Lee Sampson: Deft Gary Lee Sampson has reported that he does not oppose the gov'ts oral motion that he be detained pending trial. Accordingly, that motion is hereby ALLOWED without prejudice to Sampson's right to request in the future a detention hearing pursuant to 18:4142(f). Therefore, it it hereby ORDERED, pursuant to 18:3142(I), that: Sampson is committed to the custody of the Atty General of the U.S. for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentencing or being held in custody appending appeal. Sampson shall be afforded reasonable oppurtunity to consult with his counsel. In order of a court of the United States or on request by an attorney for the Government, the person in change of the corrections facility in which Sampson is confined shall deliver him to a United States Marshal for the purpose of an appearance in connection with any court proceeding. cc/cl. (ktb) (Entered: 11/07/2001) |
| 11/09/2001 | 14 | | Response by USA to Uniform Order on Automatic Discovery as to Gary Lee Sampson, filed. (ktb) (Entered: 11/09/2001) |
| 11/14/2001 | 15 | | MOTION by Gary Lee Sampson for David A. Ruhnke to appear pro hac vice , filed, c/s. (ktb) (Entered: 11/14/2001) |
| 11/14/2001 | 16 | | Certificate of Good Standing in support of Motion to Appear Pro Hac Vice, FIled. (ktb) (Entered: 11/14/2001) |
| 11/14/2001 | 17 | | MOTION by Gary Lee Sampson for appointment of Stephanie Page , filed, c/s. (ktb) (Entered: 11/14/2001) |

| 12/04/2001 | 18 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/04/2001) |
|---|---|---|---|
| 12/04/2001 | 19 | | JOINT MOTION by USA and Gary Lee Sampson Regarding Discovery Status , filed, c/s. (ktb) (Entered: 12/04/2001) |
| 12/05/2001 | 20 | | MOTION by Gary Lee Sampson for transfer from his present place of confinement to the Wyatt Detention Center , filed, c/s. (ktb) (Entered: 12/05/2001) |
| 12/06/2001 | 22 | | RESPONSE by USA as to Gary Lee Sampson re: [20−1] motion for transfer from his present place of confinement to the Wyatt Detention Center, filed, c/s. (ktb) (Entered: 12/06/2001) |
| 12/07/2001 | 23 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/11/2001) |
| 12/07/2001 | | | Status conference as to Gary Lee Sampson held. (ktb) (Entered: 12/11/2001) |
| 12/07/2001 | 24 | | Judge Mark L. Wolf . CLERK'S NOTES as to Gary Lee Sampson , ; granting [15−1] motion for David A. Ruhnke to appear pro hac vice as to Gary Lee Sampson (1)granting [17−1] motion for appointment of Stephanie Page as to Gary Lee Sampson (1); Deft's motion to transfer to Wyatt Detention Center is withdrawn by deft. Court instructs parties that all furture requests must be made to the US Marshals first. Deft asks that all time between today until USAG makes a decision with regard to the penalty or deft served with notice − allowed by court. All time until USAG issues notice authorizing the dealth penalty or deft advised USA will not seek dealth penalty is excluded. Court orders deft to memorialize request to exclude time and file it by December 18, 2001. Parties to file status report by 1/31/02. Court Reporter: Twomey (ktb) (Entered: 12/11/2001) |
| 12/10/2001 | 25 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : withdrawing [20−1] motion for transfer from his present place of confinement to the Wyatt Detention Center as to Gary Lee Sampson (1), Status report from parties due on 1/31/02 . As agreed by counsel, all time from 12/8/01 until the Attorney General either issues a notice of intention to request the dealth penalty or announces his intention not to do so shall be excluded for the purposes of Speedy Trial Act, 18:3161...Sampson shall, by 12/18/01, file a written statement confirming thst he concurs in the foregoing exclusion of time for Sppedy Trial Act purposes. cc/cl. . (ktb) (Entered: 12/11/2001) |
| 12/10/2001 | 26 | | SEALED DOCUMENT as to Gary Lee Sampson, filed. (ktb) (Entered: 12/11/2001) |
| 12/18/2001 | 29 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/18/2001) |
| 12/18/2001 | 30 | | Letter dated 12/18/01 (non−motion) to Clerk of court Tony Anastas filed by David A. Ruhnke enclosing the supplemental budget requested by Judge Wolf, a proposed order regarding interim payments and informing that the order regarding excludable time pursuant to the Speedy Trial Act will be filed under separate cover by the end of the day on 12/18/01, FILED. cc/cnsl.dated: 12/18/01 (ktb) (Entered: 12/18/2001) |
| 12/18/2001 | | | |

| | | | |
|---|---|---|---|
| | | | Proposed Order regarding interim payments to cousel by David A. Ruhnke, Esq. for Gary Lee Sampson received for filing. (ktb) (Entered: 12/18/2001) |
| 12/18/2001 | | | Proposed Order Excluding Time Pursuant to the Speedy Trial Act by Gary Lee Sampson received for filing. (ktb) (Entered: 12/18/2001) |
| 12/24/2001 | 31 | | Judge Mark L. Wolf . ORDER ON EXCLUDABLE DELAY entered as to Gary Lee Sampson. Time ordered excluded from 12/7/01 to and including the date on which the United States (1) advises Deft that the Attorney General of the U.S. has determined not to authorize this case for capital prosecution or (2) serves upon deft a notice of aggravating factors, as required by 18:3593(a), is hereby deemed excludable within the meaining of Speedy trial Act of 1975, 18:3161–3174...cc/cl. (ktb) (Entered: 12/26/2001) |
| 01/30/2002 | 32 | | JOINT MOTION by Gary Lee Sampson and the United States of America Regarding Status of Case , filed, c/s. (ktb) (Entered: 01/30/2002) |
| 02/08/2002 | 33 | | Judge Mark L. Wolf. ORDER AND MEMORANDUM TO ALL COUNSEL APPOINTED UNDER THE CRIMINAL JUDTICE ACT (CJA), entered as to Gary Lee Sampson: cc/cl. (ktb) (Entered: 02/11/2002) |
| 02/11/2002 | 34 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : The parties shall, by March 22, 2002, update the January 30, 2002 Joint Motion Regarding Status of this case. cc/cl. (ktb) (Entered: 02/13/2002) |
| 02/19/2002 | 35 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 02/19/2002) |
| 02/27/2002 | 36 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 02/27/2002) |
| 02/27/2002 | 37 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 03/11/2002) |
| 03/05/2002 | 38 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 03/11/2002) |
| 03/22/2002 | 39 | | JOINT MOTION by Gary Lee Sampson Regarding Status of the Case , filed, c/s. (ktb) (Entered: 03/22/2002) |
| 03/25/2002 | | | Judge Mark L. Wolf . ENDORSEMENT as to Gary Lee Sampson , re: [39–1] joint motion Regarding Status of the Case. "The parties shall, by April 30, 2002 file a further status." cc/cl. (ktb) (Entered: 03/25/2002) |
| 04/02/2002 | 40 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/14/2002) |
| 04/10/2002 | 41 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 04/11/2002) |
| 04/23/2002 | 42 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 04/24/2002) |
| 04/30/2002 | 43 | | JOINT MOTION by USA and Gary Lee Sampson regarding status of the case , filed, c/s. (ktb) (Entered: 05/01/2002) |
| 05/01/2002 | 44 | | Judge Mark L. Wolf. In view of the information in the April 30, 2002 Joint |

|  |  |  |  |
|---|---|---|---|
|  |  |  | Motion Regarding Status of the Case, it is hereby ORDERED that the parties shall, by June 1, 2002, file another joint status report, entered as to Gary Lee Sampson (ktb) (Entered: 05/03/2002) |
| 05/21/2002 | 45 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/21/2002) |
| 05/23/2002 | 46 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/23/2002) |
| 05/23/2002 | 47 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/23/2002) |
| 05/28/2002 | 48 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/30/2002) |
| 05/28/2002 | 49 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/30/2002) |
| 05/28/2002 | 50 |  | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/30/2002) |
| 05/31/2002 | 51 |  | Joint MOTION by Deft and USA as to Gary Lee Sampson regarding status of case , filed, c/s. (ktb) Modified on 05/31/2002 (Entered: 05/31/2002) |
| 06/05/2002 | 52 |  | SUPERSEDING INDICTMENT returned as to Gary Lee Sampson (1) count(s) 1s–2s . (cmg) (Entered: 06/05/2002) |
| 06/06/2002 | 53 |  | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : A superseding indictment was returned on June 5, 2002. It is hereby ORDERED that an arraignment and status conference will be conducted on June 12, 2002 at 3:30 p.m. cc/cl. (ktb) (Entered: 06/07/2002) |
| 06/14/2002 |  |  | Arraignment as to Gary Lee Sampson held Gary Lee Sampson (1) count(s) 1s–2s . (ktb) (Entered: 06/17/2002) |
| 06/14/2002 |  |  | PLEA entered by Gary Lee Sampson . Court accepts plea. Not Guilty: , Gary Lee Sampson (1) count(s) 1s–2s (ktb) (Entered: 06/17/2002) |
| 06/14/2002 | 54 |  | Judge Mark L. Wolf . CLERK'S NOTES as to Gary Lee Sampson , re: Arraignment on SS Indictment; Deft waives the reading of the indictment; Deft pleads not guilty to Count One and Two of the SS Indictment. Court directs the clerk to enter the deft's pleas of not guilty. Parties are ordered to file joint status report by July 31, 2002 regarding the status of the case. Court Reporter: Twomey (ktb) (Entered: 06/17/2002) |
| 06/14/2002 |  |  | Arraignment as to Gary Lee Sampson held . (ktb) (Entered: 06/27/2002) |
| 06/14/2002 |  |  | PLEA entered by Gary Lee Sampson . Court accepts plea. Not Guilty: Gary Lee Sampson (1) count(s) 1s–2s (ktb) (Entered: 06/27/2002) |
| 06/14/2002 | 57 |  | Judge Mark L. Wolf . CLERK'S NOTES as to Gary Lee Sampson , ; Arraignment on the SS Indictment. Court Reporter: Twomey (ktb) (Entered: 06/27/2002) |
| 06/17/2002 | 56 |  | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : In view of the information presented in the June 1, 2002 Joint Motion Regarding Status of the |

11

| | | | |
|---|---|---|---|
| | | | Case and the June 14, 2002 arraignment of the deft on the Superseding Indictment, it is hereby ORDERED that the parties shall, by July 31, 2002, file another joint status report. cc/cl. (ktb) (Entered: 06/26/2002) |
| 06/24/2002 | 55 | | MOTION by Gary Lee Sampson for order enjoining gov't counsel, including US Atty Michael Sullivan, from further violations of Local Rule 83.2A, governing release of information by attorneys and for such other relief as the court may deem proper , FILED, c/s , filed. (ktb) (Entered: 06/24/2002) |
| 06/26/2002 | 61 | | Return of Criminal Subpoenas Returned executed as to Keeper of Records Plymouth Police Department, FILED. (ktb) Modified on 08/20/2002 (Entered: 07/10/2002) |
| 06/26/2002 | 87 | | SEALED DOCUMENT, filed. (ktb) (Entered: 08/20/2002) |
| 06/26/2002 | 88 | | Return of Criminal Subpeona Returned Executed as to the Keeper of Records New Hampshire Dept. of Safety on 6/25/02, with SEALED DOCUMENTS attached, FILED. (ktb) (Entered: 08/20/2002) |
| 06/26/2002 | 89 | | SEALED DOCUMENTS as to Gary Lee Sampson, filed. (ktb) (Entered: 08/20/2002) |
| 06/27/2002 | 58 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 06/27/2002) |
| 06/27/2002 | 59 | | Judge Mark L. Wolf . MEMORANDUM AND ORDER as to Gary Lee Sampson: (ktb) (Entered: 07/01/2002) |
| 07/03/2002 | 64 | | Letter (non−motion) to Dennis O'Leary from Sgt. Peter M. Flynn, from the Town of Plymouth Police Dept, filed with attached subpoena, FILED. (ktb) (Entered: 07/12/2002) |
| 07/03/2002 | 60 | | SEALED DOCUMENT, filed. (ktb) (Entered: 08/20/2002) |
| 07/09/2002 | 62 | | MOTION by Commissioner, Richard Flynn to extend time to August 8, 2002 to respond tp subpoena duces tecum , filed, c/s. (ktb) Modified on 08/15/2002 (Entered: 07/10/2002) |
| 07/09/2002 | 63 | | AFFIDAVIT of Sheri Kelloway, filed. (ktb) (Entered: 07/10/2002) |
| 07/12/2002 | 65 | | RESPONSE by USA as to Gary Lee Sampson in opposition to [55−1] motion for order enjoining gov't counsel, including US Atty Michael Sullivan, from further violations of Local Rule 83.2A, governing release of information by attorneys and for such other relief as the court may deem proper , filed, c/s. (ktb) (Entered: 07/12/2002) |
| 07/17/2002 | 66 | | MOTION by Gary Lee Sampson for order allowing deft to File this Reply to the Gov't's Opposition to Deft's Motion to Enjoin , FILED, c/s. (ktb) (Entered: 07/17/2002) |
| 07/19/2002 | 67 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 07/19/2002) |
| 07/19/2002 | 69 | | Return of Criminal Subpoena Returned Executed as to Keeper of the Records, Connecticut Dept. of Corrections on 6/24/02, FILED. (ktb) Modified on 08/20/2002 (Entered: 07/26/2002) |

| 07/24/2002 | 68 | | SEALED DOCUMENT, filed. (ktb) (Entered: 07/24/2002) |
|---|---|---|---|
| 07/30/2002 | 70 | | Joint STATUS REPORT by Gary Lee Sampson, USA , filed. (eaf) (Entered: 07/31/2002) |
| 08/05/2002 | 71 | | MOTION by Gary Lee Sampson to withdraw [0–0] plea Not Guilty: , Gary Lee Sampson (1) count(s) 1s–2s and to plead guilty to both counts of the indictment , filed. (eaf) (Entered: 08/07/2002) |
| 08/05/2002 | | | Judge Mark L. Wolf . ENDORSEMENT as to Gary Lee Sampson , re: [71–1] motion to withdraw [0–0] plea Not Guilty: , Gary Lee Sampson (1) count(s) 1s–2s. "This motion is hereby temprarily SEALED. Deft shall promptly file a statement concerning whether he wants this submission, which could arguably affect jury empanelment, if this motion is not granted, made part of the public record. If so the gov't shall then respond promptly concerning the issue of impoundment. cc/cl. (ktb) (Entered: 08/08/2002) |
| 08/06/2002 | 75 | | Statement of Defense Counsel Regarding Impoundment of Motion to Withdraw previoulsy entered pleas of not guilty and to plead guilty to both counts of the indictment, filed. (ktb) (Entered: 08/08/2002) |
| 08/06/2002 | 76 | | Judge Mark L. Wolf. ORDER entered as to Gary Lee Sampson: The Court is informed that neither the deft Gary Sampson nor the gov't requests that deft's 8/5/02 Motion to Withdraw Previously–Entered Pleas of Not Guilty and to Plead Guilty to Both Counts of the Indictment (the "Motion" be sealed. In addition, some members of the media properly obtained copies of the Motion before the court temporarily sealed it earlier today. Accordingly, it is hereby ORDERED that the Motion is UNSEALED. cc/cl. (ktb) (Entered: 08/08/2002) |
| 08/07/2002 | 72 | | Reply by USA to [71–1] motion to withdraw [0–0] plea Not Guilty: Gary Lee Sampson (1) count(s) 1s–2s (ktb) (Entered: 08/08/2002) |
| 08/08/2002 | 73 | | MOTION by Richard M. Flynn as to Gary Lee Sampson to extend time in which to respond to subpeona duces tecum , filed. c/s. (ktb) (Entered: 08/08/2002) |
| 08/08/2002 | 74 | | SUPERSEDING INDICTMENT returned as to Gary Lee Sampson (1) count(s) 1ss–2ss . (cmg) (Entered: 08/08/2002) |
| 08/08/2002 | | | Judge Mark L. Wolf . ENDORSED ORDER as to Gary Lee Sampson : granting [62–1] motion to extend time to August 8, 2002 to respond tp subpoena duces tecum as to Gary Lee Sampson (1)."Allowed. The movant shall respond to the subpoena by August 8, 2002 as requested on or by August 12, 2002 if necessary." cc/cl. (ktb) (Entered: 08/08/2002) |
| 08/08/2002 | | | Judge Mark L. Wolf . ENDORSED ORDER as to Gary Lee Sampson : denying [73–1] motion to extend time in which to respond to subpeona duces tecum as to Gary Lee Sampson (1). "In view of the 8/19/02 scheduled to be held at the Dept. of Justice, this Motion is hereby DENIED. Movant shall, by 8/12/02, respond to the subpoena by either producing the documents or, if there is a proper basis, filing a motion to quash or limit the subpeona." (ktb) (Entered: 08/08/2002) |
| 08/08/2002 | 77 | | Judge Mark L. Wolf. COURT ORDER RE: SUBPOENAS entered as to Gary Lee Sampson : The court hereby orders that any subpoena served by the deft in this case shall be treated as an order of this Court. The documents described in |

| | | | |
|---|---|---|---|
| | | | the subpoenas are to be produced no later than the date set forth in the subpoena. The Keeper of the Records may comply with the subpoena by voluntarily relinquising the documents to defense counsel without the necessity of a court appearance. A copy of this Order may be attached to any subpoena issued by the deft in this case to notify the recipient of this Order. cc/cl. (ktb) (Entered: 08/09/2002) |
| 08/08/2002 | 78 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : The court has received the attached July 24, 2002 letter from deft Gary Sampson concerning the conditions of this pretrial detention. As Sampson is represented by counsel, all submissions to the court on his behalf should be made by counsel. does not appear, hovever, thqt counsel for Sampson or the gov't were provided a copy of the July 24, 2002 letter. The court does not intend to address the issues raised by that letter unless and until they are presented the issues raised by that letter unless and until they are presented in a submission made by Sampson's counsel... cc/cl. (ktb) (Entered: 08/09/2002) |
| 08/08/2002 | 79 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : .....Accordingly,it is hereby ORDERED that: (1) Deft shall file a memorandum addressing the implications of the Second Superseding Indictment for the Motion. (2). The gov't shall respond to the Motion fourteen days after the filing of deft's memorandum . See Local Rule 7.1. (3). Unless otherwise requested by deft, the court will defer arraigning him on the Second Superseding Indictment until the Motion is fully briefed and any necessary hearing is held. (ktb) Modified on 08/09/2002 (Entered: 08/09/2002) |
| 08/09/2002 | 80 | | MOTION by USA as to Gary Lee Sampson to Dismiss Original Indictment , filed, c/s. (ktb) (Entered: 08/12/2002) |
| 08/13/2002 | 81 | | MOTION by Richard M. Flynn , as to Gary Lee Sampson to quash in part, subpoena dices tecum , filed, c/s. (ktb) (Entered: 08/13/2002) |
| 08/13/2002 | 82 | | MEMORANDUM by Richard M. Flynn as to Gary Lee Sampson in support of [81−1] motion to quash in part, subpoena dices tecum, filed, c/s. (ktb) (Entered: 08/13/2002) |
| 08/13/2002 | 83 | | MOTION by Richard M. Flynn, Cimmissioner of the State of New Hampshire for protective order , filed, c/s. (ktb) (Entered: 08/13/2002) |
| 08/14/2002 | 85 | | SEALED DOCUMENT, filed. (ktb) (Entered: 08/15/2002) |
| 08/15/2002 | 84 | | SEALED DOCUMENT, filed. (ktb) (Entered: 08/15/2002) |
| 08/15/2002 | | | Text not available. (Entered: 08/15/2002) |
| 08/15/2002 | 86 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : The State of New Hampshire's August 13, 002 Motion for a Protective Order (the "Motion") states that deft Gary Sampson's counsel objects to the relief requested. If deft wishes to pursue the production of the subpoenaed documents, he shall file an opposition to the Motion. The State of New Hampshire need not respond further to the subpoena until the Court decides the Motion. As the Motion was served on the gov't as will as the deft, this Order shall be served on counsel for both parties and on counsel for the State of New Hampshire. cc/cl. (ktb) (Entered: 08/16/2002) |
| 08/22/2002 | 90 | | |

14

| | | | |
|---|---|---|---|
| | | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : As Docket Nos. 60,87,and 89 relate to subpeonas that were issue under seal and, to the Court's knowledge, the subpoenaed parties have not disclosed the existence of the subpoenas, they are hereby SEALED. As the docket entry for Docket Number 64 alreqdy revails the existence of the Plymouth Police Department subpoena and Process Receipt and Return (Docket No. 61), Docket 64 shall remain UNSEALED. cc/cl. See Order for details. (Order Scanned 8/22/02) cc/cl. (ktb) (Entered: 08/22/2002) |
| 09/13/2002 | 91 | | Memorandum of Law, with Appendix, in support of deft's motion to enter a plea of guilty to the second superseding indictment, FILED, with exhibits, c/s. (ktb) (Entered: 09/13/2002) |
| 09/24/2002 | 92 | | ASSENTED TO MOTION by USA as to Gary Lee Sampson to extend time to 10/7/02 to respond to Deft's Motion to Enter a Plea of Guilty to the Second Superseding Indicment , filed, c/s. (ktb) (Entered: 09/24/2002) |
| 09/25/2002 | 93 | | SUPPLEMENTAL AUTHORITY by Gary Lee Sampson in support of [71−1] motion to withdraw [0−0] plea Not Guilty: and to entere a plea of guilty as Gary Lee Sampson (1) count(s) 1s−2s (ktb) (Entered: 09/25/2002) |
| 09/25/2002 | | | Judge Mark L. Wolf . ENDORSED ORDER as to Gary Lee Sampson : granting [92−1] motion to extend time to 10/7/02 to respond to Deft's Motion to Enter a Plea of Guilty to the Second Superseding Indicment as to Gary Lee Sampson (1). cc/cl. (ktb) (Entered: 09/30/2002) |
| 09/30/2002 | 94 | | Return of Subpoena executed with attached Medical Record Certification from Massachusetts General Hospital, FILED. (ktb) (Entered: 10/01/2002) |
| 10/04/2002 | 95 | | NOTICE of Appearance of counsel for USA , by Attorney John A. Wortmann Jr. c/s. (ktb) (Entered: 10/07/2002) |
| 10/04/2002 | 96 | | NOTICE of Appearance of counsel for USA , by Attorney Frank M. Gaziano, FILED, c/s. (ktb) (Entered: 10/07/2002) |
| 10/04/2002 | 97 | | MOTION by USA as to Gary Lee Sampson to exceed page limitiation , filed, c/s. (ktb) (Entered: 10/07/2002) |
| 10/04/2002 | 98 | | RESPONSE by USA as to Gary Lee Sampson in opposition to [71−1] motion to withdraw [0−0] plea Not Guilty: , Gary Lee Sampson (1) count(s) 1s−2s, FILED, c/s. (ktb) (Entered: 10/07/2002) |
| 10/07/2002 | 99 | | NOTICE of Appearance of counsel for USA , by Attorney George W. Vien, FILED, c/s (ktb) (Entered: 10/07/2002) |
| 10/16/2002 | 100 | | MOTION by Gary Lee Sampson for leave to file this reply to the gov't's opposition to deft's motion to enter a guilty plea to the second SS Indictment , filed, c/s. (ktb) (Entered: 10/16/2002) |
| 10/30/2002 | 101 | | ASSENTED TO MOTION by Gary Lee Sampson for order of Order Requiring Deft to Supply Blood Samples , filed, c/s. (ktb) (Entered: 10/30/2002) |
| 10/30/2002 | | | Judge Mark L. Wolf . ENDORSED ORDER as to Gary Lee Sampson : granting [101−1] motion for order of Order Requiring Deft to Supply Blood Samples as to Gary Lee Sampson (1). "As this motion is assented to, it is hereby ALLOWED." cc/cl. (ktb) (Entered: 10/31/2002) |

15

| | | | |
|---|---|---|---|
| 10/30/2002 | 102 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : Upon the assented to Motion of the United States for an order directing the deft to furnish a blood sample for proper analysis and comparison by scientific expert during the trial preparqation and trial...The Court finds that there is probable cause to believe that a blood sample taken form the deft could provide relevant evidence on the issues presented in this case. It is hereby ORDERED that the deft submit to removal of a blood sample taken from the deft could provide relevant evidence on the issues presented in this case. cc/cl. (ktb) (Entered: 10/31/2002) |
| 11/19/2002 | 103 | | NOTICE of to seek the death penalty by USA as to Gary Lee Sampson , filed. (sad) (Entered: 11/19/2002) |
| 11/20/2002 | <u>104</u> | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : set status conference for 10:00 12/6/02 for Gary Lee Sampson A scheduling Conference shall be held on 12/6/02 at 10:00 a.m. Counsel shall, by 12:00 noon on 11/26/02, confer and file, jointly if possible, a statement of the issues that they propose be addressed at the scheduling conference,including but not limited to a list of the pending motions that they request be scheduled for hearing and the order in whcih they request that they be resolved. cc/cl. (ktb) (Entered: 11/20/2002) |
| 11/22/2002 | 105 | | MOTION by Richard M. Flynn , as to Gary Lee Sampson for leave to file supplemental opposition to Motion to Enter a Guilty Plea to the Second Superseding Indictment , filed, c/s. (ktb) (Entered: 11/25/2002) |
| 11/26/2002 | 106 | | JOINT MOTION by USA and by Gary Lee Sampson Regarding the 12/6/02 Scheduling Conference , filed, c/s. (ktb) (Entered: 11/26/2002) |
| 12/03/2002 | 107 | | MOTION by USA as to Gary Lee Sampson regarding 12/6/02 scheduling conference , filed, c/s. (ktb) (Entered: 12/06/2002) |
| 12/09/2002 | 108 | | NOTICE issued of Hearing/Conference as to Gary Lee Sampson, Motion hearing set for 10:00 1/3/03 for Gary Lee Sampson for [107−1] motion regarding 12/6/02 scheduling conference, set for 10:00 1/3/03 for Gary Lee Sampson for [106−1] joint motion Regarding the 12/6/02 Scheduling Conference cc/cl. (ktb) (Entered: 12/09/2002) |
| 12/18/2002 | 109 | | Second Submission of Supplemetnal Authority in Support of Deft's Motion to Enter a Plea of Guilty to the Second Superseding Indictment by Gary Lee Sampson FILED, c/s. (ktb) (Entered: 12/19/2002) |
| 12/20/2002 | 110 | | Memorandum Regarding Scheduling and Trial Date by Gary Lee Sampson, FILED, c/s. (ktb) (Entered: 12/20/2002) |
| 12/23/2002 | 111 | | Supplemental Memorandum Regarding Scheduling and Trial Date by Gary Lee Sampson as to Gary Lee Sampson, FILED, c/s (ktb) (Entered: 12/23/2002) |
| 12/23/2002 | 112 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/26/2002) |
| 12/24/2002 | 113 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/26/2002) |
| 12/26/2002 | 114 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 12/26/2002) |

| 01/03/2003 | 115 | | SEALED DOCUMENT filed. (ktb) (Entered: 01/03/2003) |
|---|---|---|---|
| 01/03/2003 | | | Motion hearing as to Gary Lee Sampson re: [71−1] motion to withdraw [0−0] plea Not Guilty: , Gary Lee Sampson (1) count(s) 1s−2s . (ktb) (Entered: 01/06/2003) |
| 01/03/2003 | 116 | | Judge Mark L. Wolf . CLERK'S NOTES as to Gary Lee Sampson , re: Motions Hearing; denying [71−1] motion to withdraw [0−0] plea Not Guilty: , Gary Lee Sampson (1) count(s) 1s−2s as to Gary Lee Sampson (1), set Arraignment for 3:00 1/17/03 for Gary Lee Sampson Parties to submit a proposed schedule for the remainder of the case by Jnuary 14, 2003 Court Reporter: Twomey (ktb) (Entered: 01/06/2003) |
| 01/04/2003 | 117 | | Letter (non−motion) filed by David A. Ruhnke , dated: 1/4/03 to Judge John Koeltl, U.S.D.J. US Courthouse, New York, NY., FILED. (ktb) (Entered: 01/06/2003) |
| 01/06/2003 | 118 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : Deft Gary Sampson's Motion to Withdraw Pleas of Not Guilty and to Plead Guilty to Both Counts of the Indictment (Docket No. 71) is DENIED. Sampson's Motion to Delcare the Federal Death Penalty Act of 1994 Unconstitutional in accord with US v. Fell, 217 F. Supp. 2d 469 (D.Vt. 2002) because of the evidentitary standard set forth in 18:3593(c) is WITHDRAWN. The court will arraign Sampson on the Second Superseding Indictment on 1/17/03 at 3:00 p.m. cc/cl. (ktb) (Entered: 01/06/2003) |
| 01/06/2003 | 119 | | SEALED DOCUMENT, filed. (ktb) (Entered: 01/06/2003) |
| 01/10/2003 | 120 | | Letter (non−motion) by David A. Ruhnke as to Gary Lee Sampson dated 1/10/03 FILED. (ktb) (Entered: 01/17/2003) |
| 01/14/2003 | | | Proposed Joint Pretrial Schedule by Gary Lee Sampson, USA received for filing. (eaf) (Entered: 01/14/2003) |
| 01/17/2003 | | | Arraignment as to Gary Lee Sampson held Gary Lee Sampson (1) count(s) 1ss−2ss . (ktb) (Entered: 01/22/2003) |
| 01/17/2003 | 122 | | Judge Mark L. Wolf . CLERK'S NOTES as to Gary Lee Sampson , re: Arraignment on Deft's Second Superseding Indictment set pretrial motion filing deadline for 4/4/03 for Gary Lee Sampson , Response to motions by 5/2/03 Reply Briefs due by 5/16/03. Court Orders Defense counsel to file a status report indicating when his trial in PA. is over. Court to remove paragraph 11 from the Proposed Scheduling Order. Court excluded all time between 1/17/03 and 4/4/03 upon consent/ Court Reporter: Twomey (ktb) (Entered: 01/22/2003) |
| 01/21/2003 | 121 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 01/22/2003) |
| 01/21/2003 | 123 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : set scheduling conference for 2:30 5/22/03 for Gary Lee Sampson Time between 1/17/03 and 4/4/03 is Ordered Excluded....cc/cl. (ktb) (Entered: 01/22/2003) |
| 01/23/2003 | 124 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 01/23/2003) |
| 01/23/2003 | 125 | | MOTION, with Incorporated Memoramdum of Law, Requesting |

17

| | | | |
|---|---|---|---|
| | | | Reconsideration in the Light of New Authority, of the Court's Decision of Jnauary 3, 2003 by Gary Lee Sampson for reconsideration of [118–1] order , filed, c/s. (ktb) (Entered: 01/23/2003) |
| 01/27/2003 | 126 | | Second Supplemental Memorandum Regarding Scheduling and Trial Date by Gary Lee Sampson, FILED, c.s. (ktb) (Entered: 01/27/2003) |
| 01/29/2003 | 127 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : " The gov't shall, by 2/7/03, respond to deft Gary Lee Sampson's motion to reconsider the 1/6/03 denial of his motion to dismiss." (ktb) (Entered: 01/31/2003) |
| 01/29/2003 | 128 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 02/03/2003) |
| 02/03/2003 | 169 | | RESPONSE by USA as to Gary Lee Sampson in opposition to [125–1] motion for reconsideration of [118–1] order , filed.(ktb) Modified on 02/03/2003 (Entered: 02/03/2003) |
| 02/06/2003 | 129 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 02/06/2003) |
| 02/18/2003 | 130 | | Judge Mark L. Wolf . MEMORANDUM AND ORDER as to Gary Lee Sampson : "...The defendant's motion to withdraw previously entered pleas of not guilty and to plead guilty to both counts of the indictment is DENIED without prejudice. The defendant's motion to declare the Federal Death Penalty Act of 1994 Unconstitutional in accord with USA v. Fell, 217 F.Supp.2d 469(D. Vt. 2002) because the evidentiary standard set forth in 18 U.S.C., Sec. 3593 (c) is WITHDRAWN." cc: all counsel of record. (eaf) (Entered: 02/19/2003) |
| 02/18/2003 | 131 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : denying [125–1] motion for reconsideration of [118–1] order as to Gary Lee Sampson (1) cc: all counsel of record. (eaf) (Entered: 02/19/2003) |
| 03/26/2003 | 132 | | Letter (non–motion) filed by David A. Ruhnke as to Gary Lee Sampson dated: 3/26/03 to clerk re extension, FILED (ktb) (Entered: 03/26/2003) |
| 03/26/2003 | 133 | | Assented To MOTION by Gary Lee Sampson to exclude the time for filing deft's pretrial motions , filed, c/s. (ktb) (Entered: 03/26/2003) |
| 03/27/2003 | 134 | | Letter (non–motion) filed by David A. Ruhnke as to Gary Lee Sampson dated: 3/26/03 re an ext of time to file pretrial motions, FILED. (ktb) (Entered: 03/28/2003) |
| 04/02/2003 | 136 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : granting [133–1] motion to exclude the time for filing deft's pretrial motions as to Gary Lee Sampson (1), set scheduling conference for 2:30 5/22/03 for Gary Lee Sampson Deft shall by4/11/03 file any motions to dismiss or to suppress; gov't shall respond by 5/9/03. cc/cl. (ktb) (Entered: 04/03/2003) |
| 04/04/2003 | 137 | | SEALED DOCUMENT, filed. (ktb) (Entered: 04/07/2003) |
| 04/11/2003 | 138 | | Letter (non–motion) filed by David A. Ruhnke as to Gary Lee Sampson dated: 4/10/03 confirming that the United States was electronically served of the Notice of Pretrial Motions Regarding the Capital Nature of This Case, the Brief in Support of Pre–Trial Motions Regarding the Capital Nature of This Case, |

18

| | | | |
|---|---|---|---|
| | | | Appendix Submitted in Support of Defts's Pre–Trial Motions (ktb) (Entered: 04/14/2003) |
| 04/11/2003 | 140 | | BRIEF by Gary Lee Sampson in Support of Pre–Trial Motions Regarding the Capital Nature of this Case, FILED, c/s. (ktb) (Entered: 04/14/2003) |
| 04/11/2003 | 141 | | Appendix Submitted in Support of Deft's Pretrial Motions by Gary Lee Sampson, FILEDt, c/s. (ktb) (Entered: 04/14/2003) |
| 04/11/2003 | 142 | | Special Appendix Submitted in Support of Deft's Pre–Trial Motions, FILED. (ktb) (Entered: 04/14/2003) |
| 04/11/2003 | 139 | | Notice of MOTION by Gary Lee Sampson Regarding the Capital Nature of this Case , filed, c/s. (ktb) (Entered: 05/15/2003) |
| 04/14/2003 | | | Docket #135 deleted from case as it was docketed in error. It was a duplicate of Docket No. 133 filed on 3/26/03. (ktb) (Entered: 04/14/2003) |
| 04/14/2003 | 143 | | SEALED DOCUMENT, filed. (ktb) (Entered: 04/14/2003) |
| 04/14/2003 | 144 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 04/14/2003) |
| 04/22/2003 | 145 | | Judge Mark L. Wolf . ORDER entered as to Gary Lee Sampson : Sampson shall, by April 25, 2003, state whether he is requesting an evidentiary hearing on Point Three or any ground of his motions and, if so, specify the issues on which he asserts an evidentiary hearing is required... (ktb) (Entered: 04/25/2003) |
| 04/25/2003 | 146 | | Factual Correction Regarding Point Four of Mr. Sampson's Opening Brief by Gary Lee Sampson as to Gary Lee Sampson, Filed, C/S. (ktb) (Entered: 04/25/2003) |
| 04/25/2003 | 147 | | First Supplemental Appendix Submitted In Support of Deft's Pretrial Motions (Filed 4/24/03), FILED, c/s. (ktb) (Entered: 04/25/2003) |
| 04/25/2003 | 148 | | RESPONSE by Gary Lee Sampson to Court's Order of April 22, 2003, filed, c/s. (ktb) (Entered: 04/30/2003) |
| 04/29/2003 | 149 | | SEALED DOCUMENT, filed. (ktb) (Entered: 04/30/2003) |
| 05/05/2003 | 150 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/07/2003) |
| 05/05/2003 | 151 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/07/2003) |
| 05/05/2003 | 155 | | Gov't's Summary of Expert Testimony Expert Testimony, Filed, C/S. (ktb) (Entered: 05/07/2003) |
| 05/06/2003 | 152 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/07/2003) |
| 05/06/2003 | 153 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/07/2003) |
| 05/06/2003 | 154 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/07/2003) |

| 05/07/2003 | 157 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/08/2003) |
| 05/07/2003 | 158 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/08/2003) |
| 05/09/2003 | 159 | | MOTION by USA as to Gary Lee Sampson for leave to file in excess of 20 pages the Gov't's Consolidated Response to Deft's Pretrial Motions Regarding the Federal Death Penalty Act , , filed, c/s. (ktb) (Entered: 05/13/2003) |
| 05/09/2003 | 160 | | Memorandum of Law by USA as to Gary Lee Sampson In Partial Response to Deft's Pretrial Motions and Continuing Claim that "Death is Different.", FILED, c/s. (ktb) (Entered: 05/15/2003) |
| 05/09/2003 | 161 | | CONSOLIDATED RESPONSE by USA as to Gary Lee Sampson re: [139−1] motion Regarding the Capital Nature of this Case , filed. (ktb) (Entered: 05/15/2003) |
| 05/09/2003 | 162 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/09/2003 | 163 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/12/2003 | 164 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/12/2003 | | | Judge Mark L. Wolf . ENDORSED ORDER as to Gary Lee Sampson : granting [159−1] motion for leave to file in excess of 20 pages the Gov't's Consolidated Response to Deft's Pretrial Motions Regarding the Federal Death Penalty Act as to Gary Lee Sampson (1). cc/cl. (ktb) (Entered: 05/15/2003) |
| 05/14/2003 | 165 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/14/2003 | 166 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/14/2003 | 167 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/15/2003 | 168 | | SEALED DOCUMENT as to Gary Lee Sampson , filed. (ktb) (Entered: 05/15/2003) |
| 05/16/2003 | 175 | | Sealed Document, FILED. (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/16/2003 | 176 | | Memorandum Regarding The Timing of Deft's Rule 16 Disclosures Concerning Experts who are Potential Penalty−Phase Witnesses as to Gary Lee Sampson, FILED, c/s (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/19/2003 | 170 | | Notice of correction to docket made by Court staff. Correction: Document #129 corrected because: duplicate number as to Gary Lee Sampson (Hurley, Virginia) (Entered: 05/19/2003) |
| 05/19/2003 | 172 | | Sealed Document, FILED. (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/20/2003 | 171 | | NOTICE OF HEARING as to Gary Lee Sampson Status Conference originally set for 5/22/2003 02:30 PM has been rescheduled for 5/22/03 at 1:15 PM in |

20

| | | | |
|---|---|---|---|
| | | | Courtroom 10 before Mark L. Wolf. (O'Leary, Dennis) (Entered: 05/20/2003) |
| 05/20/2003 | 173 | | NOTICE OF Cancellation/Rescheduling Status Conference as to Gary Lee Sampson Status Conference reset for 5/22/2003 01:15 PM in Courtroom 10 before Mark L. Wolf. (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/20/2003 | 177 | | Sealed Document (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/21/2003 | 174 | | Sealed Document, FILED. (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/21/2003 | 178 | | Sealed Document, FILED. (Boyce, Kathy) (Entered: 05/22/2003) |
| 05/22/2003 | 179 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Status Conference as to Gary Lee Sampson held on 5/22/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 05/23/2003) |
| 05/22/2003 | 181 | | REPLY BRIEF in Further Support of Pretrial Motions by Gary Lee Sampson re 139 Motion Re the Capital Nature of this Case, FILED, c/s. (Boyce, Kathy) (Entered: 05/27/2003) |
| 05/22/2003 | 182 | | Sealed Document (Boyce, Kathy) (Entered: 05/27/2003) |
| 05/23/2003 | 180 | | Judge Mark L. Wolf : ORDER entered for the reasons described in court on May 22, 2003 documents 150, 151, 157, 158, 163, 165, 166, 167, 172 and 177 are unsealed. Parties shall by May 30, 2003, report whether they have reached an agreement regarding the procedures for the examination of defendant, Gary Lee Sampson. If no agreement has been reached, the defendant shall, by June 4, 2003, file a memorandum describing the procedures the parties have agreed upon, what disputes remain, the procedures proposed by the defendant, and the legal authority that supports his position. The government shall respond by June 6, 2003. The government shall, by June 5, 2003, submit its proffer regarding the alleged carjacking of William Gregory and the alleged North Carolina bank robberies described in its Notice of Intent to Seek the Death Penalty. The government shall submit with its proffer a memorandum explaining why it believes that the evidence it intends to offer satisfies the standards governing the admissibility of evidence during a sentencing hearing conducted pursuant to 18 U.S.C. ?3593. The defendant shall respond by June 9, 2003. The defendant shall, by June 5, 2003, supplement his disclosures regarding the two doctors he has identified as possible expert witnesses to provide all of the information required by Federal Rule of Criminal Procedure 16(b)(1)(C). The defendant shall, by July 14, 2003, make the disclosures concerning any other expert(s) required by Federal Rule of Criminal Procedure 16(b)(1)(C). (O'Leary, Dennis) (Entered: 05/23/2003) |
| 05/28/2003 | 186 | | Sealed Document (O'Leary, Dennis) (Entered: 06/03/2003) |
| 05/30/2003 | 183 | | Letter to Mr. O'Leary dated 5/30/03 (non–motion) regarding examination of deft as to Gary Lee Sampson, FILED, c/s (Boyce, Kathy) (Entered: 05/30/2003) |
| 05/30/2003 | 184 | | Sealed Document (O'Leary, Dennis) (Entered: 06/02/2003) |
| 06/02/2003 | 185 | | Sealed Document (O'Leary, Dennis) (Entered: 06/02/2003) |
| 06/04/2003 | 187 | | Memorandum regarding Conditions Under Which the Government – Pursuant to F.R.Crim.P. 12.2 – May Conduct a mental health Evaluation of Mr. |

21

| | | | |
|---|---|---|---|
| | | | Sampson as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 06/04/2003) |
| 06/04/2003 | 188 | | Letter (non−motion) regarding antcipated schedule for argument of pretrial motions as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 06/05/2003) |
| 06/05/2003 | 189 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Telephone Conference as to Gary Lee Sampson held on 6/5/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 06/05/2003) |
| 06/05/2003 | 190 | | Sealed Document, FILED. (Boyce, Kathy) (Entered: 06/06/2003) |
| 06/05/2003 | 191 | | Sealed Document, filed. (Boyce, Kathy) (Entered: 06/06/2003) |
| 06/05/2003 | 192 | | Sealed Document (Boyce, Kathy) (Entered: 06/06/2003) |
| 06/06/2003 | 193 | | Sealed Document (Boyce, Kathy) (Entered: 06/06/2003) |
| 06/09/2003 | 194 | | SUPPLEMENTAL MEMORANDUM in Support by Gary Lee Sampson of 139 Motion Regarding the Capital Nature of this Case, FILED, c.s. (O'Leary, Dennis) (Entered: 06/09/2003) |
| 06/10/2003 | 196 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson. With regard to the conditions for the government's examination of defendant Gary Lee Sampson, counsel shall be prepared to discuss at the June 11, 2003 hearing United States v. Beyers, 740 F.2d 1104 (D.C. Cir. 1984), and the cases it discusses. (O'Leary, Dennis) (Entered: 06/10/2003) |
| 06/10/2003 | 197 | | Letter (non−motion) from the governemnt apprizing the court of a factual error in its prior submission (O'Leary, Dennis) (Entered: 06/11/2003) |
| 06/11/2003 | 198 | | Sealed Document (Boyce, Kathy) (Entered: 06/11/2003) |
| 06/11/2003 | 199 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 6/11/2003 re 80 Motion to Dismiss filed by Gary Lee Sampson. After oral argument, Court takes the motion under advisement as it will require further argument on the issues identified by the court. Governemnt to file a status report regarding the firewall attorney by June 13, 2003. (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 06/12/2003) |
| 06/12/2003 | 200 | | STATUS REPORT by USA as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 06/13/2003) |
| 06/12/2003 | 202 | | Memorandum of Proposed Jury−Selection Procedures as to Gary Lee Sampson, FILED,c/s. (Boyce, Kathy) (Entered: 06/13/2003) |
| 06/13/2003 | 201 | | STATUS REPORT by USA as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 06/13/2003) |
| 06/16/2003 | 203 | | MOTION for Leave to File Supplemental Memorandum Regarding Standingby USA. (O'Leary, Dennis) (Entered: 06/16/2003) |
| 06/16/2003 | 204 | | Sealed Document (O'Leary, Dennis) (Entered: 06/16/2003) |
| 06/16/2003 | 205 | | Sealed Document (O'Leary, Dennis) (Entered: 06/17/2003) |
| 06/16/2003 | 206 | | Sealed Document (O'Leary, Dennis) (Entered: 06/17/2003) |

22

| 06/16/2003 | 207 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson, establishing FILING DEADLINES, MOTION HEARING set for 8/12/2003, ORDER ON EXCLUDABLE DELAY. Time excluded from 6/16/2003 until 8/12/2003. (O'Leary, Dennis) (Entered: 06/17/2003) |
|---|---|---|---|
| 06/16/2003 | 210 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 6/16/2003 re 80 Motion to Dismiss. Further motion hearings scheduled for August 12, 2003 at 9:00. (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 06/18/2003) |
| 06/16/2003 | 218 | | Second Supplemental Memorandum in Support of Pre–Trial Motions Regarding the Capital Nature of this Case as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 07/01/2003) |
| 06/17/2003 | | | Notice of correction to docket made by Court staff. Correction: deleted Doc. #198 as it is a duplicate of Docket #193 as to Gary Lee Sampson (Boyce, Kathy) (Entered: 06/17/2003) |
| 06/17/2003 | 208 | | Sealed Document (O'Leary, Dennis) (Entered: 06/17/2003) |
| 06/17/2003 | 209 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson appointing Marc Agnifilo and Kevin Walsh, Assistant United States Attorneys from the District of New Jersey as "fire–walled" Assistant United States Attorneys" in this case. (O'Leary, Dennis) (Entered: 06/17/2003) |
| 06/19/2003 | 211 | | Sealed Document (Boyce, Kathy) (Entered: 06/19/2003) |
| 06/19/2003 | 212 | | Sealed Document (Boyce, Kathy) (Entered: 06/19/2003) |
| 06/23/2003 | 213 | | THIRD Supplemental Memorandum in Support of Pretrial Motions Regarding the Capital Nature of this Case as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 06/23/2003) |
| 06/24/2003 | 214 | | Sealed Document (O'Leary, Dennis) (Entered: 06/24/2003) |
| 06/27/2003 | 215 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson establishing filing deadlines (O'Leary, Dennis) (Entered: 06/30/2003) |
| 06/27/2003 | 216 | | Sealed Document (O'Leary, Dennis) (Entered: 06/30/2003) |
| 06/27/2003 | 217 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 06/30/2003) |
| 07/02/2003 | 219 | | Sealed Document (Boyce, Kathy) (Entered: 07/02/2003) |
| 07/08/2003 | 220 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/08/2003 | 221 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/08/2003 | 222 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/08/2003 | 223 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/11/2003 | 224 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/11/2003 | 225 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |
| 07/11/2003 | 226 | | Sealed Document (O'Leary, Dennis) (Entered: 07/14/2003) |

| 07/14/2003 | 227 | | Sealed Document (O'Leary, Dennis) (Entered: 07/15/2003) |
|---|---|---|---|
| 07/14/2003 | 228 | | Sealed Document (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 229 | | Sealed Document (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 231 | | MOTION for a view as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 232 | | MOTION for Protective Order as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 233 | | STATUS REPORT by USA as to Gary Lee Sampson regarding Giglio material (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 234 | | Proposed Voir Dire by USA as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 235 | | Proposed Guilt and Penalty Phase Jury Instructions and Verdict Forms by USA as to Gary Lee Sampson (O'Leary, Dennis) Additional attachment(s) added on 7/31/2003 (O'Leary, Dennis). (Entered: 07/15/2003) |
| 07/14/2003 | 236 | | MOTION in Limine to admit DNA Evidence as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 237 | | MOTION in Limine to exclude evidence of the FBI telephone call in the guikt phase as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 238 | | MOTION in Limine to admit autopsy photographs in the guilt phaseas to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 239 | | MOTION in Limine to Introduce Evidence of the Defendant's Breaking and Entering of Residences Belonging to Mary Boucher and Eugene Schlosseras to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 240 | | MOTION in Limine to preclude the use of a Nullification Instructionas to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 241 | | MOTION in Limine to preclude mention of other death penalty casesas to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 242 | | MOTION in Limine to preclude mention of Whitney homicide or Gregory carjacking prior to penalty phase opening statementsas to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 230 | | TRIAL BRIEF by USA as to Gary Lee Sampson (O'Leary, Dennis) Additional attachment(s) added on 7/30/2003 (O'Leary, Dennis). (Entered: 07/15/2003) |
| 07/14/2003 | 243 | | ASSENTED to MOTION for Extension of Time to 7/28/2003 to File Motion in limine and Proposed Guilt Phase Instructions as to Gary Lee Sampson . (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 244 | | Proposed Voir Dire by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/14/2003 | 245 | | MEMORANDUM Regarding Proposed Jury Questionnaire by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/15/2003) |

| 07/14/2003 | 246 | | Requested Penalty Phase Jury Instructions as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/15/2003) |
|---|---|---|---|
| 07/14/2003 | 247 | | TRIAL BRIEF by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/15/2003) |
| 07/18/2003 | | | Document # 195 deleted from the docket sheet as it was a duplicate of Document # 187 (Boyce, Kathy) (Entered: 07/18/2003) |
| 07/21/2003 | 248 | | RESPONSE to Motion by Gary Lee Sampson to the Gov't's 232 MOTION for Blanket Protective Order, FILED, c/s. (Boyce, Kathy) (Entered: 07/22/2003) |
| 07/21/2003 | 249 | | Deft's Position on Whether any of the Gov't's Recent Filings, Including its Trial Brief, should be sealed, as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 07/25/2003) |
| 07/24/2003 | 250 | | RESPONSE in Opposition to Motion by Gary Lee Sampson re 231 MOTION for a View, FILED, c/s. (Boyce, Kathy) (Entered: 07/26/2003) |
| 07/24/2003 | 251 | | RESPONSE in Opposition to Motion by Gary Lee Sampson 237 re Gov't's MOTION in Limine, FILED, c/s. (Boyce, Kathy) (Entered: 07/26/2003) |
| 07/24/2003 | 252 | | Response in Opposition by Gary Lee Sampson to 238 gov'ts MOTION in Limine, FILED, c/s. (Boyce, Kathy) (Entered: 07/26/2003) |
| 07/24/2003 | 253 | | MEMORANDUM in Opposition by Gary Lee Sampson re 236 MOTION in Limine TO Present DNA Evidence, FILED, c/s. (Boyce, Kathy) (Entered: 07/26/2003) |
| 07/25/2003 | 254 | | Gov't's Objections to Deft's Sentencing Phase Jury Instructions as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 07/28/2003) |
| 07/28/2003 | 255 | | Sealed Document (Boyce, Kathy) (Entered: 07/28/2003) |
| 07/28/2003 | 256 | | MOTION for Extension of Time to 8/11/03 to File Response/Reply as to 207 Order regarding United States v. Lee, as to Gary Lee Sampson by USA, FILED, c/s.(Boyce, Kathy) (Entered: 07/29/2003) |
| 07/28/2003 | 257 | | MOTION in Limine to Preclude Mention of Sentencing Issues or Mitigating or Aggravating Factors During Guilt Phase Proceedings,as to Gary Lee Sampson by USA, FILED, c/s. (Boyce, Kathy) (Entered: 07/29/2003) |
| 07/29/2003 | 258 | | Sealed Document (O'Leary, Dennis) (Entered: 07/30/2003) |
| 07/29/2003 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 256 Motion for Extension of Time to File Response/Reply to court's order dated 6/16/2003 regarding United States v Lee. (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 259 | | Memorandum Opposing the Gov't's "Mandatory–Death" Instruction as to Gary Lee Sampson, FILED, c/s. (Oral Argument Requested) (Boyce, Kathy) (Entered: 07/31/2003) |
| 07/29/2003 | 260 | | APPENDIX/EXHIBIT by Gary Lee Sampson in Support of 259 Memorandum, FILED. c/s. (Boyce, Kathy) (Entered: 07/31/2003) |
| 07/29/2003 | 261 | | RESPONSE to Motion by Gary Lee Sampson re 241 MOTION in Limine (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 262 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE to Motion by Gary Lee Sampson re 242 MOTION in Limine (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 263 | | RESPONSE to Motion by Gary Lee Sampson re 239 MOTION in Limine (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 264 | | Defendant's Fourth Supplemental Memorandum regarding Pre Trial Motions as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 265 | | Supplemental Submission of Requested Penalty Phase Jury Instructions by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 266 | | Defendant's Submission of the Gilbert Penalty–Phase Instructions by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 267 | | Defendant's Supplemental Submission of Requested Penalty–Phase Instructions by Gary Lee Sampson (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 268 | | Sealed Document (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/29/2003 | 269 | | Sealed Document (O'Leary, Dennis) (Entered: 07/31/2003) |
| 07/30/2003 | 270 | | Sealed Document (O'Leary, Dennis) (Entered: 07/31/2003) |
| 08/04/2003 | 271 | | Gov't's Objections as to Gary Lee Sampson : 266 Proposed Jury Instructions filed by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 08/05/2003) |
| 08/04/2003 | 272 | | Fifth Supplemental Memorandum in support of Pre–Trial Motions Regarding the Capital Nature of this case as to Gary Lee Sampson, with attachment, FILED. (Boyce, Kathy) (Entered: 08/05/2003) |
| 08/06/2003 | 273 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson The hearing on the pending motions previously scheduled tostart on August 12, 2003, will commence on August 18, 2003, at 9:30a.m. and continue from day to day until concluded. (O'Leary, Dennis) (Entered: 08/06/2003) |
| 08/11/2003 | 274 | | Judge Mark L. Wolf : MEMORANDUM and ORDER entered: 1. Defendant Gary Lee Sampson's Motion to Dismiss this case(Docket No. 139) is DENIED. 2. Sampson's trial, which will be conducted consistent with the rulings in this Memorandum, shall commence on September 18,2003. (O'Leary, Dennis) Modified on 8/11/2003 (O'Leary, Dennis). (Entered: 08/11/2003) |
| 08/11/2003 | 278 | | MOTION for Extension of Time to 8/15/03 to File Response/Reply as to 207 Order as to Gary Lee Sampson by USA(Boyce, Kathy) (Entered: 08/14/2003) |
| 08/12/2003 | 275 | | Sealed Document (O'Leary, Dennis) (Entered: 08/12/2003) |
| 08/12/2003 | 276 | | Sealed Document (O'Leary, Dennis) (Entered: 08/12/2003) |
| 08/12/2003 | 277 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson 1This report updates the information concerning the 2002Gallup Poll that was included in the Appendix to the Defendant'sMotion to Dismiss at A–29.2This is the study discussed in United States v. Quinones, 196F. Supp. 2d 416, 418 (S.D.N.Y. 2002).It is hereby ORDERED that the Clerk shall include thefollowing items, which are cited in the August 11, 2003 Memorandumand Order, in the record of this case:1. Raymond Bonner, "U.S. Executes a Second Killer in aWeek," N.Y. Times, June 20, 2001, at A12;2. Death Penalty Information Center, The |

| | | | |
|---|---|---|---|
| | | | Death Penalty in2002: Year End Report (2002);13. Jeffrey M. Jones, "Support for the Death Penalty RemainsHigh at 74%; Slight Majority Prefers Death Penalty to LifeImprisonment as Punishment for Murder," Gallup News Service, May19, 2003;4. Alex Kotlowitz, "In the Face of Death," N.Y. Times SundayMagazine, July 6, 2003, at 32;5. James S. Liebman, et al., A Broken System: Error Ratesin Capital Cases, 1973–1995 (2000);26. Sarah Lyall, "Death Penalty Ruled Out for Two BritishDetainees," N.Y. Times, July 23, 2003, at A4;7. "Pennsylvania Panel Advises Death Penalty Moratorium,"CNN, Mar. 4, 2003, at http://www.cnn.com/2003/LAW/03/04/pennsylvania.death.penalty/index.html; and8. Public Record Office, "The Ultimate Punishment," athttp://www.pro.gov.uk/inthenews/Capital–Pun/capi–1.htm. (O'Leary, Dennis) (Entered: 08/14/2003) |
| 08/14/2003 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 278 Motion for Extension of Time to File Response/Reply until 8/15/2003 filed by the USA (O'Leary, Dennis) (Entered: 08/14/2003) |
| 08/15/2003 | 279 | | Sealed Document (O'Leary, Dennis) (Entered: 08/15/2003) |
| 08/15/2003 | 280 | | Sealed Document (O'Leary, Dennis) (Entered: 08/15/2003) |
| 08/15/2003 | 281 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Telephone Conference as to Gary Lee Sampson held on 8/15/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 08/15/2003) |
| 08/15/2003 | 282 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Motion Hearing/Pretrial Conference set for 8/20/2003 09:30 PM in Courtroom 10 before Mark L. Wolf. (O'Leary, Dennis) (Entered: 08/15/2003) |
| 08/15/2003 | 283 | | Sealed Document (O'Leary, Dennis) (Entered: 08/15/2003) |
| 08/15/2003 | 667 | | RESPONSE TO COURT ORDER (docket no. 207) by USA as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/22/2004) |
| 08/18/2003 | 284 | | Sealed Document (Boyce, Kathy) (Entered: 08/18/2003) |
| 08/18/2003 | 286 | | Sixth Supplemental Memorandum in Support of Pre–Trial Motions Regarding the Capital Nature of this Case as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 08/19/2003) |
| 08/18/2003 | 287 | | Defendant's Reply Memorandum to the Government's Objections to Defendant's Second Set of Sentencing Phase Jury Instructions (O'Leary, Dennis) (Entered: 08/19/2003) |
| 08/18/2003 | 289 | | Deft's Reply Memorandum to the Gov't's Objections to Deft's Second Set of Sentencing Phase Jury Instructions (oral argument requested) as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 08/19/2003) |
| 08/18/2003 | 290 | | Letter to Mr. O'leary dated 8/15/03 from AUSA Frank M. Gaziano attaching a copy of an article dated 8/12/03 from the Patriot Ledger sent pursuant to the court's inquiry during the 8/15/03 conference call as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 08/19/2003) |
| 08/19/2003 | 285 | | Sealed Document (O'Leary, Dennis) (Entered: 08/19/2003) |
| 08/19/2003 | 288 | | Sealed Document (O'Leary, Dennis) (Entered: 08/19/2003) |

| 08/19/2003 | 291 | | AFFIDAVIT of Kevin McNally regarding attorney participation as to Gary Lee Sampson filed by Deft (Boyce, Kathy) (Entered: 08/19/2003) |
|---|---|---|---|
| 08/19/2003 | 294 | | Sealed Document (O'Leary, Dennis) (Entered: 08/21/2003) |
| 08/20/2003 | 292 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Pretrial Conference as to Gary Lee Sampson held on 8/20/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 08/21/2003) |
| 08/20/2003 | 296 | | EXHIBIT/WITNESS LIST from pre–trial conference on 8/20/2003(O'Leary, Dennis) (Entered: 08/21/2003) |
| 08/20/2003 | 344 | | PROPOSED Preliminary Instructions for the Jury Venire by USA as to Gary Lee Sampson (received for docketing from chambers on 9/11/03) (Boyce, Kathy) (Entered: 09/13/2003) |
| 08/21/2003 | 293 | | Sealed Document (O'Leary, Dennis) (Entered: 08/21/2003) |
| 08/21/2003 | 295 | | Judge Mark L. Wolf : PROTECTIVE ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 08/21/2003) |
| 08/21/2003 | 297 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Pretrial Conference/Motion Hearing as to Gary Lee Sampson held on 8/21/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 08/22/2003) |
| 08/21/2003 | 298 | | EXHIBIT/WITNESS LIST from pre trial conference on 8/21/2003 as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 08/22/2003) |
| 08/22/2003 | 299 | | Sealed Document (O'Leary, Dennis) (Entered: 08/22/2003) |
| 08/22/2003 | 300 | | AFFIDAVIT Regarding Attorney Participation in Jury Selection in Federal Capital Trials by Gary Lee Sampson (Boyce, Kathy) (Entered: 08/22/2003) |
| 08/25/2003 | 301 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson. Further hearings set for 9/8/2003 09:30 AM in Courtroom 10 before Mark L. Wolf. (O'Leary, Dennis) (Entered: 08/25/2003) |
| 08/27/2003 | 302 | | Government's Supplemental Memorandum in Response to Court's Order of August 25, 2003 as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 08/27/2003) |
| 08/27/2003 | 303 | | Sealed Document (O'Leary, Dennis) (Entered: 08/27/2003) |
| 08/27/2003 | 304 | | Sealed Document (O'Leary, Dennis) (Entered: 08/27/2003) |
| 08/27/2003 | 305 | | Sealed Document (O'Leary, Dennis) (Entered: 08/27/2003) |
| 08/27/2003 | 306 | | Sealed Document (O'Leary, Dennis) (Entered: 08/27/2003) |
| 08/28/2003 | 307 | | Sealed Document (Boyce, Kathy) (Entered: 08/28/2003) |
| 08/28/2003 | 308 | | Sealed Document (O'Leary, Dennis) (Entered: 08/29/2003) |
| 08/28/2003 | 309 | | Sealed Document (O'Leary, Dennis) (Entered: 08/29/2003) |
| 08/28/2003 | 310 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Hearing set for 9/9/2003 09:30 AM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 08/29/2003) |

| 08/29/2003 | 311 | | Sealed Document (O'Leary, Dennis) (Entered: 08/29/2003) |
|---|---|---|---|
| 08/29/2003 | 312 | | Sealed Document (O'Leary, Dennis) (Entered: 09/02/2003) |
| 09/02/2003 | 313 | | Sealed Document (O'Leary, Dennis) (Entered: 09/02/2003) |
| 09/02/2003 | 314 | | Memorandum regarding Admissibility and Scope of Victim Impact Testimony as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/02/2003) |
| 09/02/2003 | 315 | | Sealed Document (O'Leary, Dennis) (Entered: 09/03/2003) |
| 09/02/2003 | 316 | | Sealed Document (O'Leary, Dennis) (Entered: 09/03/2003) |
| 09/02/2003 | 317 | | Sealed Document (O'Leary, Dennis) (Entered: 09/03/2003) |
| 09/02/2003 | 318 | | Sealed Document (O'Leary, Dennis) (Entered: 09/03/2003) |
| 09/02/2003 | 319 | | MOTION for Extension of Time to 9/8/03 to File adivse the Court re: disputed Govt exhibits as to Gary Lee Sampson by USA, Gary Lee Sampson. (Flaherty, Elaine) (Entered: 09/03/2003) |
| 09/03/2003 | 320 | | Sealed Document (O'Leary, Dennis) (Entered: 09/04/2003) |
| 09/03/2003 | 323 | | Sealed Document (O'Leary, Dennis) (Entered: 09/05/2003) |
| 09/04/2003 | 321 | | Sealed Document (O'Leary, Dennis) (Entered: 09/04/2003) |
| 09/04/2003 | 322 | | Sealed Document (O'Leary, Dennis) (Entered: 09/04/2003) |
| 09/04/2003 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 319 Motion for Extension of Time as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 09/05/2003) |
| 09/05/2003 | 324 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/05/2003 | 325 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/05/2003 | 326 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/05/2003 | 327 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/05/2003 | 330 | | Defendant's Memorandum regarding the Admissibility and Scope of Victim Impact Evidence as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/06/2003 | 328 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/06/2003 | 329 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 331 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 332 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 333 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 334 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 335 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |
| 09/08/2003 | 336 | | Sealed Document (O'Leary, Dennis) (Entered: 09/08/2003) |

| 09/08/2003 | 337 | | Sealed Document (O'Leary, Dennis) (Entered: 09/09/2003) |
|---|---|---|---|
| 09/08/2003 | 376 | | Sealed Document (Boyce, Kathy) (Entered: 09/17/2003) |
| 09/09/2003 | 338 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Change of Plea Hearing as to Gary Lee Sampson held on 9/9/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/09/2003 | 339 | | Sealed Document (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/09/2003 | 340 | | Sealed Document (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/10/2003 | 341 | | Sealed Document (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/10/2003 | 342 | | Sealed Document (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/10/2003 | 343 | | Sealed Document (O'Leary, Dennis) (Entered: 09/10/2003) |
| 09/10/2003 | 345 | | Joint MOTION modifying the filing date as to Gary Lee Sampson by USA, Gary Lee Sampson, FILED, c/s.(Boyce, Kathy) (Entered: 09/13/2003) |
| 09/10/2003 | 346 | | PROPOSED EXHIBIT LIST by USA containing deft's objections as to Gary Lee Sampson, FILED (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/10/2003 | 347 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 345 Motion modifying the filing date for advising the Court Regarding Disputed Defense Exhibits as to Gary Lee Sampson (1)cc/cl. (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 348 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 349 | | EXHIBIT LIST by Gary Lee Sampson, FILED, C/S. (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 350 | | WITNESS LIST by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 351 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 352 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 353 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 354 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/11/2003 | 355 | | Redacted WITNESS LIST by USA as to Gary Lee Sampson, FILED, c/s.(Boyce, Kathy) (Entered: 09/13/2003) |
| 09/12/2003 | 356 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/12/2003 | 357 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/12/2003 | 358 | | Sealed Document (Boyce, Kathy) (Entered: 09/13/2003) |
| 09/15/2003 | 359 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |
| 09/15/2003 | 360 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |

| 09/15/2003 | 361 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |
| 09/15/2003 | 362 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |
| 09/15/2003 | 363 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |
| 09/15/2003 | 364 | | Sealed Document (Boyce, Kathy) (Entered: 09/15/2003) |
| 09/15/2003 | 365 | | Sealed Document (O'Leary, Dennis) (Entered: 09/16/2003) |
| 09/15/2003 | 369 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/15/2003 | 370 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/15/2003 | 371 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 366 | | Sealed Document (O'Leary, Dennis) (Entered: 09/16/2003) |
| 09/16/2003 | 367 | | Sealed Document (O'Leary, Dennis) (Entered: 09/16/2003) |
| 09/16/2003 | 368 | | AMENDED WITNESS LIST by USA as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/16/2003) |
| 09/16/2003 | 372 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 373 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 374 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 375 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 377 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/16/2003 | 379 | | EXHIBIT LIST by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/17/2003) |
| 09/16/2003 | 382 | | EXHIBIT LIST by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/18/2003) |
| 09/16/2003 | 383 | | WITNESS LIST by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/18/2003) |
| 09/17/2003 | 378 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/17/2003 | 380 | | Sealed Document (O'Leary, Dennis) (Entered: 09/17/2003) |
| 09/17/2003 | 381 | | Sealed Document (O'Leary, Dennis) (Entered: 09/18/2003) |
| 09/17/2003 | 395 | | NOTICE of Deft's First Supplemental Request for Penalty–Phase Instructions by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/19/2003) |
| 09/18/2003 | 384 | | Sealed Document (O'Leary, Dennis) (Entered: 09/18/2003) |
| 09/18/2003 | 385 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson, Order to Unseal Document as to Gary Lee Sampson. (Attachments: # 1 # 2) (O'Leary, Dennis) (Entered: 09/18/2003) |
| 09/18/2003 | 386 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/18/2003) |
| 09/18/2003 | 387 | | Sealed Document (O'Leary, Dennis) (Entered: 09/18/2003) |

31

| 09/18/2003 | 388 | | Sealed Document (O'Leary, Dennis) (Entered: 09/18/2003) |
|---|---|---|---|
| 09/18/2003 | 389 | | Sealed Document (O'Leary, Dennis) (Entered: 09/18/2003) |
| 09/18/2003 | 390 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire begun on 9/18/2003 Gary Lee Sampson (1) on Count 1ss–2ss (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 09/19/2003) |
| 09/18/2003 | 396 | | MOTION for Reconsideration of thje Court's Refusal to Permit Dr. Richard Evans to be added to the gov't's witness list, FILED, as to Gary Lee Sampson by USA, c/s.(Boyce, Kathy) (Entered: 09/19/2003) |
| 09/18/2003 | 397 | | MEMORANDUM OF LAW in Support by USA as to Gary Lee Sampson to 396 MOTION for Reconsideration, FILED, c/s. (Boyce, Kathy) (Entered: 09/19/2003) |
| 09/18/2003 | 398 | | AFFIDAVIT in Support of John Wortmann, Jr., AUSA; by USA as to Gary Lee Sampson to 396 MOTION for Reconsideration, FILED, c/s. (Boyce, Kathy) (Entered: 09/19/2003) |
| 09/18/2003 | 399 | | Objections to Deft's Supplemental Sentencing Phase Jury Instructions as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 09/19/2003) |
| 09/18/2003 | 400 | | Letter (non–motion) dated 9/16/03 advising the court that Mr. Sampson waives his appearance for the 9/18/03 and 9/19/03 jury–orientation sessions as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 09/22/2003) |
| 09/19/2003 | 391 | | Sealed Document (O'Leary, Dennis) (Entered: 09/19/2003) |
| 09/19/2003 | 392 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 9/19/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 09/19/2003) |
| 09/19/2003 | 393 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson, Order to Unseal Document #380 as to Gary Lee Sampson. (Attachments: # 1) (O'Leary, Dennis) (Entered: 09/19/2003) |
| 09/19/2003 | 394 | | Sealed Document (O'Leary, Dennis) (Entered: 09/19/2003) |
| 09/22/2003 | 401 | | Sealed Document (Boyce, Kathy) (Entered: 09/23/2003) |
| 09/22/2003 | 403 | | Sealed Document (Boyce, Kathy) (Entered: 09/23/2003) |
| 09/23/2003 | 402 | | Sealed Document (O'Leary, Dennis) (Entered: 09/23/2003) |
| 09/23/2003 | 404 | | Sealed Document (O'Leary, Dennis) (Entered: 09/23/2003) |
| 09/24/2003 | 405 | | Sealed Document (Boyce, Kathy) (Entered: 09/24/2003) |
| 09/24/2003 | 406 | | Sealed Document (Boyce, Kathy) (Entered: 09/24/2003) |
| 09/24/2003 | 407 | | Sealed Document (Boyce, Kathy) (Entered: 09/24/2003) |
| 09/24/2003 | 408 | | Sealed Document (O'Leary, Dennis) (Entered: 09/25/2003) |
| 09/25/2003 | 409 | | Sealed Document (O'Leary, Dennis) (Entered: 09/25/2003) |
| 09/25/2003 | 410 | | Sealed Document (O'Leary, Dennis) (Entered: 09/25/2003) |

| 09/25/2003 | 416 | | Sealed Document (O'Leary, Dennis) (Entered: 09/29/2003) |
|---|---|---|---|
| 09/26/2003 | 411 | | Sealed Document (Boyce, Kathy) (Entered: 09/26/2003) |
| 09/26/2003 | 412 | | Sealed Document (Boyce, Kathy) (Entered: 09/26/2003) |
| 09/26/2003 | 413 | | Sealed Document (Boyce, Kathy) (Entered: 09/26/2003) |
| 09/26/2003 | 414 | | Sealed Document (Boyce, Kathy) (Entered: 09/26/2003) |
| 09/26/2003 | 415 | | Sealed Document (Boyce, Kathy) (Entered: 09/26/2003) |
| 09/29/2003 | 417 | | Government Memorandum Regarding Appropriate Standards Governing Voir Dire as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/29/2003) |
| 09/29/2003 | 418 | | Sealed Document (O'Leary, Dennis) (Entered: 09/30/2003) |
| 09/29/2003 | 419 | | Sealed Document (O'Leary, Dennis) (Entered: 09/30/2003) |
| 09/29/2003 | 420 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/30/2003) |
| 09/30/2003 | 421 | | Judge Mark L. Wolf : SEQUESTRATION ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 09/30/2003) |
| 09/30/2003 | 422 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 9/30/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/01/2003) |
| 09/30/2003 | 423 | | Sealed Document (Boyce, Kathy) (Entered: 10/01/2003) |
| 10/01/2003 | 424 | | Sealed Document (O'Leary, Dennis) (Entered: 10/02/2003) |
| 10/01/2003 | 425 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/1/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/02/2003) |
| 10/01/2003 | 426 | | Sealed Document (O'Leary, Dennis) (Entered: 10/02/2003) |
| 10/01/2003 | 433 | | MOTION for access to names and addresses of jurors as to Gary Lee Sampson by Globe Newspaper Company, Inc., FILED, c/s. (Boyce, Kathy) (Entered: 10/06/2003) |
| 10/02/2003 | 432 | | MOTION to intervene for the limited purpose of asserting public's right of access to names and addressses of jurors as to Gary Lee Sampson by Globe Newspaper Company, Inc., FILED, c/s.(Boyce, Kathy) (Entered: 10/06/2003) |
| 10/02/2003 | 434 | | MEMORANDUM in Support by Globe Newspaper Company, Inc. as to Gary Lee Sampson of its 433 MOTION for access to names and addresses of jurors, FILED, c/s. (Boyce, Kathy) (Entered: 10/06/2003) |
| 10/02/2003 | 435 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/2/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/08/2003) |
| 10/03/2003 | 427 | | Sealed Document (O'Leary, Dennis) (Entered: 10/03/2003) |
| 10/03/2003 | 428 | | Sealed Document (O'Leary, Dennis) (Entered: 10/03/2003) |

| 10/03/2003 | 429 | | Sealed Document (O'Leary, Dennis) (Entered: 10/03/2003) |
|---|---|---|---|
| 10/03/2003 | 430 | | Sealed Document (O'Leary, Dennis) (Entered: 10/03/2003) |
| 10/03/2003 | 431 | | Sealed Document (O'Leary, Dennis) (Entered: 10/03/2003) |
| 10/03/2003 | 439 | | Sealed Document (Boyce, Kathy) (Entered: 10/10/2003) |
| 10/05/2003 | 440 | | Sealed Document (Boyce, Kathy) (Entered: 10/10/2003) |
| 10/05/2003 | 441 | | MOTION for Extension of Time to 10/14/03 to File Response/Reply as to 238 MOTION in Limine, 239 MOTION in Limine, 241 MOTION in Limine, 242 MOTION in Limine, FILED, c/s. as to Gary Lee Sampson . (Boyce, Kathy) (Entered: 10/10/2003) |
| 10/07/2003 | 436 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/7/2003 as to Gary Lee Sampson (Court Reporter Tweomey.) (O'Leary, Dennis) (Entered: 10/08/2003) |
| 10/07/2003 | 437 | | Sealed Document (O'Leary, Dennis) (Entered: 10/08/2003) |
| 10/08/2003 | 438 | | Sealed Document (O'Leary, Dennis) (Entered: 10/08/2003) |
| 10/08/2003 | 442 | | Sealed Document (Boyce, Kathy) (Entered: 10/10/2003) |
| 10/08/2003 | 443 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/8/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/14/2003) |
| 10/08/2003 | 446 | | Sealed Document (Boyce, Kathy) (Entered: 10/14/2003) |
| 10/09/2003 | 444 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/9/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/14/2003) |
| 10/09/2003 | 445 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 10/14/2003) |
| 10/14/2003 | 447 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/14/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/15/2003) |
| 10/14/2003 | 448 | | Sealed Document (O'Leary, Dennis) (Entered: 10/15/2003) |
| 10/14/2003 | 449 | | Sealed Document (O'Leary, Dennis) (Entered: 10/15/2003) |
| 10/15/2003 | 450 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/15/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/17/2003) |
| 10/16/2003 | 451 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/16/2003 as to Gary Lee Sampson (Court Reporter O'Hare.) (O'Leary, Dennis) (Entered: 10/17/2003) |
| 10/17/2003 | 452 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/17/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/19/2003) |
| 10/17/2003 | 453 | | Sealed Document (O'Leary, Dennis) (Entered: 10/19/2003) |

| 10/17/2003 | 454 | | Sealed Document (O'Leary, Dennis) (Entered: 10/19/2003) |
|---|---|---|---|
| 10/20/2003 | 455 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/20/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/21/2003) |
| 10/20/2003 | 459 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/20/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/23/2003) |
| 10/20/2003 | 465 | | REVISED EXHIBIT/WITNESS LIST filed in court 10/20/03 by Gary Lee Sampson, FILED., C/S. (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/21/2003 | 456 | | Sealed Document (Boyce, Kathy) (Entered: 10/21/2003) |
| 10/21/2003 | 457 | | Sealed Document (Boyce, Kathy) (Entered: 10/22/2003) |
| 10/21/2003 | 458 | | Sealed Document (Boyce, Kathy) (Entered: 10/22/2003) |
| 10/21/2003 | 464 | | STATUS REPORT Regarding Outstanding Motions by USA, Gary Lee Sampson as to Gary Lee Sampson, FILED in court 10/21/03 (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/22/2003 | 460 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/22/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/23/2003) |
| 10/22/2003 | 461 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/22/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/23/2003) |
| 10/22/2003 | 463 | | Sealed Document (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/22/2003 | 466 | | Gov't's Memorandum regarding "The Presumption of Life Imprisonment" in Capital Sentencing Proceedings as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/23/2003 | 468 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/23/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/27/2003) |
| 10/23/2003 | 469 | | Sealed Document (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/24/2003 | 462 | | Sealed Document (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/24/2003 | 467 | | Sealed Document (Boyce, Kathy) (Entered: 10/24/2003) |
| 10/24/2003 | 474 | | MOTION to Unseal Pending Motions, as to Gary Lee Sampson by USA, filed, c/s.(Boyce, Kathy) (Entered: 10/27/2003) |
| 10/24/2003 | 475 | | JOINT STATUS REPORT Regarding Disputed Exhibits by USA, Gary Lee Sampson as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/24/2003 | 476 | | Sealed Document (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/24/2003 | 477 | | Sealed Document (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/27/2003 | 470 | | |

| | | | |
|---|---|---|---|
| | | | Seventh Supplemental Memorandum in Support of Pre–trial Motions, filed by Gary Sampson as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 10/27/2003) |
| 10/27/2003 | 471 | | RESPONSE to Motion by Gary Lee Sampson re Government's Memorandum Regarding Defendant's Objections to Exhibits (O'Leary, Dennis) (Entered: 10/27/2003) |
| 10/27/2003 | 472 | | Sealed Document (O'Leary, Dennis) (Entered: 10/27/2003) |
| 10/27/2003 | 473 | | Sealed Document (O'Leary, Dennis) (Entered: 10/27/2003) |
| 10/27/2003 | 478 | | Sealed Document (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/27/2003 | 479 | | Sealed Document (Boyce, Kathy) (Entered: 10/27/2003) |
| 10/27/2003 | 480 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (Goldberger, Benjamin) (Entered: 10/27/2003) |
| 10/27/2003 | 482 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Motion Hearing re 433 set for 10/30/2003 03:00 PM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/27/2003 | 483 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Voir Dire held on 10/27/2003 as to Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/27/2003 | 485 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Accordingly, it is hereby ORDERED that the attached,redacted Juror Questionnaires of Jurors Number 10, 45, 58, 66,109, 120, 129, 159, 166, 176, 179, 180, 192, 207, 208, 211, 227,and 229 are UNSEALED. (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/28/2003 | 481 | | Sealed Document (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/28/2003 | 484 | | Judge Mark L. Wolf : AMENDED ORDER entered as to Gary Lee Sampson re 480 Order (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/28/2003 | 486 | | DEFENDANT'S EXHIBIT LIST Revised October 28, 2003, by Gary Lee Sampson (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/28/2003 | 487 | | Sealed Document: Gov't's Response to Court's Order of October 27, 2003) (Boyce, Kathy) Modified on 10/29/2003 (Document unsealed pursuant to 10/28/03 endorsement: WOLF, D.J. "As this submission was not accompanied by a motion to impound, as required by Local Rule 7.1(d) and, more importantly, there is no good reason to seal it, it is hereby made part of the public record." (Boyce, Kathy). Additional attachment(s) added on 10/29/2003 (Boyce, Kathy). Modified on 10/29/2003 (Boyce, Kathy). (Entered: 10/28/2003) |
| 10/28/2003 | 488 | | Sealed Document (O'Leary, Dennis) (Entered: 10/28/2003) |
| 10/29/2003 | 489 | | Sealed Document (O'Leary, Dennis) (Entered: 10/29/2003) |
| 10/29/2003 | 490 | | Sealed Document (O'Leary, Dennis) (Entered: 10/29/2003) |
| 10/29/2003 | 491 | | Sealed Document (O'Leary, Dennis) (Entered: 10/29/2003) |
| 10/29/2003 | 492 | | Sealed Document (Boyce, Kathy) (Entered: 10/29/2003) |

| 10/29/2003 | 493 | | Sealed Document (O'Leary, Dennis) (Entered: 10/29/2003) |
|---|---|---|---|
| 10/30/2003 | 495 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/30/2003 | 496 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/30/2003 | 497 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/30/2003 | 498 | | Amendment to Defendant's Witness List by Gary Lee Sampson (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/30/2003 | 499 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 10/30/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 494 | | Judge Mark L. Wolf : ORDER entered finding as moot 396 Motion for Reconsideration as to Gary Lee Sampson (1); granting The Globe Newspaper Company, Inc.'s 432 Motion to Intervene as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 500 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 501 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 502 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 503 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Hearing set for 11/3/2003 10:00 AM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 504 | | Sealed Document (O'Leary, Dennis) (Entered: 10/31/2003) |
| 10/31/2003 | 505 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 10/31/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/03/2003) |
| 11/03/2003 | 506 | | Government's List of Statutory Provisions and Federal Regulations as to Gary Sampson (O'Leary, Dennis) (Entered: 11/03/2003) |
| 11/03/2003 | 507 | | Sealed Document (O'Leary, Dennis) (Entered: 11/03/2003) |
| 11/03/2003 | 508 | | Sealed Document (O'Leary, Dennis) (Entered: 11/03/2003) |
| 11/03/2003 | 509 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial as to Gary Lee Sampson held on 11/3/2003, Motion Hearing (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/05/2003) |
| 11/04/2003 | 510 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial as to Gary Lee Sampson held on 11/4/2003, Motion Hearing as to Gary Lee Sampson held on 11/4/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/05/2003) |
| 11/04/2003 | 512 | | EXHIBIT LIST (Revised Novmenber 4, 2003) by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/05/2003) |
| 11/05/2003 | 511 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 23 as to Gary Lee Sampson held on 11/5/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/05/2003) |

37

| 11/06/2003 | 513 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial as to Gary Lee Sampson held on 11/6/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/06/2003) |
|---|---|---|---|
| 11/06/2003 | 518 | | Emergency Motion for Authorization for the Copying of Materials Admitted into Evidence as to Gary Lee Sampson by Hearst–Argyle Television, FILED, c/s.(Boyce, Kathy) Modified on 11/7/2003 (Boyce, Kathy). (Entered: 11/07/2003) |
| 11/07/2003 | 514 | | Sealed Document (Boyce, Kathy) (Entered: 11/07/2003) |
| 11/07/2003 | 515 | | Sealed Document (Boyce, Kathy) (Entered: 11/07/2003) |
| 11/07/2003 | 516 | | Sealed Document (O'Leary, Dennis) (Entered: 11/07/2003) |
| 11/07/2003 | 517 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Hearing set for 11/10/2003 04:00 PM in Courtroom 10 before Judge Mark L. Wolf.on the Emergency Motion of Intervenor Hearst–Argyle Television, inc., d/b/a WCVB–TV.(O'Leary, Dennis) (Entered: 11/07/2003) |
| 11/07/2003 | 519 | | Sealed Document (Boyce, Kathy) (Entered: 11/07/2003) |
| 11/07/2003 | 520 | | Sealed Document (Boyce, Kathy) (Entered: 11/07/2003) |
| 11/07/2003 | 521 | | Sealed Document (Boyce, Kathy) (Entered: 11/07/2003) |
| 11/07/2003 | 529 | | Stipulation Regarding Vehicle Registration as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 530 | | Stipulation Regarding Cumberland Farms Surveillance Photographs as to Gary Lee Sampson, FILED, cs. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 531 | | Stipualtion Regarding Age as to Gary Lee Sampson, FILED, cs. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 532 | | Stipulation Regarding Diagrams as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 533 | | Stipulation by parties as to Gary Lee Sampson, (re 7/31/01) FILED. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 534 | | Stipulation Regarding Physical Evidence as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 536 | | Stipulation Regarding Mr. Sampson's call to The Boston Office of the FBI as to Gary Lee Sampson, FILED.(Boyce, Kathy) (Entered: 11/10/2003) |
| 11/07/2003 | 538 | | Stipulation Regarding Scientific Validity of DNA Testing as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/08/2003 | 522 | | Sealed Document (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/08/2003 | 523 | | Sealed Document (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/09/2003 | 524 | | Sealed Document (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/10/2003 | 525 | | Defendant's Eighth Supplemental Memorandum regarding Pre–trial motions as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 11/10/2003) |

| 11/10/2003 | 526 | | DEFENDANT'S EXHIBIT LIST (Revised) by Gary Lee Sampson (O'Leary, Dennis) (Entered: 11/10/2003) |
|---|---|---|---|
| 11/10/2003 | 527 | | DEFENDANT'S WITNESS LIST (Revised) by Gary Lee Sampson (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/10/2003 | 528 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re 518 MOTION for Public Filing, ir in the alternative, Authorization for the Copying of Materials Admitted into Evidence filed by Hearst–Argyle Television:...hearing rescheduled for November 12, 2003 at 3:30 p.m. in order to provide the parties and the court an oppurtinity to consider issues presented by the Memorandum faxed to the court at 4:54 p.m. from counsel, FILED. c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/10/2003 | 535 | | Memorandum regarding Limited Presentation of Penalty Phase Verdicts Reached in Other Federal Death Penalty Cases filed by Gary Lee Sampson (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/10/2003 | 537 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re 528 Order, Reset Hearing set for 11/12/2003 03:30 PM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 11/10/2003) |
| 11/10/2003 | 539 | | EMERGENCY MOTION for leave to intervene for limited purposes, as to Gary Lee Sampson by Hearst–Argyle Television, d/b/a WCVB–TV, FILED, c/s.(Boyce, Kathy) (Entered: 11/10/2003) |
| 11/10/2003 | 540 | | MEMORANDUM in Support by Hearst–Argyle Television as to Gary Lee Sampson re 539 EMERGENCY MOTION for leave to intervene for limited purposes, FILED, c/s. (Boyce, Kathy) (Entered: 11/10/2003) |
| 11/10/2003 | 541 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 26 as to Gary Lee Sampson held on 11/10/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/12/2003) |
| 11/11/2003 | 542 | | Sealed Document (Boyce, Kathy) (Entered: 11/12/2003) |
| 11/11/2003 | 543 | | Sealed Document (Boyce, Kathy) (Entered: 11/12/2003) |
| 11/11/2003 | 544 | | Memorandum Regarding The Elements of the Aggravating Factor that the Murders of Mr. McCloskey and Mr. Rizzo were Committed in a Manner that was "Henious, Cruel or Depraved" as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/12/2003) |
| 11/12/2003 | 545 | | MOTION of Intervenor Globe Newspaper Company, Inc., for public filing, or in the alternative, authorization for the copying of materials admitted into evidence, as to Gary Lee Sampson by Globe Newspaper Company, Inc., FILED, c/s. (Boyce, Kathy) (Entered: 11/14/2003) |
| 11/12/2003 | 547 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 26 as to Gary Lee Sampson held on 11/12/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/14/2003) |
| 11/12/2003 | 548 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial as to Gary Lee Sampson held on 11/12/2003, Motion Hearing as to Gary Lee Sampson held on 11/12/2003 re 518 MOTION for Public Filing, ir in the alternative, Authorization for the Copying of Materials Admitted into Evidence |

| | | | |
|---|---|---|---|
| | | | filed by Hearst–Argyle Television (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/14/2003) |
| 11/12/2003 | 549 | | Sealed Document (O'Leary, Dennis) (Entered: 11/14/2003) |
| 11/13/2003 | 550 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 27 as to Gary Lee Sampson held on 11/13/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/14/2003) |
| 11/14/2003 | 546 | | Sealed Document (Boyce, Kathy) (Entered: 11/14/2003) |
| 11/14/2003 | 551 | | Sealed Document (O'Leary, Dennis) (Entered: 11/14/2003) |
| 11/14/2003 | 552 | | Sealed Document UNSEALED PURSUANT TO 11/25/03 ORDER (O'Leary, Dennis) Additional attachment(s) added on 12/4/2003 (Boyce, Kathy). Modified on 12/4/2003 (Boyce, Kathy). (Entered: 11/14/2003) |
| 11/14/2003 | 553 | | Sealed Document (Boyce, Kathy) (Entered: 11/14/2003) |
| 11/14/2003 | 555 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/14/2003 | 556 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/14/2003 | 557 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/14/2003 | 564 | | MEMORANDUM in Support by Globe Newspaper Company, Inc. in Support of Its Motion for Public Filing, or in the Alternative, Authorization for the Copying of Materials Admitted into Evidence as to Gary Lee Sampson 545 MOTION FILED, c/s.(Boyce, Kathy) (Entered: 11/19/2003) |
| 11/14/2003 | 565 | | MEMORANDUM in Support by Hearst–Argyle Television as to Gary Lee Sampson re 518 MOTION for Public Filing, ir in the alternative, Authorization for the Copying of Materials Admitted into Evidence, FILED, c/s. (Boyce, Kathy) (Entered: 11/19/2003) |
| 11/14/2003 | 619 | | Executed Subpoena served on 11/24/03 upon the University of Miami School of Medicine as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 12/12/2003) |
| 11/14/2003 | 620 | | Subpoena returned executed on 11/24/03 on Human Resources of the University of Miami, FILED. (Boyce, Kathy) (Entered: 12/12/2003) |
| 11/16/2003 | 566 | | Proposed Limiting Instruction Regarding the Murder of Robertt Whitney by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/19/2003) |
| 11/17/2003 | 554 | | Judge Mark L. Wolf : ORDER entered granting 518 Motion for copies of the recordings played for the jury and admiited into evidence as to Gary Lee Sampson (1); granting 539 Motion for copies of the recordings played for the jury and admiited into evidence as to Gary Lee Sampson (1); granting 545 Motion for copies of the recordings played for the jury and admitted into evidence as to Gary Lee Sampson (1) (Boyce, Kathy) (Entered: 11/17/2003) |
| 11/17/2003 | 558 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/17/2003 | 559 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/17/2003 | 560 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 28 as to Gary Lee Sampson held on 11/17/2003 (Court Reporter Twomey.) |

40

| | | | |
|---|---|---|---|
| | | | (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/17/2003 | 561 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/17/2003 | 562 | | Sealed Document (O'Leary, Dennis) (Entered: 11/17/2003) |
| 11/17/2003 | 570 | | Statement Regarding Open Jury – Instruction Issues of Immediate Significance, by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/20/2003) |
| 11/17/2003 | 571 | | MOTION for Leave to File Excess Pages as to Gary Lee Sampson by USA, FILED, c/s.(Boyce, Kathy) (Entered: 11/21/2003) |
| 11/17/2003 | 572 | | Gov't's Second MOTION in Limine to Exclude Unrelated Death Penalty Case Verdicts and Information, as to Gary Lee Sampson by USA, FILED, c/s. (Boyce, Kathy) Additional attachment(s) added on 11/21/2003 (Boyce, Kathy). Additional attachment(s) added on 11/21/2003 (Boyce, Kathy). (Entered: 11/21/2003) |
| 11/18/2003 | 563 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 29 as to Gary Lee Sampson held on 11/18/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/18/2003) |
| 11/19/2003 | 567 | | Sealed Document (O'Leary, Dennis) (Entered: 11/20/2003) |
| 11/19/2003 | 568 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 30 as to Gary Lee Sampson held on 11/19/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/20/2003) |
| 11/20/2003 | 569 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 31 as to Gary Lee Sampson held on 11/20/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/20/2003) |
| 11/21/2003 | 573 | | Judge Mark L. Wolf : ORDER entered: It is Ordered that The November 24, 2003 hearing shall commmence at 9:30 a.m. and continue, if necessary, on November 25, 2003. Any party who has subpoenaed a witness for Novmeber 24 or 25, 2003, shall inform that witness that the subpoena is returnable on December 2, 2003 or a later date during trial. cc/cl. as to Gary Lee Sampson (Boyce, Kathy) (Entered: 11/21/2003) |
| 11/21/2003 | 574 | | Judge Mark L. Wolf : ORDER entered: The deft shall, by 5:00 p.m. on 11/21/03, inform the court and the gov't of those mitigating factors he seeks to present to the jury on the special verdict form. The deft shall, by 5:00 p.m. on 11/21/03, file a motion challenging the sufficiency of the evidence for some or all of the aggravating factors alleged in this case...faxed to counsel 11/21/03 as to Gary Lee Sampson (Boyce, Kathy) (Entered: 11/21/2003) |
| 11/21/2003 | | | Notice of correction to docket made by Court staff. Correction: 11/12/03 Letter to Ms. Piccininno from Samantha L. Gerlovin corrected because: it was erroneously e–filed in this case as to Gary Lee Sampson: Letter deleted from this docket. (Boyce, Kathy) (Entered: 11/21/2003) |
| 11/21/2003 | 575 | | Sealed Document (Boyce, Kathy) (Entered: 11/21/2003) |
| 11/21/2003 | 590 | | Copy of Subpeona issued on 11/14/03 to Keeper of the Records, Plymouth County Correctional Facility for appear on 11/24/03 as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |

41

| | | | |
|---|---|---|---|
| 11/22/2003 | 581 | | Sealed Document UNSEALED Pursuant to Order of 11/25/03.(Boyce, Kathy) Additional attachment(s) added on 12/4/2003 (Boyce, Kathy). (Boyce, Kathy). (Entered: 11/25/2003) |
| 11/22/2003 | 582 | | MOTION challenging the suffiency of the evidence regarding certain aggravating factors, as to Gary Lee Sampson FILED, c/s.(Boyce, Kathy) (Entered: 11/25/2003) |
| 11/22/2003 | 583 | | Mitigating Factors by Deft (As Corrected 11/22/03) as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/22/2003 | 584 | | Stipulation of Parties Re: NCIC Entry as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/22/2003 | 585 | | Stipualtion of Parties Regarding Fingerprints as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/22/2003 | 587 | | Stipulation of Parties Re: Pellet Gun as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/24/2003 | 588 | | Defense Witnesses/Exhibits LIST by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/24/2003 | 589 | | Defendant's Exhibit List as to Gary Lee Sampson (Revised 11/24/03), FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/25/2003 | 576 | | Sealed Document (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 577 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 11/25/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 578 | | Sealed Document (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 579 | | Sealed Document (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 580 | | Sealed Document (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 586 | | Stipulation of Parties Re: Proceeds of Bank Robberies as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/25/2003) |
| 11/25/2003 | 591 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re 581 Sealed Document, 552 Sealed Document, Order to Unseal Document as to Gary Lee Sampson. Filing deadline established for 12:00 PM on November 26, 2003. (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/25/2003 | 592 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson. As defendant Gary Sampson's proposed video exhibits 21H, 21Iand 21J are lengthy and contain some footage that may havelittle to no probative value, it is hereby ORDERED that thedefendant shall, on December 1, 2003, be prepared to describethe redactions to these exhibits that he would make if the courtdetermines that only an abbreviated version of a proposedexhibit would be admissible under 18 U.S.C. ?3593(c). (O'Leary, Dennis) (Entered: 11/25/2003) |
| 11/26/2003 | 594 | | Objections to Cunningham Exhibits as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/02/2003) |
| 11/27/2003 | 595 | | |

| | | |
|---|---|---|
| | | MOTION in Limine Regarding the Cross–examination of Mark Cunningham, Ph.D. as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/02/2003) |
| 12/01/2003 | 593 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 34, Motion Hearing as to Gary Lee Sampson held on 12/1/2003. (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/02/2003) |
| 12/01/2003 | 602 | Deft's Supplemental Memorandum Regarding the Issue of Future Dangerousness, FILED, c/s. (Boyce, Kathy) (Entered: 12/03/2003) |
| 12/01/2003 | 603 | Deft's Statement Regarding Federal Regulations as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/03/2003) |
| 12/01/2003 | 611 | Gov'ts Statement Regarding Admissability of Ad Damnum Clauses as to Gary Lee Sampson, filed, c/s. (Boyce, Kathy) (Entered: 12/04/2003) |
| 12/02/2003 | 604 | MOTION R: Presentence Report, as to Gary Lee Sampson FILED.(Boyce, Kathy) (Entered: 12/03/2003) |
| 12/02/2003 | 607 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 35 as to Gary Lee Sampson held on 12/2/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/03/2003) |
| 12/03/2003 | 610 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 36 as to Gary Lee Sampson held on 12/3/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/04/2003) |
| 12/04/2003 | 612 | EXHIBIT LIST (Revised 12/1/03) by Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 12/04/2003) |
| 12/04/2003 | 613 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 37 as to Gary Lee Sampson held on 12/4/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/05/2003) |
| 12/08/2003 | 625 | Proposed Jury Instructions – Mitigating Factors by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/12/2003) |
| 12/09/2003 | 616 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 38 as to Gary Lee Sampson held on 12/9/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/10/2003) |
| 12/11/2003 | 618 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 40 as to Gary Lee Sampson held on 12/11/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/12/2003) |
| 12/11/2003 | 629 | Response as to Gary Lee Sampson : 625 Proposed Jury Instructions filed by Gary Lee Sampson. (Boyce, Kathy) (Entered: 12/12/2003) |
| 12/12/2003 | 630 | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 41 as to Gary Lee Sampson held on 12/12/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/15/2003) |
| 12/15/2003 | 631 | Gov't's Supplental Memorandum Regarding the Sufficiency of the Evidence to Support the Gov't's Contention that the Carjacking and Resulting Murders of Phillip McCloskey and Jonathaqn Rizzo involved torture, FILED, c/s. (Boyce, Kathy) (Entered: 12/15/2003) |

43

| | | | |
|---|---|---|---|
| 12/15/2003 | 632 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 42 as to Gary Lee Sampson held on 12/15/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/15/2003) |
| 12/16/2003 | 635 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Trial – Day 43 as to Gary Lee Sampson held on 12/16/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/17/2003) |
| 12/17/2003 | 639 | | Deft's Submission of a Proposed Penalty–Phase Verdict Form by Stephanie Page by Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/18/2003) |
| 12/17/2003 | 641 | | AFFIDAVIT of Marc Agnifilo by USA as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 12/18/2003) |
| 12/17/2003 | 642 | | AFFIDAVIT of AUSA Kevin G. Walsh by USA as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 12/18/2003) |
| 12/17/2003 | 644 | | Electronic Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 44 as to Gary Lee Sampson held on 12/17/2003. Court goes over the jury instructions with the parties. (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/19/2003) |
| 12/18/2003 | 645 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial as to Gary Lee Sampson held on 12/18/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/19/2003 | 646 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 46 as to Gary Lee Sampson held on 12/19/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/22/2003 | 647 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 47 as to Gary Lee Sampson held on 12/22/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/23/2003 | 648 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Jury Trial – Day 48 as to Gary Lee Sampson held on 12/23/2003 (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/23/2003 | 649 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson Defendant's post trial motions shall be filed by 1/9/2004. Any response shall be due by 1/16/2004. A hearing if necesary will be held on 1/26/2004 at 10:00 AM in Courtroom 10 before Judge Mark L. Wolf. Sentencing set for 1/29/2004 01:00 PM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/23/2003 | 650 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson It is hereby ORDERED that the names andaddresses of the jurors shall be released to the media onDecember 30, 2003, at 9:30 a.m. (O'Leary, Dennis) (Entered: 12/23/2003) |
| 12/23/2003 | 654 | | JURY VERDICT as to Gary Lee Sampson (1) recommending death sentence on counts 1, 2 (Boyce, Kathy) Modified on 12/31/2003 (Boyce, Kathy). Additional attachment(s) added on 12/31/2003 (Boyce, Kathy). (Entered: 12/31/2003) |
| 12/30/2003 | 651 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re 650 Order |

| | | | |
|---|---|---|---|
| | | | Pursuant to the December 23, 2003 Order, attached is a list of the names, addresses, and juror numbers of the jurors who returned the verdicts in this case on December 23, 2003.Counsel are reminded that the First Circuit "prohibits thepost–verdict interview of jurors by counsel, litigants, or theiragents except under the supervision of the district court, and thenonly in such extraordinary situations as are deemed appropriate."United States v. Kepreos, 759 F.2d 961, 967 (1st Cir. 1985). (O'Leary, Dennis) (Entered: 12/30/2003) |
| 12/30/2003 | 653 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 12/30/2003) |
| 01/09/2004 | 657 | | Deft's POST–VERDICT MOTIONS With Incorporated Memorandum as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 01/14/2004) |
| 01/14/2004 | 656 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/14/2004) |
| 01/16/2004 | 659 | | Deft's Objections to, and Comments Upon, Govt's Proposed Form of Judgment, as to Gary Lee Sampson, FILED, c/s. (Boyce, Kathy) (Entered: 01/22/2004) |
| 01/16/2004 | 660 | | SUPPLEMENT TO 657 Post–Verdict MOTIONS filed by Gary Lee Sampson, FILED (Boyce, Kathy) (Entered: 01/22/2004) |
| 01/16/2004 | 670 | | MOTION for Extension of Time to 1/22/2004 to File Respond to Defendant's Post–verdict Motions as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 01/26/2004) |
| 01/16/2004 | | | Judge Mark L. Wolf : Electronic ORDER entered Allowing (67) however if the government is able to respond to some of the motions before 1/22/2004, it should do so. The court will decide if any other rescheduling is necessary after receiving the government's responses. (O'Leary, Dennis) (Entered: 01/26/2004) |
| 01/21/2004 | 669 | | Opposition by USA as to Gary Lee Sampson re 657 MOTION (O'Leary, Dennis) (Entered: 01/26/2004) |
| 01/22/2004 | 661 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/22/2004) |
| 01/22/2004 | 665 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/22/2004) |
| 01/22/2004 | 666 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re 661 Order, 665 Response to Court Order filed by Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/22/2004) |
| 01/23/2004 | 668 | | Response as to Gary Lee Sampson : to 666 Order, FILED, c/s. (Boyce, Kathy) (Entered: 01/23/2004) |
| 01/26/2004 | 671 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 1/26/2004 re 657 MOTION filed by Gary Lee Sampson (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 01/26/2004) |
| 01/26/2004 | 673 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson denying 655 657 MOTION filed by Gary Lee Sampson, Order to Unseal Document 655 and 658 as to Gary Lee Sampson. Sentencing set for 1/29/2004 01:00 PM in Courtroom 10 before Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: |

45

| | | | |
|---|---|---|---|
| | | | 01/27/2004) |
| 01/27/2004 | 674 | | MOTION for Leave to File as to Gary Lee Sampson by USA. (O'Leary, Dennis) (Entered: 01/27/2004) |
| 01/28/2004 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 674 Motion for Leave to File as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 01/28/2004) |
| 01/29/2004 | 676 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/29/2004) |
| 01/29/2004 | 677 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Sentencing held on 1/29/2004 for Gary Lee Sampson (1), Count(s) 1ss−2ss, Court sentences the defendant to death on both counts and $200.00 special assessment fee.. (Court Reporter Twomey.) (O'Leary, Dennis) (Entered: 01/29/2004) |
| 01/29/2004 | 678 | | Judge Mark L. Wolf : ORDER entered MEMORANDUM AND ORDER as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 01/29/2004) |
| 01/29/2004 | 679 | | Judge Mark L. Wolf : ORDER entered JUDGMENT as to Gary Lee Sampson (1), Count(s) 1ss−2ss, Court sentences the defendant to death on both counts and $200.00 special assessment fee. (O'Leary, Dennis) (Entered: 01/29/2004) |
| 01/29/2004 | 680 | | NOTICE OF APPEAL by Gary Lee Sampson re 679 Judgment Appeal Record due by 2/18/2004. (O'Leary, Dennis) (Entered: 01/29/2004) |
| 01/29/2004 | | | Documents 655 and 658 unsealed as to Gary Lee Sampson (Boyce, Kathy) (Entered: 01/29/2004) |
| 02/04/2004 | 681 | | Judge Mark L. Wolf : ORDER entered MEMORANDUM AND ORDER as to Gary Lee Sampson (O'Leary, Dennis) (Entered: 02/04/2004) |
| 02/24/2004 | 682 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re: post−sentence report (O'Leary, Dennis) (Entered: 02/25/2004) |
| 03/08/2004 | 684 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson re: post sentence report. (O'Leary, Dennis) (Entered: 03/08/2004) |
| 05/07/2004 | 691 | | Certified and Transmitted Record on Appeal as to Gary Lee Sampson to US Court of Appeals re 680 Notice of Appeal − Final Judgment, NOA #680 &Judgment #679 (Ramos, Jeanette). (Entered: 05/07/2004) |
| 05/07/2004 | 692 | | USCA Case Number as to Gary Lee Sampson 04−6001 for 680 Notice of Appeal − Final Judgment filed by Gary Lee Sampson. (Ramos, Jeanette) (Entered: 05/07/2004) |
| 05/10/2004 | 693 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal − Final Judgment, XIV Volumes &1 binder (Ramos, Jeanette) (Entered: 05/11/2004) |
| 05/12/2004 | 694 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal − Final Judgment, documents numbered 7, 17, 33 (Ramos, Jeanette) (Entered: 05/12/2004) |
| 07/07/2004 | 695 | | MOTION for Extension of Time to 7/7/04 to File its objections to the |

| | | | |
|---|---|---|---|
| | | | postsentence report as to Gary Lee Sampson by USA, FILED, c/s.(Boyce, Kathy) (Entered: 07/07/2004) |
| 08/04/2004 | 696 | | Judge Mark L. Wolf : ORDER entered as to Gary Lee Sampson: The parties shall, by August 20, 2004, file any objections to the post–sentence report. The court will not extend this deadline except upon motion for good cause shown. If either Gary Sampson or the gov't objects to the August 20, 2004 deadline for objections, that party shall by August 18, 2004 file an objection setting forth the grounds for the objection and a memorandum of reasons, including citation of supporting authorities, why the objection should be allowed. cc/cl. (Boyce, Kathy) (Entered: 08/04/2004) |
| 08/04/2004 | 697 | | Letter to Iris P. Golus, S.P.O. from David A. Runke, Esq. re the post–sentence report as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 08/06/2004) |
| 08/24/2004 | 698 | | TRANSCRIPT of Voir Dire as to Gary Lee Sampson held on October 16, 2003 before Judge Wolf. Court Reporter: Valerie A. O'Hara. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 978–465–1458 or the Clerk's Office. (Scalfani, Deborah) (Entered: 08/24/2004) |
| 08/25/2004 | 699 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, document number 698 (Ramos, Jeanette) (Entered: 08/26/2004) |
| 08/26/2004 | 700 | | Judge Mark L. Wolf : ORDER entered MEMORANDUM AND ORDER CONCERNING TRIAL RULINGS. It is hereby ORDERED that this Memorandum shall be served onthe parties and made part of the public record in this case. (O'Leary, Dennis) (Entered: 08/27/2004) |
| 08/26/2004 | 701 | | Judge Mark L. Wolf : MEMORANDUM AND ORDER CONCERNING POST–TRIAL MOTIONS. It is hereby ORDERED that:1. Defendant Gary Lee Sampson's motion for a new trial, or,in the alternative for an evidentiary hearing (Docket No. 655) isDENIED.2. Sampson's post–verdict motion (Docket No. 657) is DENIED. (O'Leary, Dennis) (Entered: 08/27/2004) |
| 09/01/2004 | 703 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 700–702 (Ramos, Jeanette) (Entered: 09/01/2004) |
| 09/27/2004 | 704 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on May 22, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 705 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on June 16, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 706 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on August 21, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by |

47

| | | | |
|---|---|---|---|
| | | | contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 707 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 2, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 708 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 2, 2003 before Judge Wolf. Court Reporter: Judith A, Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 709 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 710 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 711 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 16, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 712 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 18, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 713 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on September 30, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 714 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 1, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 715 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 2, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) |

48

| | | | |
|---|---|---|---|
| | | | Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 716 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 7, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 717 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 8, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 718 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 9, 2003 before Judge Wolf. Court Reporter: Judith A.Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 719 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 14, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 720 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 15, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 721 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 722 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on October 30, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 723 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 5, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |
| 09/27/2004 | 724 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 6, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 9/27/2004 (Scalfani, Deborah). (Entered: 09/27/2004) |

| 09/27/2004 | 725 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on December 7, 2001 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 09/27/2004) |
| 09/27/2004 | 726 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on December 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 09/27/2004) |
| 09/27/2004 | 727 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on December 10, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 09/27/2004) |
| 09/28/2004 | 728 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 704–727 (Ramos, Jeanette) (Entered: 09/29/2004) |
| 10/01/2004 | 729 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 6, 2002 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 730 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on January 3, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 731 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on January 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 732 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on May 22, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 733 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on June 11, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 734 | | TRANSCRIPT (Excerpt)of Proceedings as to Gary Lee Sampson held on June 11, 2003 before Judge Wolf. Court Reporter: Judith Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be |

| | | | |
|---|---|---|---|
| | | | obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 735 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on June 16, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 736 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on August 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/01/2004 | 737 | | TRANSCRIPT of Proceedings as to Gary Lee Sampson held on August 21, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/01/2004) |
| 10/05/2004 | 738 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 729–737 (Ramos, Jeanette) (Entered: 10/05/2004) |
| 10/22/2004 | 739 | | TRANSCRIPT of Initial Appearance as to Gary Lee Sampson held on November 5, 2001 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 740 | | TRANSCRIPT of Change of Plea as to Gary Lee Sampson held on September 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 741 | | TRANSCRIPT of Jury Pool as to Gary Lee Sampson held on September 18, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 742 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on October 30, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 743 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on October 31, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |

51

| | | | |
|---|---|---|---|
| 10/22/2004 | 744 | | TRANSCRIPT of Jury Trial Day Nine (Morning Session) as to Gary Lee Sampson held on November 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 745 | | TRANSCRIPT of Rule 29 Motion Hearing as to Gary Lee Sampson held on November 24, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 746 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 5, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 747 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 6, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 748 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 10, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 749 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 12, 2003 before Judge Wolf. Court Reporter: Judith A.Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 750 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 13, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 751 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 752 | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 18, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 753 | | |

| | | | |
|---|---|---|---|
| | | | SEALED TRANSCRIPT as to Gary Lee Sampson held on November 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/22/2004) |
| 10/22/2004 | 754 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. documents numbered 739–753 (Ramos, Jeanette) (Entered: 10/22/2004) |
| 10/27/2004 | 755 | | TRANSCRIPT of Jury Selection (Excused Jurors) as to Gary Lee Sampson held on September 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/27/2004) |
| 10/27/2004 | 756 | | TRANSCRIPT of Jury Selection (Excused Jurors) as to Gary Lee Sampson held on October 1, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/27/2004) |
| 10/27/2004 | 757 | | TRANSCRIPT of Jury Selection (Excused Jurors) as to Gary Lee Sampson held on October 2, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 10/27/2004) |
| 10/28/2004 | 758 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 755–757 (Ramos, Jeanette) (Entered: 11/02/2004) |
| 11/04/2004 | 759 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 7, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/04/2004) |
| 11/04/2004 | 760 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 8, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/04/2004) |
| 11/04/2004 | 761 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/04/2004) |
| 11/05/2004 | 762 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, document number 759–761 (Ramos, Jeanette) (Entered: 11/08/2004) |
| 11/12/2004 | 763 | | TRANSCRIPT of Rule 29 Motion Hearing as to Gary Lee Sampson held on |

53

| | | | |
|---|---|---|---|
| | | | November 25, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 764 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 2, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 765 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 3, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 766 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 4, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 767 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 5, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 768 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 9, 2003 before Judge Wolf. Court Reporter: Judith A.Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 769 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 10, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 770 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 11, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 771 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 12, 2003 before Judge Wolf. Court Reporter: Judith A.Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 772 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. |

| | | | |
|---|---|---|---|
| | | | The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 773 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 774 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on January 26, 2004 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 775 | | TRANSCRIPT of Sentencing Hearing as to Gary Lee Sampson held on January 29, 2004 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/12/2004) |
| 11/12/2004 | 776 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 763–774 (Ramos, Jeanette). (Entered: 11/16/2004) |
| 11/22/2004 | 777 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 14, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) Modified on 11/22/2004 (Scalfani, Deborah). (Entered: 11/22/2004) |
| 11/22/2004 | 778 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 15, 2004 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/22/2004) |
| 11/23/2004 | 779 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents number 777, 778 (Ramos, Jeanette) (Entered: 11/23/2004) |
| 12/17/2004 | 782 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/17/2004) |
| 12/17/2004 | 783 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/17/2004) |

| 12/17/2004 | 784 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment (Gawlik, Cathy) (Entered: 12/22/2004) |
|---|---|---|---|
| 01/04/2005 | 786 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 21, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 01/04/2005) |
| 01/05/2005 | 787 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, Sealed Transcript #786. (Gawlik, Cathy) (Entered: 01/05/2005) |
| 01/19/2005 | 788 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 22, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 01/19/2005) |
| 01/20/2005 | 789 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, document number 788 (Ramos, Jeanette) (Entered: 01/20/2005) |
| 03/16/2005 | 790 | | SEALED TRANSCRIPT of Jury Voir Dire as to Gary Lee Sampson held on October 23, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 03/16/2005) |
| 03/18/2005 | 791 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, document number 790 (Ramos, Jeanette) (Entered: 03/23/2005) |
| 04/13/2005 | 792 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 12, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/13/2005) |
| 04/13/2005 | 793 | | TRANSCRIPT of Jury Trial as to Gary Lee Sampson held on December 15, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/13/2005) |
| 04/13/2005 | 794 | | TRANSCRIPT of Jury Trial as to Gary Lee Sampson held on December 16, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/13/2005) |
| 04/13/2005 | 795 | | TRANSCRIPT of Jury Deliberations as to Gary Lee Sampson held on December 22, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or |

| | | | |
|---|---|---|---|
| | | | the Clerk's Office. (Scalfani, Deborah) (Entered: 04/13/2005) |
| 04/13/2005 | 796 | | TRANSCRIPT of Jury Deliberations/Verdict as to Gary Lee Sampson held on December 23, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/13/2005) |
| 04/14/2005 | 797 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 792–796 (Ramos, Jeanette) (Entered: 04/14/2005) |
| 04/21/2005 | 798 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 27, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/21/2005) |
| 04/21/2005 | 799 | | TRANSCRIPT of Pretrial Conference (PM) as to Gary Lee Sampson held on October 27, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/21/2005) |
| 04/21/2005 | 800 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 4, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/21/2005) |
| 04/21/2005 | 801 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on December 1, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/21/2005) |
| 04/21/2005 | 802 | | TRANSCRIPT of Closing Arguments as to Gary Lee Sampson held on December 18, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/21/2005) |
| 04/22/2005 | 803 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 798–802 (Ramos, Jeanette) (Entered: 04/22/2005) |
| 04/26/2005 | 804 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on November 3, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/26/2005) |
| 04/26/2005 | 805 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 3, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies |

57

| | | | |
|---|---|---|---|
| | | | may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/26/2005) |
| 04/26/2005 | 806 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 19, 2003 before Judge Wolf. Court Reporter: Judith A Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/26/2005) |
| 04/26/2005 | 807 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 20, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/26/2005) |
| 04/26/2005 | 808 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 12, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/26/2005) |
| 04/28/2005 | 809 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 804–808 (Ramos, Jeanette) (Entered: 04/28/2005) |
| 04/29/2005 | 810 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 12, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/29/2005) |
| 04/29/2005 | 811 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 12, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/29/2005) |
| 04/29/2005 | 812 | | TRANSCRIPT of Motion to Suppress Hearing as to Gary Lee Sampson held on December 15, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/29/2005) |
| 04/29/2005 | 813 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 15, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/29/2005) |
| 05/03/2005 | 814 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 810–813 (Ramos, Jeanette) (Entered: 05/03/2005) |
| 05/23/2005 | 815 | | TRANSCRIPT of Arraignment as to Gary Lee Sampson held on June 14, 2002 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts |

| | | | |
|---|---|---|---|
| | | | are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 05/23/2005) |
| 05/23/2005 | 816 | | SEALED TRANSCRIPT of Telephone Conference as to Gary Lee Sampson held on June 5, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 05/23/2005) |
| 05/23/2005 | 817 | | SEALED TRANSCRIPT of Telephone Conference as to Gary Lee Sampson held on August 15, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 05/23/2005) |
| 05/23/2005 | 818 | | TRANSCRIPT of Jury Selection as to Gary Lee Sampson held on September 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 05/23/2005) |
| 05/23/2005 | 819 | | SEALED TRANSCRIPT of Jury Selection as to Gary Lee Sampson held on September 30, 2002 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/946–2577 or the Clerk's Office. (Scalfani, Deborah) (Entered: 05/23/2005) |
| 05/24/2005 | 820 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment, documents numbered 815–819 (Ramos, Jeanette) (Entered: 05/24/2005) |
| 11/14/2005 | 822 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on September 8, 2003 before Judge Wolf. Court Reporter: Judith A Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 823 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on September 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 824 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on September 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 825 | | TRANSCRIPT of Telephone Conference as to Gary Lee Sampson held on September 23, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 11/15/2005 (Scalfani, Deborah). (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/15/2005) |
| 11/14/2005 | 826 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on September 25, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 827 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on September 29, 2003 before Judge Wolf. Court Reporter: Judith A Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 828 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 7, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 829 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 8, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 830 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 21, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 831 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on October 30, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 832 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 6, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 833 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 10, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 834 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 13, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |

| 11/14/2005 | 835 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 17, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 836 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 18, 2003 before Judge Wolf. Court Reporter: Judith A, Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 837 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/14/2005 | 838 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 20, 2003 before Judge Wolf. Court Reporter: Judith A.Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 11/15/2005) |
| 11/16/2005 | 839 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment Documents included: 822–838, transcripts, (Gawlik, Cathy) (Entered: 11/16/2005) |
| 12/05/2005 | 840 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on November 24, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 841 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 3, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 842 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 4, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 843 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 9, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 12/5/2005 (Scalfani, Deborah). (Entered: 12/05/2005) |
| 12/05/2005 | 844 | | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 10, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. |

| | | |
|---|---|---|
| | | The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 845 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 11, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 846 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 12, 2003 before Judge Wolf. Court Reporter: Judith Womey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) Modified on 12/5/2005 (Scalfani, Deborah). (Entered: 12/05/2005) |
| 12/05/2005 | 847 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 16, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 848 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 18, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 849 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 19, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/05/2005 | 850 | SEALED TRANSCRIPT of Proceedings as to Gary Lee Sampson held on December 23, 2003 before Judge Wolf. Court Reporter: Judith A. Twomey. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter or the Clerk's Office. (Scalfani, Deborah) (Entered: 12/05/2005) |
| 12/07/2005 | 851 | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment Documents included: 840–850 (Ramos, Jeanette) (Entered: 12/07/2005) |
| 12/27/2005 | 852 | Judge Mark L. Wolf : ORDER entered. as to Gary Lee Sampson (Attachments: # 1 # 2 # 3 # 4 # 5) (O'Leary, Dennis) (Entered: 12/27/2005) |
| 01/12/2006 | 853 | AFFIDAVIT by Gary Lee Sampson 852 Order (Sheketoff, Robert) (Entered: 01/12/2006) |
| 01/13/2006 | 854 | Joint MOTION to Unseal Document , *portions of the trial record* as to Gary Lee Sampson. (Ruhnke, David) (Entered: 01/13/2006) |
| 01/14/2006 | 855 | RESPONSE TO COURT ORDER by Gary Lee Sampson (Attachments: # 1 Appendix to Declaration of David A. Ruhnke)(Ruhnke, David) (Entered: |

| | | | |
|---|---|---|---|
| | | | 01/14/2006) |
| 01/14/2006 | 856 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (Attachments: # 1)(Ruhnke, David) (Entered: 01/14/2006) |
| 01/14/2006 | 857 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (Ruhnke, David) (Entered: 01/14/2006) |
| 02/07/2006 | 859 | | ORDER ESTABLISHING A HEARING ON MOTION as to Gary Lee Sampson on the Joint Motion to Unseal. Motion Hearing set for 2/17/2006 11:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 02/07/2006) |
| 02/07/2006 | 860 | | Judge Mark L. Wolf : ORDER entered. as to Gary Lee Sampson re 855 Response to Court Order filed by Gary Lee Sampson,, 857 Response to Court Order filed by Gary Lee Sampson. Setting hearing for 2/17/2006 at 11:00 AM in courtroom 10 on the 5th floor before Chief Judge mark L. Wolf. (Attachments: # 1) (O'Leary, Dennis) (Entered: 02/07/2006) |
| 02/07/2006 | 861 | | Assented to MOTION to Continue *hearing date* as to Gary Lee Sampson. (Ruhnke, David) (Entered: 02/07/2006) |
| 02/10/2006 | | | Judge Mark L. Wolf : Electronic ORDER entered granting 861 Motion to Continue as to Gary Lee Sampson (1). ALLOWED. The hearing is rescheduled for March 3, 2006 at 3:00 PM. (O'Leary, Dennis) (Entered: 02/10/2006) |
| 03/03/2006 | 864 | | Clerk's Notes for proceedings held before Judge Mark L. Wolf :Motion Hearing as to Gary Lee Sampson held on 3/3/2006 re 854 Joint MOTION to Unseal Document , *portions of the trial record* filed by Gary Lee Sampson, (Court Reporter Romanow.) (O'Leary, Dennis) (Entered: 03/03/2006) |
| 03/03/2006 | 867 | | Judge Mark L. Wolf : ORDER entered. as to Gary Lee Sampson re 852 Order, 853 Affidavit filed by Gary Lee Sampson,, 855 Response to Court Order filed by Gary Lee Sampson,, 856 Response to Court Order filed by Gary Lee Sampson,, 857 Response to Court Order filed by Gary Lee Sampson, (O'Leary, Dennis) (Entered: 03/03/2006) |
| 03/06/2006 | 868 | | AFFIDAVIT of Robert L. Sheketoff by Gary Lee Sampson (Sheketoff, Robert) (Entered: 03/06/2006) |
| 03/06/2006 | 869 | | AFFIDAVIT of Robert L. Sheketoff by Gary Lee Sampson (Sheketoff, Robert) (Entered: 03/06/2006) |
| 03/09/2006 | 870 | | AFFIDAVIT of David A. Ruhnke by Gary Lee Sampson (Ruhnke, David) (Entered: 03/09/2006) |
| 03/09/2006 | 871 | | AFFIDAVIT of Stephanie Page by Gary Lee Sampson (Ruhnke, David) (Entered: 03/09/2006) |
| 03/29/2006 | 882 | | Judge Mark L. Wolf : ORDER entered. as to Gary Lee Sampson (w/o attachments – too large to scan) (O'Leary, Dennis) (Entered: 04/05/2006) |
| 03/29/2006 | 883 | | Judge Mark L. Wolf : ORDER entered unsealing certain portions of the trial record in redacted form as to Gary Lee Sampson. (w/o attachments as they are too large to scan) (O'Leary, Dennis) (Entered: 04/05/2006) |
| 03/29/2006 | 884 | | |

| | | | |
|---|---|---|---|
| | | | Judge Mark L. Wolf : ORDER entered unsealing certain portions of the trial record in redacted form as to Gary Lee Sampson. (w/o attachments as they are too large to scan) (O'Leary, Dennis) (Entered: 04/05/2006) |
| 03/30/2006 | 885 | | Judge Mark L. Wolf : ORDER entered unsealing certain documents or portions thereof Gary Lee Sampson. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9) (O'Leary, Dennis) (Entered: 04/05/2006) |
| 04/04/2006 | 880 | | TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on March 3, 2006 before Judge Wolf. Court Reporter: Richard H. Romanow. The original transcripts are maintained in the case file in the Clerk's Office. Copies may be obtained by contacting the court reporter at 617/737–0370 or the Clerk's Office. (Scalfani, Deborah) (Entered: 04/04/2006) |
| 04/04/2006 | 881 | | SEALED EXCERPT TRANSCRIPT of Motion Hearing as to Gary Lee Sampson held on March 3, 2006 before Judge Wolf. Court Reporter: Richard H. Romanow. The original transcripts are maintained in the case file in the Clerk's Office. (Scalfani, Deborah) (Entered: 04/04/2006) |
| 04/05/2006 | 886 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment Documents included: 880–881 (Scalfani, Deborah) (Entered: 04/05/2006) |
| 04/14/2006 | 887 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment Documents included: 882, 883, 884, 885 (Gawlik, Cathy) (Entered: 04/14/2006) |
| 04/21/2006 | 889 | | Judge Mark L. Wolf : ORDER entered. Order to Unseal Document as to Gary Lee Sampson. (Attachments: # 1 # 2) (O'Leary, Dennis) (Entered: 05/01/2006) |
| 12/21/2006 | | | Electronic directory containing verdict sheets received from David A. Ruhnke, Esquire, as to Gary Lee Sampson, FILED. (Gawlik, Cathy) Additional attachment(s) added on 12/21/2006 (Gawlik, Cathy). (Entered: 12/21/2006) |
| 12/21/2006 | 891 | | Transmitted Supplemental Record on Appeal as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment Documents included: *890 (Gawlik, Cathy) Additional attachment(s) added on 12/21/2006 (Gawlik, Cathy). (Entered: 12/21/2006) |
| 05/08/2007 | 892 | | ORDER of USCA (certified copy) as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. The court's opinion in this case is filed today under seal and made available at this time only to counsel for the parties and the district judge. The court has referred in the opinion as little as possible to material contained exclusively in sealed (rather than in both sealed and unsealed, or unsealed alone) filings. The court will unseal and release the opinion in accordance with the following schedule. (See Order for futher details) (Order entered in the USCA 5/7/2007) (Ramos, Jeanette) (Entered: 05/08/2007) |
| 05/08/2007 | 893 | | JUDGMENT of USCA (certified copy) as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. This cause came on to be heard on appeal from the United States District Court for the District of Massachusetts and was argued by counsel. Upon consideration whereof, it is now here ordered, adjudged and decreed as follow: The sentence of death is affirmed. (Judgment entered in the USCA 5/7/2007) (Ramos, Jeanette) Additional attachment(s) |

| | | | |
|---|---|---|---|
| | | | added on 5/8/2007 (Ramos, Jeanette). (Entered: 05/08/2007) |
| 05/08/2007 | | | Notice of correction to docket made by Court staff. Correction: document number 893 corrected because: because incorrect document was attached as to Gary Lee Sampson (Ramos, Jeanette) (Entered: 05/08/2007) |
| 05/08/2007 | 894 | | Sealed Document (Attachments: # 1 Part II of Opinion# 2 Part II of Opinion)(Boyce, Kathy) (Entered: 05/08/2007) |
| 05/15/2007 | 895 | | ORDER of USCA (certified copy) as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. Appellant Gary Lee Sampson's assented to motion for an extension of time within which to file a petition for panel and en banc rehearing, and for leave to file an oversized petition pursuant to Local Rule 35.0(d). is granted. The appellant's petition for rehearing is to be filed by 5:00 p.m. on, or before, June 6, 2007. The appellant may file a petition for rehearing of up to thirty (30) pages. (Order filed in the USCA 5/14/2007) (Ramos, Jeanette) (Entered: 05/15/2007) |
| 07/30/2007 | 896 | | ORDER of USCA (certified copy) as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. LIPEZ, Circuit Judge, dessenting from the denial of en banc review. I was a member of the panel in this case. With the one qualification noted in the opinion, I fully support the decision that the panel reached. Nevertheless, I regret the denial of rehearing en banc. This case is unlike any other our circuit has considered. Despite my confidence in the panel's judgment, I believe that the issued raised by the imposition of the death penalty are so important and challenges that our decision here –– and future decisions –– should be informed by the views of colleagues who wish to contribute to the circuit's developing jurisprudence in this area. I therefore respectfully dissent from denial of the petition for enbanc review. Order entered in the USCA 7/27/2007 (Ramos, Jeanette) (Entered: 07/30/2007) |
| 08/06/2007 | 897 | | MANDATE of USCA (certified copy) as to Gary Lee Sampson re 680 Notice of Appeal – Final Judgment. AFFIRMED. (Ramos, Jeanette) (Entered: 08/06/2007) |
| 08/06/2007 | | | Appeal Record Returned as to Gary Lee Sampson: (Ramos, Jeanette) (Entered: 08/06/2007) |
| 05/07/2008 | 898 | | SEALED Document (Boyce, Kathy) (Entered: 05/07/2008) |
| 06/25/2008 | 899 | | Chief Judge Mark L. Wolf: ORDER entered. Therefore, it is hereby ORDERED that: 1. Sampson's Ex Parte Motion for Appointment of Counsel to Pursue Post–conviction Remedies (Docket No. 898) is ALLOWED to the extent that it requests appointment of counsel to pursuepostconviction remedies. 2. William E. McDaniels, Susan K. Marcus, and Miriam Conrad are APPOINTED as counsel for Sampson for any and all postconviction proceedings, including the filing of a motion under 28 U.S.C. §2255. Appointed counsel are authorized to use the services of attorneys associated with them.3. Sampson's appellate counsel, David A. Ruhnke, shall file a motion to withdraw forthwith. 4. Counsel for Sampson shall, by August 15, 2008: a) File, ex parte and under seal, a proposed litigation budget that represents their best preliminary estimate of the costs of all services (counsel, expert, investigative, and other) likely to be needed during the postconviction proceedings in this matter; and b) File an affirmation that they have obtained a copy of the record in this matter. (O'Leary, Dennis) (Entered: 06/25/2008) |

65

| | | | |
|---|---|---|---|
| 06/25/2008 | 900 | | NOTICE OF ATTORNEY APPEARANCE: J. Martin Richey appearing for Gary Lee Sampson (Richey, J.) (Entered: 06/25/2008) |
| 06/26/2008 | 901 | | MOTION for Leave to Appear Pro Hac Vice by Susan K. Marcus as to Gary Lee Sampson. (Attachments: # 1 Affidavit)(Conrad, Miriam) (Entered: 06/26/2008) |
| 06/26/2008 | 902 | | MOTION for Leave to Appear Pro Hac Vice by William E. McDaniels, Jennifer Wicht as to Gary Lee Sampson. (Attachments: # 1 Affidavit, # 2 Affidavit)(Conrad, Miriam) (Entered: 06/26/2008) |
| 06/27/2008 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 901 Motion for Leave to Appear Pro Hac Vice for Attorney Wiiliam E McDaniels for and, Jennifer G Wicht for and, Susan Katherine Marcus for and. as to Gary Lee Sampson (1); granting 902 Motion for Leave to Appear Pro Hac Vice for Attorney Wiiliam E McDaniels for and, Jennifer G Wicht for and, Susan Katherine Marcus for and. as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 06/27/2008) |
| 07/01/2008 | 903 | | EX PARTE MOTION for Authorization of Services or Funds, SEALED MOTION as to Gary Lee Sampson. (O'Leary, Dennis) (Entered: 07/01/2008) |
| 07/01/2008 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 903 Motion for Authorization of Services or Funds as to Gary Lee Sampson (1); granting 903 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/01/2008) |
| 07/02/2008 | 904 | | NOTICE OF ATTORNEY APPEARANCE: Susan Katherine Marcus appearing for Gary Lee Sampson (Marcus, Susan) (Entered: 07/02/2008) |
| 07/03/2008 | 905 | | NOTICE OF ATTORNEY APPEARANCE: William E. McDaniels appearing for Gary Lee Sampson (McDaniels, William) Text Modified on 7/7/2008 to correct the spelling of the first name of atty. (Boyce, Kathy). (Entered: 07/03/2008) |
| 07/03/2008 | 906 | | NOTICE OF ATTORNEY APPEARANCE: Jennifer G. Wicht appearing for Gary Lee Sampson (Wicht, Jennifer) (Entered: 07/03/2008) |
| 07/03/2008 | 908 | | Letter (non−motion) to Chief Judge Wolf from Miriam Conrad, Federal Defender requesting that Elizabeth L. Prevett be permitted to appear in the case, FILED (Boyce, Kathy) (Entered: 07/08/2008) |
| 07/06/2008 | 907 | | NOTICE of Withdrawal of Appearance of Attorney David A. Ruhnke as to Gary Lee Sampson (Ruhnke, David) (Entered: 07/06/2008) |
| 07/06/2008 | | | Attorney update in case as to Gary Lee Sampson. Attorney David A. Ruhnke terminated. (Boyce, Kathy) (Entered: 07/07/2008) |
| 07/07/2008 | | | Attorney update in case as to Gary Lee Sampson. Attorney William E. McDaniels for Gary Lee Sampson added. (Boyce, Kathy) (Entered: 07/07/2008) |
| 07/28/2008 | 909 | | MOTION for Leave to Appear Pro Hac Vice by Thomas P. Windom as to Gary Lee Sampson. (Attachments: # 1 Affidavit)(Conrad, Miriam) (Entered: 07/28/2008) |
| 08/04/2008 | | | |

66

| | | | |
|---|---|---|---|
| | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 909 Motion for Leave to Appear Pro Hac Vice for Attorney Thomas P. Windom for and. as to Gary Lee Sampson (1). Counsel shall file a notice of appearance that contains all of his contact information and shall register for electronic filing forthwith. (O'Leary, Dennis) (Entered: 08/04/2008) |
| 08/11/2008 | 910 | | NOTICE OF ATTORNEY APPEARANCE: Thomas P. Windom appearing for Gary Lee Sampson (Windom, Thomas) (Entered: 08/11/2008) |
| 08/15/2008 | 911 | | Ex Parte SEALED Document as to Gary Lee Sampson (Boyce, Kathy) (Entered: 08/18/2008) |
| 08/29/2008 | | | Judge Chief Judge Mark L. Wolf: ELECTRONIC ENDORSEMENT as to Gary Lee Sampson re 908 Letter (non−motion). ALLOWED. (O'Leary, Dennis) (Entered: 08/29/2008) |
| 08/29/2008 | 912 | | Chief Judge Mark L. Wolf: ORDER entered granting 911 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 08/29/2008) |
| 09/02/2008 | 914 | | NOTICE OF ATTORNEY APPEARANCE Mark T. Quinlivan appearing for USA. (Quinlivan, Mark) (Entered: 09/02/2008) |
| 09/30/2008 | 915 | | SEALED MOTION (Boyce, Kathy) (Entered: 09/30/2008) |
| 09/30/2008 | 916 | | SEALED MOTION(Boyce, Kathy) (Entered: 09/30/2008) |
| 10/01/2008 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 915 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 10/01/2008) |
| 10/01/2008 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 916 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 10/01/2008) |
| 10/08/2008 | 917 | | SEALED DOCUMENT(Boyce, Kathy) (Entered: 10/09/2008) |
| 10/08/2008 | 918 | | SEALED DOCUMENT(Boyce, Kathy) (Entered: 10/09/2008) |
| 10/23/2008 | 919 | | SEALED MOTION (Boyce, Kathy) (Entered: 10/27/2008) |
| 10/23/2008 | 920 | | SEALED MOTION (Boyce, Kathy) (Entered: 10/27/2008) |
| 02/13/2009 | 925 | | SEALED DOCUMENT (Boyce, Kathy) (Entered: 02/13/2009) |
| 03/25/2009 | 926 | | SEALED MOTION as to Gary Lee Sampson(Boyce, Kathy) (Entered: 03/25/2009) |
| 03/25/2009 | 927 | | SEALED MOTION as to Gary Lee Sampson (Attachments: # 1 Exhibit A−X)(Boyce, Kathy) (Entered: 03/25/2009) |
| 03/26/2009 | 928 | | Chief Judge Mark L. Wolf: ORDER entered It is hereby ORDERED that:1. Gary Lee Sampson's Motion to Seal and Impound AttachedMotion for Discovery (Docket No. 926) is ALLOWED without prejudiceto possible reconsideration. Sampson shall, by April 3, 2009, filea redacted version for the public record.2. The government shall, by April 13, 2009, respond toSampson's First Motion for Discovery. The response shall be filedunder seal. A redacted version of the response shall be filed forthe public record.3. Sampson shall, by April 23, 2009, file any reply.4. A hearing on Sampson's First Motion for Discovery will beheld on May 4, 2009, at 3:00 p.m.5. The government shall assemble the requested discovery sothat it can be produced forthwith if the |

| | | | |
|---|---|---|---|
| | | | court decides to order theproduction of any or all of the requested documents andinformation. (O'Leary, Dennis) (Entered: 03/26/2009) |
| 03/27/2009 | 929 | | Sealed Document (Boyce, Kathy) (Entered: 03/27/2009) |
| 03/27/2009 | 930 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson: Deft Gary Lee Sampson's First Motion for Discovery, filed on March 25, 2009, has a certificate of service. However, the government's March 27, 2009 submission in response to the March 26, 2009 Order states that his motion has not yet been served on the government. Therefore, it is hereby ORDERED that the deft shall provide a copy of the First Motion for Discovery and the related Motion to Seal to the government forthwith. (Boyce, Kathy) (Entered: 03/27/2009) |
| 04/03/2009 | 931 | | Sealed Document (Boyce, Kathy) (Entered: 04/03/2009) |
| 04/03/2009 | 932 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/03/2009) |
| 04/03/2009 | 933 | | First MOTION for Discovery as to Gary Lee Sampson. (Attachments: # 1 Exhibit Exhibits Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X)(Windom, Thomas) (Entered: 04/03/2009) |
| 04/10/2009 | 934 | | Chief Judge Mark L. Wolf: ORDER entered granting 932 Sealed Motion as to Gary Lee Sampson (1). It is hereby ORDERED that: 1. The Governments Motion For Partial Relief from Sealing Orders (Docket No. 932) is ALLOWED and, therefore, former Assistant United States Attorney Frank Gaziano may have access to materials filed under seal. 2. Paragraph 5 of the March 26, 2009 Order, requiring that the government assemble the requested discovery in advance of the May 4, 2009 hearing, is VACATED. (O'Leary, Dennis) (Entered: 04/10/2009) |
| 04/12/2009 | 937 | | Assented to MOTION to Continue *Change Date and/or Time of Hearing On Defendant's First Motion For Discovery* as to Gary Lee Sampsonby USA. (Vien, George) (Entered: 04/12/2009) |
| 04/13/2009 | 938 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/14/2009) |
| 04/13/2009 | 939 | | Sealed Document (Boyce, Kathy) (Entered: 04/14/2009) |
| 04/14/2009 | 940 | | Sealed Document (Boyce, Kathy) (Entered: 04/14/2009) |
| 04/14/2009 | 941 | | Sealed Document (Entered: 04/14/2009) |
| 04/15/2009 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 938 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 04/15/2009) |
| 04/15/2009 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 937 Motion to Continue as to Gary Lee Sampson (1). ALLOWED. The hearing will be held at 9:30 on May 5, 2009. (O'Leary, Dennis) (Entered: 04/15/2009) |
| 04/15/2009 | 942 | | SEALED MOTION. (Boyce, Kathy) (Entered: 04/15/2009) |
| 04/15/2009 | 943 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/15/2009) |

| 04/17/2009 | 945 | | Opposition by USA to 933 First MOTION for 2255 Discovery, FILED. (REDACTED VERSION FOR PUBLIC DISCLOSURE) (Boyce, Kathy) (Entered: 04/20/2009) |
|---|---|---|---|
| 04/20/2009 | 946 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/20/2009) |
| 04/20/2009 | 947 | | SEALED MOTION(Boyce, Kathy) (Entered: 04/20/2009) |
| 04/22/2009 | 948 | | Chief Judge Mark L. Wolf: ORDER entered granting 947 Sealed Motion as to Gary Lee Sampson (1): It is hereby ORDERED that Gary Lee Sampson's Motion for Partial Relief from Sealing Orders (Docket No. 947) is ALLOWED and, therefore, Sampson's trial counsel may have access to materials filed under seal. (Boyce, Kathy) (Entered: 04/22/2009) |
| 04/23/2009 | 949 | | NOTICE OF ATTORNEY APPEARANCE: Elizabeth L. Prevett appearing for Gary Lee Sampson (Prevett, Elizabeth) (Entered: 04/23/2009) |
| 04/23/2009 | 950 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/23/2009) |
| 04/23/2009 | 951 | | Sealed Document (Attachments: # 1 Exhibit Y, # 2 Exhibit Z)(Boyce, Kathy) (Entered: 04/23/2009) |
| 04/24/2009 | 952 | | Motion to Defer Discovery Hearing filed by USA (Boyce, Kathy) Modified on 4/30/2009 (O'Leary, Dennis). (Entered: 04/24/2009) |
| 04/29/2009 | 953 | | Sealed Document (Boyce, Kathy) (Entered: 04/29/2009) |
| 04/29/2009 | 954 | | Chief Judge Mark L. Wolf: ORDER entered. Accordingly, it is hereby ORDERED that: 1. The Motion (Docket No. 952) is UNSEALED and DENIED. 2. The parties shall confer and, by May 1, 2009, at 4:00 p.m., report on any agreements they may have reached and identifythe most important issues to be addressed at the May 5, 2009 hearing. (O'Leary, Dennis) (Entered: 04/29/2009) |
| 04/29/2009 | | | Document unsealed as to Gary Lee Sampson. 952 SEALED MOTION (O'Leary, Dennis) (Entered: 04/29/2009) |
| 04/29/2009 | 955 | | MOTION for Partial Lifting of Seal as to Gary Lee Sampson. (Windom, Thomas) (Entered: 04/29/2009) |
| 04/29/2009 | 956 | | REPLY TO RESPONSE to Motion by Gary Lee Sampson re 933 First MOTION for Discovery *(Redacted Reply)* (Attachments: # 1 Exhibit Y, # 2 Exhibit Z)(Windom, Thomas) (Entered: 04/29/2009) |
| 05/01/2009 | 957 | | Sealed Document (Boyce, Kathy) (Entered: 05/01/2009) |
| 05/01/2009 | 959 | | Response as to Gary Lee Sampson: 957 GOVERNMENTS SUBMISSION TO CLARIFY ITS POSITION REGARDING ISSUE ONE. (O'Leary, Dennis) Modified on 5/6/2009 (O'Leary, Dennis). (Entered: 05/05/2009) |
| 05/04/2009 | 958 | | Joint MOTION *Submission Regarding May 5, 2009 Hearing REDACTED* as to Gary Lee Sampsonby USA. (Vien, George) (Entered: 05/04/2009) |
| 05/05/2009 | 960 | | Clerk Notes for proceedings held before Chief Judge Mark L. Wolf: Motion Hearing as to Gary Lee Sampson held on 5/5/2009 re 958 Joint MOTION *Submission Regarding May 5, 2009 Hearing REDACTED* filed by USA. (Court Reporter Romanow.) (O'Leary, Dennis) (Entered: 05/05/2009) |

| 05/06/2009 | 962 | | Chief Judge Mark L. Wolf: MEMORANDUM and ORDER entered. Accordingly, it is hereby ORDERED that:1. Gary Lee Sampsons First Motion for Discovery (Docket No. 927) is DENIED without prejudice to consideration of a motion seeking similar discovery, or a motion to amend based on information received in discovery, after his §2255 petition is filed. 2. Both parties shall file a second copy of exhibits filedunder seal in relation to the First Motion for Discovery and shall, in the future, file two copies of any exhibits not filed electronically. (O'Leary, Dennis) (Entered: 05/06/2009) |
|---|---|---|---|
| 05/08/2009 | 964 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/08/2009) |
| 05/08/2009 | 965 | | Sealed Document (Boyce, Kathy) (Entered: 05/08/2009) |
| 05/08/2009 | 966 | | Sealed Document (Boyce, Kathy) (Entered: 05/08/2009) |
| 05/11/2009 | 967 | | MOTION to Vacate under 28 U.S.C. 2255 as to Gary Lee Sampson (Attachments: # 1 Part 2 of Redacted 2255 Motion, # 2 Part 3 of Redacted Motion to Vacate, # 3 Part 4 of Redacted Motion to Vacate, # 4 Civil Cover Sheet, # 5 Category Sheet)(Boyce, Kathy) Civil case 1:09–cv–10762 opened. (Additional attachment(s) added on 5/11/2009: # 6 Exhibit Tab 1, # 7 Exhibit Tab 2, # 8 Exhibit Tab 3, # 9 Exhibit Tab 4) (Boyce, Kathy). (Additional attachment(s) added on 5/11/2009: # 10 Exhibit Tab 1, # 11 Exhibit Tab 2, # 12 Exhibit Tab 3, # 13 Exhibit Tab 4, # 14 Exhibit Tab 5, # 15 Exhibit Tab 6, # 16 Exhibit Tab 7, # 17 Exhibit Tab 8, # 18 Exhibit 9, # 19 Exhibit Tab 10) (Boyce, Kathy). (Additional attachment(s) added on 5/12/2009: # 20 Exhibit Tab 11, # 21 Exhibit Tab 12, # 22 Exhibit Tab 13, # 23 Exhibit Tab 14, # 24 Exhibit Tab 15, # 25 Exhibit Tab 16, # 26 Exhibit Tab 17, # 27 Exhibit Tab 18, # 28 Exhibit Tab 19, # 29 Exhibit Tab 20, # 30 Exhibit Tab 21, # 31 Exhibit Tab 22, # 32 Exhibit Tab 23, # 33 Exhibit Tab 24, # 34 Exhibit 25, # 35 Exhibit Tab 26, # 37 Exhibit Tab 27, # 38 Exhibit Tab 28, # 39 Exhibit Tab 29, # 40 Exhibit Tab 30, # 41 Exhibit Tab 31, # 42 Exhibit Tab 32, # 43 Exhibit Tab 33, # 44 Exhibit Tab 34, # 45 Exhibit Tab 35, # 46 Exhibit Tab 36, # 47 Exhibit Tab 37, # 48 Exhibit Tab 38, # 49 Exhibit Tab 39, # 50 Exhibit Tab 40, # 51 Exhibit Tab 41, # 52 Exhibit Tab 42, # 53 Exhibit Tab 43, # 54 Exhibit Tab 44, # 55 Exhibit Tab 45, # 56 Exhibit Tab 46, # 57 Exhibit Tab 47, # 58 Exhibit Tab 48, # 59 Exhibit Tab 49, # 60 Exhibit Tab 50, # 61 Exhibit Tab 51, # 62 Exhibit Tab 52, # 63 Exhibit Tab 53, # 64 Exhibit Tab 54, # 65 Exhibit Tab 55, # 66 Exhibit Tab 56, # 67 Exhibit Tab 57, # 68 Exhibit 58 – 82, # 69 Exhibit Tab 83, # 70 Exhibit Tab 84, # 71 Exhibit Tab 85, # 72 Exhibit Tab 86, # 73 Exhibit Tab 87, # 74 Exhibit Tab 88, # 75 Exhibit Tab 89, # 76 Exhibit Tab 90, # 77 Exhibit Tab 91, # 78 Exhibit Tabs 92 and 93) (Boyce, Kathy). (Entered: 05/11/2009) |
| 05/11/2009 | 970 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/12/2009) |
| 05/11/2009 | 971 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/12/2009) |
| 05/12/2009 | 968 | | General Order 09–1, dated January 6, 2009 regarding the E–Government Act and Personal Identifiers entered as to Gary Lee Sampson (Boyce, Kathy) (Entered: 05/12/2009) |
| 05/12/2009 | 969 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/12/2009) |
| 05/28/2009 | 974 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/29/2009) |

70

| 05/28/2009 | 975 | | Sealed Document (Boyce, Kathy) (Entered: 05/29/2009) |
|---|---|---|---|
| 05/28/2009 | 976 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/29/2009) |
| 05/28/2009 | 977 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/29/2009) |
| 05/28/2009 | 978 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/29/2009) |
| 05/28/2009 | 979 | | Sealed Document (Boyce, Kathy) (Entered: 05/29/2009) |
| 06/04/2009 | 980 | | Chief Judge Mark L. Wolf: ORDER entered as to Gary Lee Sampson. Petitioner Gary Sampson has now filed his petition for relief pursuant to 28 U.S.C. §2255. The parties shall confer and file, by June 12, 2009, jointly if possible, a proposed schedule for the government to submit its opposition, and the petitioner to submit his reply. In addition, the parties shall, by June 12, 2009,identify any other issues to be addressed by the court and, if there is disagreement, succinctly state their respective positions.If no extension is granted and the required submissions are made by June 12, 2009, a hearing may, if necessary, be held on June 22,2009, at 10:00 a.m. (O'Leary, Dennis) (Entered: 06/04/2009) |
| 06/04/2009 | 981 | | Sealed Document (Boyce, Kathy) (Entered: 06/05/2009) |
| 06/10/2009 | 982 | | Sealed Document (Boyce, Kathy) (Entered: 06/10/2009) |
| 06/12/2009 | 983 | | Joint Statement (Boyce, Kathy) Modified on 8/6/2009 (O'Leary, Dennis). (Entered: 06/12/2009) |
| 06/18/2009 | 984 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson (York, Steve) (Entered: 06/18/2009) |
| 07/31/2009 | 985 | | MOTION for Discovery *AND FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PETITIONER'S 2255 MOTION* as to Gary Lee Sampsonby USA. (Vien, George) (Entered: 07/31/2009) |
| 08/07/2009 | 986 | | Assented to MOTION for Extension of Time to September 28, 2009 to File Response/Reply *to Petitioner's 2255 Motion* as to Gary Lee Sampsonby USA. (Vien, George) (Entered: 08/07/2009) |
| 08/07/2009 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 986 Motion for Extension of Time to September 28, 2009 to File Response/Reply to Petitioner's 2255 Motion. (O'Leary, Dennis) (Entered: 08/07/2009) |
| 08/13/2009 | 987 | | MEMORANDUM in Opposition by Gary Lee Sampson re 985 MOTION for Discovery *AND FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PETITIONER'S 2255 MOTION* (Richey, J.) (Entered: 08/13/2009) |
| 08/17/2009 | 988 | | Joint MOTION for Partial Lifting of Seal as to Gary Lee Sampson. (Richey, J.) (Entered: 08/17/2009) |
| 08/17/2009 | 989 | | Joint MOTION for Permission to Obtain Transcript of Sealed Proceedings as to Gary Lee Sampson. (Richey, J.) (Entered: 08/17/2009) |
| 08/19/2009 | 990 | | REPLY TO RESPONSE to Motion by USA as to Gary Lee Sampson re 985 MOTION for Discovery *AND FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PETITIONER'S 2255 MOTION* (Wortmann, John) (Entered: 08/19/2009) |

| 08/27/2009 | 991 | | Chief Judge Mark L. Wolf: ORDER entered. Accordingly, it is hereby ORDERED that: 1. The Joint Motion for Permission to Obtain Transcript of Sealed Proceedings (Docket No. 989) is ALLOWED. Counsel for Sampson and the government may each obtain the transcript of that portion of the May 5, 2009 hearing which was conducted under seal.2. The Joint Motion for Partial Relief from Sealing Orders (Docket No. 988) is ALLOWED. The parties may discuss sealed matters with their respective prior trial teams, including investigators, and with the parties prior and current experts. Any information discussed shall only be used for the purpose of litigating Sampsons §2255 petition. (O'Leary, Dennis) (Entered: 08/27/2009) |
|---|---|---|---|
| 09/09/2009 | 992 | | MOTION to Dismiss */Strike Claim IX of 2255 Petition* as to Gary Lee Sampsonby USA. (Wortmann, John) (Entered: 09/09/2009) |
| 09/10/2009 | 993 | | MOTION to Withdraw Document *(Motion to Dismiss/Strike) pending consultation with Petitioner's counsel)* as to Gary Lee Sampsonby USA. (Wortmann, John) (Entered: 09/10/2009) |
| 09/11/2009 | 994 | | MOTION to Dismiss *Strike Claim IX of 2255 Petition* as to Gary Lee Sampsonby USA. (Wortmann, John) (Entered: 09/11/2009) |
| 09/21/2009 | 995 | | MOTION to Produce *Billing and Payment Records Submitted in Underlying Capital Case* as to Gary Lee Sampsonby USA. (Wortmann, John) (Entered: 09/21/2009) |
| 09/25/2009 | 996 | | Opposition by Gary Lee Sampson re 994 MOTION to Dismiss *Strike Claim IX of 2255 Petition* (Windom, Thomas) (Entered: 09/25/2009) |
| 09/25/2009 | 997 | | Chief Judge Mark L. Wolf: ORDER entered as to Gary Lee Sampson re 985 MOTION for Discovery *AND FOR AN EXTENSION OF TIME IN WHICH TO RESPOND TO PETITIONER'S 2255 MOTION* filed by USA. The government's request for an extension of time to respond to Petitioner Gary Lee Sampson's motion pursuant to 28 U.S.C. §2255 to 45 days after its request for discovery of the files ofSampson's trial counsel, experts and investigators is denied or, if it is granted, 45 days after the files are produced, which is made in Docket No. 985, is hereby ALLOWED. The time for the filing of Sampson's reply will also be extended after the date for the government's response is determined. (O'Leary, Dennis) (Entered: 09/25/2009) |
| 10/01/2009 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 993 Motion to Withdraw Document as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 10/01/2009) |
| 10/01/2009 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered withdrawing 992 Motion to Dismiss as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 10/01/2009) |
| 10/05/2009 | 998 | | Opposition by Gary Lee Sampson re 995 MOTION to Produce *Billing and Payment Records Submitted in Underlying Capital Case* (Windom, Thomas) (Additional attachment(s) added on 10/6/2009: # 1 Main document with correct attys (filer) electronic signature) (Boyce, Kathy). Modified on 10/6/2009 to attach corrected document with filer's e−signature (Boyce, Kathy). (Entered: 10/05/2009) |
| 10/16/2009 | 999 | | EXCERPT Transcript of Status Conference as to Gary Lee Sampson held on |

72

| | | | |
|---|---|---|---|
| | | | May 5, 2009, before Judge Wolf. Court Reporter Richard H. Romanow at bulldog@richromanow.com. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 11/3/2009. Redacted Transcript Deadline set for 11/13/2009. Release of Transcript Restriction set for 1/11/2010. (Scalfani, Deborah) (Entered: 10/16/2009) |
| 10/16/2009 | 1001 | | NOTICE is hereby given that an official transcript of a proceeding as to Gary Lee Sampson has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, a copy of which is attached to this entry. (Scalfani, Deborah) (Entered: 10/16/2009) |
| 10/19/2009 | 1002 | | MOTION for leave to file. (Boyce, Kathy) Modified on 2/12/2010 (O'Leary, Dennis). Modified on 2/17/2010. Unsealed by court order dated 1/6/2010 (docket entry no. 1010). (O'Leary, Dennis). (Entered: 10/19/2009) |
| 10/19/2009 | 1003 | | MOTION for leave to file in excess of the page limit. (Boyce, Kathy) Modified on 2/12/2010 (O'Leary, Dennis). Unsealed by court order dated 1/6/2010 (docket entry no. 1010). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 10/19/2009) |
| 10/23/2009 | 1004 | | MOTION to Seal (Boyce, Kathy) Modified on 2/12/2010 (O'Leary, Dennis). Unsealed by court order dated 1/6/2010 (docket entry no. 1010). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 10/23/2009) |
| 10/23/2009 | 1005 | | Response to Motion for Leave to File (docket entry 1002) (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 1/6/2010 (docket entry no. 1010). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 10/23/2009) |
| 10/23/2009 | 1006 | | Government's reply to Motion for LEave to File (docket entry 1002) (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 1/6/2010 (docket entry no. 1010). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 10/26/2009) |
| 11/02/2009 | 1007 | | Public Disclosure Copy in Four Parts of Government's Request for Summary Dismissal of 2255 Petition as to Gary Lee Sampsonby USA, FILED, c/s. (Attachments: # 1 Part II of Public Disclosure of Gov't's Request for summary dismissal, # 2 Part III of Public Disclosure of Gov't's Request for Summary Dismissal of 2255 Petition, # 3 Part IV of Public Disclosure of Gov't's Request for Summary Dismissal of 2255 petition)(Boyce, Kathy) (Entered: 11/02/2009) |
| 11/04/2009 | 1008 | | Letter (non–motion) dated 11/4/09 to Ms. Boyce, Deputy Clerk from AUSA John Wortman enclosing a CD that contains redacted copies of the exhibit to the Gov't Motion for Summary Dismissal as to Gary Lee Sampson, FILED. (Boyce, Kathy) (Entered: 11/04/2009) |
| 11/04/2009 | 1009 | | EXHIBITS re 1007 MOTION for Summary Dismissal filed by USA as to Gary Lee Sampson (Attachments: # 1 Exhibit 3, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 16, # 15 Exhibit 17, # 16 Exhibit 18, # 17 Exhibit 19, # 18 Exhibit Index) (Boyce, Kathy) (Entered: 11/04/2009) |
| 01/06/2010 | 1010 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson re 1003 |

|  |  |  |  |
|---|---|---|---|
|  |  |  | SEALED MOTION filed by USA, 1004 SEALED MOTION filed by Gary Lee Sampson, 1002 SEALED MOTION filed by USA (O'Leary, Dennis) Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 01/06/2010) |
| 01/06/2010 |  |  | Motions terminated as to Gary Lee Sampson: 1004 SEALED MOTION filed by Gary Lee Sampson, 1003 SEALED MOTION filed by USA, 1002 SEALED MOTION filed by USA. (O'Leary, Dennis) (Entered: 01/06/2010) |
| 01/06/2010 | 1011 |  | MOTION to Seal (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 2/3/2010 (docket entry no. 1015). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 01/07/2010) |
| 01/06/2010 | 1012 |  | MOTION to Modify Court Order (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 2/3/2010 (docket entry no. 1015). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 01/07/2010) |
| 01/06/2010 | 1013 |  | MOTION to Seal (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 2/3/2010 (docket entry no. 1015). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 01/07/2010) |
| 01/06/2010 | 1014 |  | UNOPPOSED MOTION to Establish Filing Deadline (Boyce, Kathy) Modified on 2/17/2010 (O'Leary, Dennis). Unsealed by court order dated 2/3/2010 (docket entry no. 1015). Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 01/07/2010) |
| 01/22/2010 |  |  | Chief Judge Mark L. Wolf: Electronic ORDER entered terminating various motions as they are redacted copies of previously filed motions 933 Motion for Discovery as to Gary Lee Sampson (1); terminating 955 Motion for Partial Lifting of Seal as to Gary Lee Sampson (1); terminating 958 Motion as to Gary Lee Sampson (1); terminating 967 Motion to Vacate (2255) as to Gary Lee Sampson (1) (O'Leary, Dennis)<br>Civil Case 1:09−cv−10762−MLW closed. (Entered: 01/22/2010) |
| 02/03/2010 | 1015 |  | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson re 1012 MOTION filed by Gary Lee Sampson, 1013 MOTION filed by Gary Lee Sampson, 1014 MOTION filed by Gary Lee Sampson, 1011 MOTION filed by Gary Lee Sampson (O'Leary, Dennis) Modified on 2/17/2010 (O'Leary, Dennis). (Entered: 02/04/2010) |
| 02/03/2010 |  |  | Set/Reset Hearings as to Gary Lee Sampson: Hearing set for 2/19/2010 02:00 PM in Courtroom 10 before Chief Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 02/18/2010) |
| 02/11/2010 | 1016 |  | SEALED MOTION (Boyce, Kathy) (Entered: 02/11/2010) |
| 02/11/2010 | 1017 |  | SEALED MOTION (Boyce, Kathy) (Entered: 02/11/2010) |
| 02/12/2010 |  |  | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 1016 Sealed Motion (motion to seal) as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 02/12/2010) |
| 02/12/2010 |  |  | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 1017 Sealed Motion (Motion to excuse counsel from 2/19/10 hearing) as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 02/12/2010) |
| 02/12/2010 |  |  | Document unsealed as to Gary Lee Sampson. 1004 SEALED MOTION, 1014 |

| | | | |
|---|---|---|---|
| | | | SEALED MOTION, 1002 SEALED MOTION, 1015 Sealed Order, 1012 SEALED MOTION, 1011 SEALED MOTION, 1005 Sealed Document, 1006 Sealed Document, 1010 Sealed Order, 1003 SEALED MOTION, 1013 SEALED MOTION (O'Leary, Dennis) (Entered: 02/12/2010) |
| 02/12/2010 | 1018 | | Government's Response to Court Order of 2/3/10 unsealed on 3/1/2010 by court order. (Boyce, Kathy) Modified on 3/1/2010 (O'Leary, Dennis). (Entered: 02/16/2010) |
| 02/12/2010 | 1019 | | SEALED MOTION (Boyce, Kathy) (Entered: 02/16/2010) |
| 02/12/2010 | 1020 | | Sampson's Response to Court Order of 2/3/10 unsealed on 3/1/2010 by court order. (Boyce, Kathy) Modified on 3/1/2010 (O'Leary, Dennis). (Entered: 02/16/2010) |
| 02/17/2010 | | | Motions terminated as to Gary Lee Sampson: 1011 SEALED MOTION filed by Gary Lee Sampson, 1012 SEALED MOTION filed by Gary Lee Sampson, 1013 SEALED MOTION filed by Gary Lee Sampson, 1014 SEALED MOTION filed by Gary Lee Sampson. See court order dated February 3, 2010 (docket entry 1015). (O'Leary, Dennis) (Entered: 02/17/2010) |
| 02/17/2010 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 1019 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 02/17/2010) |
| 02/18/2010 | 1021 | | MOTION Excuse Appearance of Attorney Susan K. Marcus as to Gary Lee Sampson. (Richey, J.) (Entered: 02/18/2010) |
| 02/18/2010 | | | Chief Judge Mark L. Wolf: Electronic ORDER entered granting 1021 Motion to excuse the appearance of Attorney Marcus as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 02/18/2010) |
| 02/19/2010 | 1022 | | Memorandum regarding Motion for Leave to File Revised Rule 15 with respect to filing of possible amendmentn as to Gary Lee Sampson (Attachments: # 1 Exhibit Revised Rule 15)(Wortmann, John) (Entered: 02/19/2010) |
| 02/19/2010 | 1023 | | Clerk Notes for proceedings held before Chief Judge Mark L. Wolf: Motion Hearing as to Gary Lee Sampson held on 2/19/2010. (Court Reporter Romanow.) (O'Leary, Dennis) (Entered: 02/22/2010) |
| 03/01/2010 | 1025 | | Chief Judge Mark L. Wolf: ORDER entered establishing various deadlines and hearing as to Gary Lee Sampson. (Motion Hearing set for 6/8/2010 10:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf). (O'Leary, Dennis) (Entered: 03/01/2010) |
| 03/01/2010 | | | Document unsealed as to Gary Lee Sampson. 1020 Sealed Document, 1018 Sealed Document (O'Leary, Dennis) (Entered: 03/01/2010) |
| 03/11/2010 | 1026 | | Transcript of Status Conference as to Gary Lee Sampson held on February 19, 2010, before Judge Wolf. Court Reporter Richard H. Romanow at bulldog@richromanow.com. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 4/1/2010. Redacted Transcript Deadline set for 4/12/2010. Release of Transcript Restriction set for 6/9/2010. (Scalfani, Deborah) (Entered: 03/11/2010) |
| 03/11/2010 | 1027 | | NOTICE is hereby given that an official transcript of a proceeding as to Gary |

| | | | |
|---|---|---|---|
| | | | Lee Sampson has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, a copy of which is attached to this entry. (Scalfani, Deborah) (Entered: 03/11/2010) |
| 03/26/2010 | 1028 | | NOTICE *of Corrected Citations* by USA as to Gary Lee Sampson re 1007 MOTION to Dismiss (Quinlivan, Mark) (Entered: 03/26/2010) |
| 03/29/2010 | 1029 | | MOTION for Leave to File *Amended 2255 Petition* as to Gary Lee Sampson. (Attachments: # 1 Exhibit Ex. A)(Wicht, Jennifer) (Entered: 03/29/2010) |
| 03/29/2010 | 1030 | | MOTION for Leave to File Excess Pages *in Memorandum in Support of First Amended 2255 Petition* as to Gary Lee Sampson. (Richey, J.) (Entered: 03/29/2010) |
| 03/29/2010 | 1031 | | MOTION for Leave to File Excess Pages *in Opposition to Government's Second Motion to Dismiss 2255 Petition* as to Gary Lee Sampson. (Richey, J.) (Entered: 03/29/2010) |
| 03/29/2010 | 1032 | | MOTION to Seal Partial Opposition to Government's Second Motion to Dismiss as to Gary Lee Sampson. (O'Leary, Dennis) (Entered: 03/29/2010) |
| 03/29/2010 | 1033 | | MOTION to Seal First Amended Motion for a New Trial ans to Vacate, Set Aside, and Correct Conviction and Death Sentence as to Gary Lee Sampson.. (O'Leary, Dennis) (Entered: 03/29/2010) |
| 04/02/2010 | 1036 | | Assented to MOTION to Continue to April 5, 2010 to File Proposed Schedule Required under paragrpah 3 of March 1, 2010 Order as to Gary Lee Sampson by USA. (Wortmann, John) (Entered: 04/02/2010) |
| 04/02/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1036 Motion to Continue the Filing Date for Proposed Briefing Schedule for Three Days Until April 5, 2010 as to Gary Lee Sampson (1) (Boyce, Kathy) (Entered: 04/02/2010) |
| 04/05/2010 | 1037 | | RESPONSE TO COURT ORDER by USA as to Gary Lee Sampson (Wortmann, John) (Entered: 04/05/2010) |
| 04/06/2010 | 1040 | | Amended MOTION to Vacate under 28 U.S.C. 2255 as to Gary Lee Sampson(Boyce, Kathy) (Additional attachment(s) added on 4/6/2010: # 2 Volume 2 of Amended Petition, # 3 Volume 2 of the Amended Petition, # 4 Volume 4 of the Amended Petition, # 5 Volume 5 of the Amended Petition, # 6 Volume 6 of the Amended Petition, # 7 Volume 7 of the Amended Petition, # 8 Volume 8 of the Amended Petition) (Boyce, Kathy). (Entered: 04/06/2010) |
| 04/06/2010 | 1041 | | APPENDIX/EXHIBIT by Gary Lee Sampson 1040 MOTION to Vacate under 28 U.S.C. 2255 filed by Gary Lee Sampson (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 18, # 18 Exhibit 19, # 19 Exhibit 20, # 20 Exhibit 21, # 21 Exhibit 22, # 22 Exhibit 23, # 23 Exhibit 24, # 24 Exhibit 25, # 25 Exhibit 26, # 26 Exhibit 27, # 27 Exhibit 28, # 28 Exhibit 29, # 29 Exhibit 30, # 30 Exhibit 31, # 31 Exhibit 32, # 32 Exhibit 33, # 33 Exhibit 34, # 34 Exhibit 35, # 35 Exhibit 36, # 36 Exhibit 37, # 37 Exhibit 38, # 38 Exhibit 39, # 39 Exhibit 40, # 40 Exhibit 41, # 41 Exhibit 42, # 42 Exhibit 43, # 43 Exhibit 44, # 44 Exhibit 45, # 45 |

| | | | |
|---|---|---|---|
| | | | Exhibit 46, # 46 Exhibit 47, # 47 Exhibit 48, # 48 Exhibit 49, # 49 Exhibit 50, # 50 Exhibit 51, # 51 Exhibit 52, # 52 Exhibit 53, # 53 Exhibit 54, # 54 Exhibit 55, # 55 Exhibit 56, # 56 Exhibit 57, # 57 Exhibit 58, # 58 Exhibit 59, # 59 Exhibit 60, # 60 Exhibit 61, # 61 Exhibit 62, # 62 Exhibit 63, # 63 Exhibit 64, # 64 Exhibit 65, # 65 Exhibit 66, # 66 Exhibit 67, # 67 Exhibit 68, # 68 Exhibit 69, # 69 Exhibit 70, # 70 Exhibit 71, # 71 Exhibit 72, # 72 Exhibit 73, # 73 Exhibit 74, # 74 Exhibit 75, # 75 Exhibit 76, # 76 Exhibit 77, # 77 Exhibit 78, # 78 Exhibit 79, # 79 Exhibit 80, # 80 Exhibit 81, # 81 Exhibit 82, # 82 Exhibit 83, # 83 Exhibit 84, # 84 Exhibit 85, # 85 Exhibit 86, # 86 Exhibit 87, # 87 Exhibit 88, # 88 Exhibit 89, # 89 Exhibit 90, # 90 Exhibit 91, # 91 Exhibit 92, # 92 Exhibit 93, # 93 Exhibit 94)(Boyce, Kathy) (Additional attachment(s) added on 4/7/2010: # 94 Exhibit 95, # 95 Exhibit 96, # 96 Exhibit 97, # 97 Exhibit 98, # 98 Exhibit 99, # 99 Exhibit 100, # 100 Exhibit 101, # 101 Exhibit 102, # 102 Exhibit 103, # 103 Exhibit 104, # 104 Exhibit 105, # 105 Exhibit 106, # 106 Exhibit 107, # 107 Exhibit 108, # 108 Exhibit 109, # 109 Exhibit 110, # 110 Exhibit 111, # 111 Exhibit 112, # 112 Exhibit 113, # 113 Exhibit 114, # 114 Exhibit 115, # 115 Exhibit 116, # 116 Exhibit 117, # 117 Exhibit 118, # 118 Exhibit 119, # 119 Exhibit 120, # 120 Exhibit 121, # 121 Exhibit 122, # 122 Exhibit 123, # 123 Exhibit 124, # 124 Exhibit 125, # 125 Exhibit 126, # 126 Exhibit 127, # 127 Exhibit 128) (Boyce, Kathy). (Additional attachment(s) added on 4/7/2010: # 128 Exhibit 129, # 129 Exhibit 130, # 130 Exhibit 131, # 131 Exhibit 132, # 132 Exhibit 133, # 133 Exhibit 134, # 134 Exhibit 135, # 135 Exhibit 136, # 136 Exhibit 137, # 137 Exhibit 138, # 138 Exhibit 139, # 139 Exhibit 140, # 140 Exhibit 141, # 141 Exhibit 142, # 142 Exhibit 143, # 143 Exhibit 144, # 144 Exhibit 145, # 145 Exhibit 146, # 146 Exhibit 147, # 147 Exhibit 148, # 148 Exhibit 149, # 149 Exhibit 150, # 150 Exhibit 151, # 151 Exhibit 152, # 152 Exhibit 153, # 153 Exhibit 154, # 154 Exhibit 155, # 155 Exhibit 156, # 156 Exhibit 157, # 157 Exhibit 158, # 158 Exhibit 160, # 159 Exhibit 161, # 160 Exhibit 162, # 162 Exhibit 163, # 163 Exhibit 164, # 165 Exhibit 165, # 166 Exhibit 166, # 167 Exhibit 167, # 168 Exhibit 168, # 169 Exhibit 169, # 170 Exhibit 170, # 171 Exhibit 171, # 172 Exhibit 172, # 173 Exhibit 173) (Boyce, Kathy). (Additional attachment(s) added on 4/7/2010: # 174 Exhibit 174, # 175 175, # 176 Exhibit 176, # 177 Exhibit 177, # 178 Exhibit 178, # 179 Exhibit 179, # 180 Exhibit 180, # 181 Exhibit 181, # 182 Exhibit 182, # 183 Exhibit 183, # 184 Exhibit 184, # 185 Exhibit 185, # 186 Exhibit 186, # 187 Exhibit 187, # 188 Exhibit 188, # 189 Exhibit 189, # 190 Exhibit 190, # 191 Exhibit 191, # 192 Exhibit 192, # 193 Exhibit 193, # 194 Exhibit A−Volume I, # 195 Exhibit A − Volume 2, # 196 Exhibit B, # 197 Exhibit C, # 198 Exhibit D, # 199 Exhibit E, # 201 Exhibit F, # 202 Exhibit F − Volume 2, # 203 Exhibit G − Volume 1, # 204 Exhibit G − Volume 2, # 205 Exhibit G−Volume 3) (Boyce, Kathy). (Entered: 04/07/2010) |
| 04/06/2010 | 1042 | | Partial Opposition by Gary Lee Sampson re 1007 MOTION to Dismiss, FILED. (Attachments: # 1 Volume II of Partial Opposition)(Boyce, Kathy) (Entered: 04/07/2010) |
| 04/08/2010 | 1043 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (Wicht, Jennifer) (Entered: 04/08/2010) |
| 04/20/2010 | 1044 | | RESPONSE to Motion by USA as to Gary Lee Sampson re 1029 MOTION for Leave to File *Amended 2255 Petition* (Wortmann, John) (Entered: 04/20/2010) |
| 04/21/2010 | 1045 | | |

| | | | |
|---|---|---|---|
| | | | Chief Judge Mark L. Wolf: ORDER entered granting 1030 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. as to Gary Lee Sampson (1); granting 1031 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. as to Gary Lee Sampson (1); granting 1032 Motion to Seal as to Gary Lee Sampson (1); granting 1033 Motion to Seal as to Gary Lee Sampson (1); granting 1038 Sealed Motion as to Gary Lee Sampson(1) Bu May 3, 2010, the government shall reply to petitioner's partial opposition to the Government's Request for Summary Dismissal. By May 24, 2010, the government shall respond to the Amended 2255 Motion. Petitioner shall file his opposition by June 25, 2010, and the government shall file any reply by July 16, 2010. it is unlikely that any request for an extension of these deadlines will be granted because the court needs sufficient time to prepare for the hearings that will begin on August 23, 2010, and continue from day to day until concluded. (Boyce, Kathy) (Entered: 04/21/2010) |
| 04/29/2010 | 1046 | | Assented to MOTION for Extension of Time to May 6, 2010 to File Respond To Partial Opposition as to Gary Lee Sampson by USA. (Vien, George) (Entered: 04/29/2010) |
| 04/29/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1046 Motion for Extension of Time to May 6, 2010 to File Respond To Partial Opposition (1) Responses due by 5/6/2010 (O'Leary, Dennis) (Entered: 04/29/2010) |
| 04/30/2010 | 1047 | | NOTICE OF ATTORNEY APPEARANCE Zachary R. Hafer appearing for USA. (Hafer, Zachary) (Entered: 04/30/2010) |
| 05/06/2010 | 1048 | | SEALED MOTION as to Gary Lee Sampson by USA. (Boyce, Kathy) (Entered: 05/07/2010) |
| 05/06/2010 | 1049 | | SEALED MOTION as to Gary Lee Sampson by USA. (Boyce, Kathy) (Entered: 05/07/2010) |
| 05/06/2010 | 1050 | | Sealed Document (Boyce, Kathy) (Entered: 05/07/2010) |
| 05/12/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1048 Sealed Motion as to Gary Lee Sampson (1); granting 1049 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 05/12/2010) |
| 05/12/2010 | 1051 | | Response as to Gary Lee Sampson: 1007 MOTION to Dismiss filed by USA. (Wortmann, John) (Entered: 05/12/2010) |
| 05/24/2010 | 1052 | | Assented to MOTION to Continue *Hearing* to August 30, 2010 as to Gary Lee Sampson by USA. (Vien, George) (Entered: 05/24/2010) |
| 05/24/2010 | 1053 | | Assented to MOTION for Leave to File Excess Pages as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 05/24/2010) |
| 05/24/2010 | 1054 | | |

| | | | |
|---|---|---|---|
| | | | Assented to MOTION to Seal Document as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 05/24/2010) |
| 05/25/2010 | 1055 | | SEALED MOTION as to Gary Lee Sampson by USA, FILED, c/s. (Attachments: # 1 Exhibit Part II of Gov't's Request for Summary Dismissal, # 2 Exhibit Part III of Gov't's Request for Summary Dismissal, # 3 Exhibit Part IV of Gov't's Request for Summary Dismissal)(Boyce, Kathy) (Entered: 05/25/2010) |
| 05/26/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1052 Motion to Continue as to Gary Lee Sampson (1)Hearing set for 8/30/2010 09:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. Hearing set for 8/31/2010 09:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. Hearing set for 9/1/2010 09:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. Hearing set for 9/2/2010 09:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. Hearing set for 9/3/2010 09:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. (O'Leary, Dennis) (Entered: 05/26/2010) |
| 05/26/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1053 Motion for Leave to File Excess Pages ; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on (date of order)– in the caption of the document. as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 05/26/2010) |
| 05/26/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1054 Motion to Seal Document as to Gary Lee Sampson (1). A redacted copy shall be filed for the public record by June 4, 2010. (O'Leary, Dennis) (Entered: 05/26/2010) |
| 06/01/2010 | 1056 | | Joint MOTION for Protective Order as to Gary Lee Sampson by USA, Gary Lee Sampson. (Windom, Thomas) (Entered: 06/01/2010) |
| 06/04/2010 | 1057 | | PUBLIC DISCLOSURE IN FIVE PARTS of the Government's Request for Summary Dismissal of the Amended 2255 Petition as to Gary Lee Sampson by USA, FILED, c/s. (Attachments: # 1 Part II, # 2 Part III, # 3 Part IV, # 4 Part V)(Boyce, Kathy) (Entered: 06/07/2010) |
| 06/08/2010 | | | ELECTRONIC NOTICE CANCELING HEARING OR OTHER DEADLINE as to Gary Lee Sampson. Hearing or Deadline canceled: Motion hearing set for 6/8/2010 – 6/11/2010 (O'Leary, Dennis) (Entered: 06/08/2010) |
| 06/25/2010 | 1058 | | ASSENTED TO MOTION TO SEAL (Boyce, Kathy) Modified on 7/7/2010 (O'Leary, Dennis). (Entered: 06/25/2010) |
| 06/25/2010 | 1059 | | MOTION for Leave to File Excess Pages (Boyce, Kathy) Modified on 7/7/2010 (O'Leary, Dennis). (Entered: 06/25/2010) |
| 06/25/2010 | 1060 | | PETITIONER'S OPPOSITION TO THE GOVERNMENT'S SECOND PARTIAL MOTION TO DISMISS. (Boyce, Kathy) Modified on 7/7/2010 (O'Leary, Dennis). (Entered: 06/25/2010) |
| 07/06/2010 | 1061 | | MOTION for Extension of Time to File Redacted Copy as to Gary Lee Sampson(Boyce, Kathy) Modified on 7/7/2010 (O'Leary, Dennis). (Entered: 07/06/2010) |

| 07/06/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1058 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/06/2010) |
|---|---|---|---|
| 07/06/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1059 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/06/2010) |
| 07/06/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1061 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/06/2010) |
| 07/07/2010 | 1062 | | Assented to MOTION to Unseal Document *Docket Entries 1058, 1059, 1060, and 1061* as to Gary Lee Sampson. (Windom, Thomas) (Entered: 07/07/2010) |
| 07/07/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1062 Motion to Unseal Documents as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/07/2010) |
| 07/07/2010 | | | Document unsealed as to Gary Lee Sampson. 1060 Sealed Document, 1059 SEALED MOTION, 1061 SEALED MOTION, 1058 SEALED MOTION (O'Leary, Dennis) (Entered: 07/07/2010) |
| 07/08/2010 | 1063 | | Assented to MOTION to Continue to July 23, 2010 to file Reply Memorandum as to Gary Lee Sampson by USA. (Wortmann, John) (Entered: 07/08/2010) |
| 07/08/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1063 Assented To Motion to Extend the Time to File Reply Memorandum to July 23, 2010 as to Gary Lee Sampson (1) (Boyce, Kathy) (Entered: 07/08/2010) |
| 07/08/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered: "By August 6, 2010, the parties may file memoranda addressing the implications of Sears v. Upton, No. 09–8854, 2010 WL 2571856 (U.S. June 29, 2010), if they wish to do so. The parties should be prepared to address the case at the August 30, 2010 hearing in any event." (Boyce, Kathy) (Entered: 07/08/2010) |
| 07/23/2010 | 1064 | | Assented to MOTION for Leave to File Excess Pages as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 07/23/2010) |
| 07/23/2010 | 1065 | | SEALED MOTION (Boyce, Kathy) (Entered: 07/23/2010) |
| 07/23/2010 | 1066 | | Sealed Document (Boyce, Kathy) (Entered: 07/23/2010) |
| 07/28/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1064 Motion for Leave to File Excess Pages. (O'Leary, Dennis) (Entered: 07/28/2010) |
| 07/28/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1065 Sealed Motion as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 07/28/2010) |
| 08/06/2010 | 1067 | | Response as to Gary Lee Sampson: (Quinlivan, Mark) (Entered: 08/06/2010) |
| 08/06/2010 | 1068 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (Richey, J.) (Entered: 08/06/2010) |
| 08/19/2010 | 1069 | | REPLY TO RESPONSE to Motion by USA as to Gary Lee Sampson re 1057 |

| | | | |
|---|---|---|---|
| | | | MOTION to Dismiss *(PUBLIC DISCLOSURE)* (Quinlivan, Mark) (Entered: 08/19/2010) |
| 08/23/2010 | 1071 | | Joint MOTION to permit more than one counsel from each side to argue during hearings scheduled for the week of August 30, 2010 as to Gary Lee Sampson by USA. (Wortmann, John) (Entered: 08/23/2010) |
| 08/23/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1071 Motion to permit more than one counsel from each side to argue during hearings scheduled for the week of August 30, 2010 as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 08/23/2010) |
| 08/23/2010 | 1072 | | Assented to MOTION Excuse Attorney Susan Marcus from 8/30/2010 hearing as to Gary Lee Sampson. (Richey, J.) (Entered: 08/23/2010) |
| 08/23/2010 | 1073 | | RESPONSE TO COURT ORDER by USA as to Gary Lee Sampson (Quinlivan, Mark) (Entered: 08/23/2010) |
| 08/24/2010 | 1075 | | Chief Judge Mark L. Wolf: ORDER entered Upon consideration of the August 24, 2010 Government's Motionto Seal the Court's August 23, 2010 Memorandum and Order and to Seal This Motion and Related Papers (the "Motion"), to which it is represented petitioner Gary Sampson does not object, it is hereby ORDERED that: 1. The Motion (Docket No. 1074) is ALLOWED to the extent that that Motion is SEALED and the August 23, 2010 Memorandum and Order (Docket No. 1070) is SEALED. 2. The attached redacted version of the August 23, 2010 Memorandum and Order shall be made part of the public record. 3. Any future filings concerning the August 23, 2010Memorandum and Order shall be made under seal, with appropriately redacted versions filed for the public record. (Attachments: # 1 Redacted Memo and Order) (O'Leary, Dennis) (Entered: 08/24/2010) |
| 08/24/2010 | 1076 | | REDACTED MEMORANDUM AND ORDER (Docket No. 1070) (O'Leary, Dennis) (Entered: 08/24/2010) |
| 08/25/2010 | 1077 | | RESPONSE TO COURT ORDER by Gary Lee Sampson (Windom, Thomas) (Entered: 08/25/2010) |
| 08/27/2010 | 1078 | | Chief Judge Mark L. Wolf: ORDER entered. The August 30, 2010 hearing will begin at 10:30 a.m. and continue from day to day until concluded... (Boyce, Kathy) (Entered: 08/27/2010) |
| 08/27/2010 | 1079 | | Chief Judge Mark L. Wolf: ORDER entered. The parties shall be prepared to address at the August 30, 2010 hearings United States v. Troy, No. 09–2121, 2010 WL 3341867 (1st Cir. Aug. 26, 2010), which may have implications for Claim VIII of the Amended 2255 Motion. (Boyce, Kathy) (Entered: 08/27/2010) |
| 08/27/2010 | 1081 | | SEALED MOTION (Boyce, Kathy) (Entered: 08/27/2010) |
| 08/27/2010 | 1082 | | SEALED MOTION (Boyce, Kathy) (Entered: 08/27/2010) |
| 08/27/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1072 Motion to Excuse Attorney Susan Marcus from Hearings Commencing August 30, 2010 as to Gary Lee Sampson (1) (Boyce, Kathy) (Entered: 08/27/2010) |
| 08/28/2010 | 1085 | | Memorandum regarding Government's Proposed Method of Presentation for |

81

| | | | |
|---|---|---|---|
| | | | Hearings Beginning on August 30, 2010 as to Gary Lee Sampson (Wortmann, John) (Entered: 08/28/2010) |
| 08/29/2010 | 1086 | | Memorandum regarding future scheduling and discovery in 2255 proceeding as to Gary Lee Sampson (Attachments: # 1 Exhibit discovery decision in U.S. v. Fulks, # 2 Exhibit Text of 28 USC 2266)(Wortmann, John) (Entered: 08/29/2010) |
| 08/30/2010 | 1087 | | Clerk's Notes for proceedings held before Chief Judge Mark L. Wolf:Motion Hearing as to Gary Lee Sampson held on 8/30/2010 re 1055 SEALED MOTION filed by USA Court Reporter Name and Contact or digital recording information: Richard Romanow at bulldog@richromanow.com. (O'Leary, Dennis) (Entered: 08/30/2010) |
| 08/31/2010 | 1088 | | Chief Judge Mark L. Wolf: ORDER entered as to Gary Lee Sampson. The parties shall be prepared to discuss on August 31, 2010 Cofske v. United States, 290 F.3d 437, 444 (1st Cir. 2002) andDugas v. Coplon, 428 F.3d 317, 328 n. 10 (1st Cir. 2005). (O'Leary, Dennis) (Entered: 08/31/2010) |
| 08/31/2010 | 1091 | | Clerk's Notes for proceedings held before Chief Judge Mark L. Wolf:Motion Hearing as to Gary Lee Sampson held on 8/31/2010 re 1055 SEALED MOTION filed by USA Court Reporter Name and Contact or digital recording information: Richard Romanow at bulldog@richromanow.com. (O'Leary, Dennis) (Entered: 09/01/2010) |
| 09/01/2010 | 1089 | | Chief Judge Mark L. Wolf: ORDER entered as to Gary Lee Sampson. The parties shall be prepared to discuss further at the September 1, 2010 hearing Rompilla v. Beard, 545 U.S. 374 (2005). (O'Leary, Dennis) (Entered: 09/01/2010) |
| 09/01/2010 | 1090 | | Memorandum regarding Inapplicability of 28 USC 2266(b)(1)(A) as to Gary Lee Sampson (Windom, Thomas) (Entered: 09/01/2010) |
| 09/01/2010 | 1092 | | Clerk's Notes for proceedings held before Chief Judge Mark L. Wolf:Motion Hearing as to Gary Lee Sampson held on 9/1/2010 re 1055 SEALED MOTION filed by USA Court Reporter Name and Contact or digital recording information: Richard Romanow at bulldog@richromanow.com. (O'Leary, Dennis) (Entered: 09/01/2010) |
| 09/01/2010 | 1094 | | Chief Judge Mark L. Wolf: ORDER entered. It is hereby ORDERED that, by September 17, 2010:1. The parties shall confer and report, jointly if possiblebut separately if necessary, concerning a proposed schedule fordiscovery and the nature of any disputes regarding discovery.2. Sampson shall file a memorandum regarding the disputedprovision(s) of the proposed protective order. The governmentshall respond by October 1, 2010. Sampson may reply by October 19,2010. (O'Leary, Dennis) (Entered: 09/01/2010) |
| 09/08/2010 | 1095 | | Joint MOTION Obtain Sealed Transcript as to Gary Lee Sampson. (Richey, J.) (Entered: 09/08/2010) |
| 09/08/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1095 Motion Obtain copy of sealed transcript as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 09/08/2010) |
| 09/17/2010 | 1096 | | Memorandum regarding Gary Sampson's Proposed Initial Discovery Plan as to Gary Lee Sampson (Windom, Thomas) (Entered: 09/17/2010) |

| | | | |
|---|---|---|---|
| 09/17/2010 | 1097 | | MEMORANDUM in Support by Gary Lee Sampson re 1056 Joint MOTION for Protective Order *Regarding Disputed Provisions of Proposed Protective Order* (Windom, Thomas) (Entered: 09/17/2010) |
| 09/17/2010 | 1098 | | RESPONSE TO COURT ORDER by USA as to Gary Lee Sampson (Attachments: # 1 Government's First Set of Interrogatories)(Quinlivan, Mark) (Entered: 09/17/2010) |
| 09/17/2010 | 1099 | | Memorandum regarding the Applicability of 28 U.S.C. 2266 as to Gary Lee Sampson (Quinlivan, Mark) (Entered: 09/17/2010) |
| 09/17/2010 | 1100 | | NOTICE *of Filing of Decision in Holder v. United States* by USA as to Gary Lee Sampson re 1099 Memorandum (not related to a motion) (Attachments: # 1 Holder v. United States, No. 4:03−cv−00923−ERW (W.D. Mo.Dec. 12, 2004))(Quinlivan, Mark) (Entered: 09/17/2010) |
| 09/20/2010 | | | Electronic Endorsement (non−order) as to Gary Lee Sampson re 1096 Memorandum (not related to a motion). ALLOWED to the extent that the parties responses to the individually proposed discovery plans shall be filed by September 24, 2010. (O'Leary, Dennis) (Entered: 09/20/2010) |
| 09/24/2010 | 1101 | | Memorandum regarding Government Response to Petitioner's Initial Discovery Plan as to Gary Lee Sampson (Wortmann, John) (Entered: 09/24/2010) |
| 09/24/2010 | 1102 | | Memorandum regarding Supplemental Filing Regarding Initial Discovery as to Gary Lee Sampson (Windom, Thomas) (Entered: 09/24/2010) |
| 10/01/2010 | 1103 | | Memorandum regarding Disputed Provisions of the Proposed Protective Order as to Gary Lee Sampson (Quinlivan, Mark) (Entered: 10/01/2010) |
| 10/19/2010 | 1105 | | REPLY TO RESPONSE to Motion by Gary Lee Sampson re 1056 Joint MOTION for Protective Order (Windom, Thomas) (Entered: 10/19/2010) |
| 10/19/2010 | 1106 | | Sealed Document (Boyce, Kathy) (Entered: 10/19/2010) |
| 10/19/2010 | 1107 | | SEALED MOTION (Boyce, Kathy) (Entered: 10/20/2010) |
| 10/19/2010 | 1108 | | Sealed Document (Boyce, Kathy) (Entered: 10/20/2010) |
| 10/28/2010 | 1110 | | Transcript of 2255 Hearing as to Gary Lee Sampson held on August 30, 2010, before Chief Judge Mark L. Wolf. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 11/18/2010. Redacted Transcript Deadline set for 11/29/2010. Release of Transcript Restriction set for 1/26/2011. (Folan, Karen) (Entered: 10/28/2010) |
| 10/28/2010 | 1111 | | Transcript of 2255 Hearing as to Gary Lee Sampson held on August 31, 2010, before Chief Judge Mark L. Wolf. Court Reporter Name and Contact Information: Richard Romanow at bulldog@richromanow.com The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 11/18/2010. Redacted Transcript Deadline set for 11/29/2010. Release of Transcript Restriction set for 1/26/2011. (Folan, Karen) (Entered: 10/28/2010) |
| 10/28/2010 | 1113 | | Transcript of 2255 Hearing as to Gary Lee Sampson held on September 1, 2010, before Chief Judge Mark L. Wolf. Court Reporter Name and Contact |

| | | | |
|---|---|---|---|
| | | | Information: Richard Romanow at bulldog@richromanow.com The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Redaction Request due 11/18/2010. Redacted Transcript Deadline set for 11/29/2010. Release of Transcript Restriction set for 1/26/2011. (Folan, Karen) (Entered: 10/28/2010) |
| 10/28/2010 | 1115 | | NOTICE is hereby given that an official transcript of a proceeding as to Gary Lee Sampson has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, a copy of which is attached to this entry. (Folan, Karen) (Entered: 10/28/2010) |
| 11/17/2010 | 1119 | | MOTION for Order *TO PERMIT SEALED PORTIONS OF TRANSCRIPTS TO BE RELEASED TO THE U.S. ATTORNEY'S OFFICE* as to Gary Lee Sampson by USA. (Wortmann, John) (Entered: 11/17/2010) |
| 11/17/2010 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1119 Motion for Order TO PERMIT SEALED PORTIONS OF TRANSCRIPTS TO BE RELEASED TO THE U.S. ATTORNEY'S OFFICE as to Gary Lee Sampson (1) (O'Leary, Dennis) (Entered: 11/17/2010) |
| 12/10/2010 | 1126 | | SEALED MOTION (Boyce, Kathy) (Entered: 12/14/2010) |
| 12/10/2010 | 1127 | | Sealed Document (Boyce, Kathy) (Entered: 12/14/2010) |
| 12/10/2010 | 1128 | | Sealed Document (Boyce, Kathy) (Entered: 12/14/2010) |
| 01/03/2011 | | | Motions terminated as to Gary Lee Sampson: 1126 SEALED MOTION filed by Gary Lee Sampson. (Abaid, Kimberly) (Entered: 01/03/2011) |
| 01/03/2011 | | | Motion terminated as to Gary Lee Sampson: 1132 SEALED MOTION filed by USA (Boyce, Kathy) (Entered: 01/04/2011) |
| 01/21/2011 | 1141 | | SEALED MOTION as to Gary Lee Sampson by USA. (Abaid, Kimberly) (Entered: 01/25/2011) |
| 01/21/2011 | 1142 | | Sealed Document (Abaid, Kimberly) (Entered: 01/25/2011) |
| 01/21/2011 | 1143 | | SEALED MOTION as to Gary Lee Sampson. (Abaid, Kimberly) (Entered: 01/25/2011) |
| 01/21/2011 | 1144 | | Sealed Document (Abaid, Kimberly) (Entered: 01/25/2011) |
| 01/21/2011 | 1145 | | Sealed Document (Abaid, Kimberly) (Entered: 01/25/2011) |
| 01/28/2011 | 1146 | | Sealed Document (Attachments: # 1 Exhibit)(Abaid, Kimberly) (Entered: 01/28/2011) |
| 04/04/2011 | 1168 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/04/2011) |
| 04/04/2011 | 1169 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/04/2011) |
| 04/11/2011 | 1171 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/11/2011) |
| 04/11/2011 | 1172 | | Sealed Document (Boyce, Kathy) (Entered: 04/11/2011) |
| 04/11/2011 | 1173 | | Sealed Document (Boyce, Kathy) (Entered: 04/11/2011) |
| 04/14/2011 | 1177 | | SEALED MOTION (Boyce, Kathy) (Entered: 04/14/2011) |

| 04/14/2011 | 1178 | | Sealed Document (Boyce, Kathy) (Entered: 04/14/2011) |
|---|---|---|---|
| 04/15/2011 | 1180 | | Chief Judge Mark L. Wolf: REDACTED ORDER entered. as to Gary Lee Sampson: The court has mailed the attached letters to the three jurors who testified in Gary Lee Sampson's post conviction proceedings. This Order is hereby SEALED. A redacted version is being made part of the public record. (Boyce, Kathy) (Entered: 04/15/2011) |
| 04/15/2011 | 1181 | | Chief Judge Mark L. Wolf: MEMORANDUM OPINION as to Gary Lee Sampson, ENTERED. (Boyce, Kathy) (Additional attachment(s) added on 4/15/2011: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Boyce, Kathy). (Additional attachment(s) added on 4/15/2011: # 7 Exhibit 7a, # 8 Exhibit 7b, # 9 Exhibit 7c, # 10 Exhibit 7d, # 11 Exhibit 8a, # 12 Exhibit 8b, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12, # 17 Exhibit 13, # 18 Exhibit 14a, # 19 Exhibit 14b, # 20 Exhibit 14c, # 21 Exhibit 14d, # 22 Exhibit 14e, # 23 Exhibit 15, # 24 Exhibit 15–2, # 25 Exhibit 15–3, # 26 Exhibit 15–4, # 27 Exhibit 15–5, # 28 Exhibit 15–6, # 29 Exhibit 15–7, # 30 Exhibit 21–a, # 31 Exhibit 21b, # 32 Exhibit 2, # 33 Exhibit 2–3, # 34 Exhibit 2–4, # 35 Exhibit 2–5, # 36 Exhibit 2–6, # 37 Exhibit 2–7, # 38 Exhibit 2–8, # 39 Exhibit 2–9, # 40 Exhibit 2–10, # 41 Exhibit 2–11, # 42 Exhibit 2–12, # 43 Exhibit 2–13, # 44 Exhibit 2–14, # 45 Exhibit 2–15, # 46 Exhibit 2–16, # 47 Exhibit 2–17, # 48 Exhibit 2–18, # 49 Exhibit 2–19, # 50 Exhibit 2–20, # 51 Exhibit 2–21, # 52 Exhibit 2–22, # 53 Exhibit 2–23, # 54 Exhibit 2–24, # 55 Exhibit 25, # 56 Exhibit 2–26, # 57 Exhibit 2–27, # 58 Exhibit 2–28) (Boyce, Kathy). (Attachment 57 replaced on 8/30/2011) (Hohler, Daniel). (Entered: 04/15/2011) |
| 04/22/2011 | 1182 | | Assented to MOTION for Extension of Time to May 4, 2011 to File file Findings of Fact and Conclusions of Law as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 04/22/2011) |
| 04/22/2011 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1182 Motion for Extension of Time to File as to Gary Lee Sampson (1) (Hohler, Daniel) (Entered: 04/22/2011) |
| 05/04/2011 | 1183 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/05/2011) |
| 05/04/2011 | 1184 | | Sealed Document (Boyce, Kathy) (Entered: 05/05/2011) |
| 05/04/2011 | 1185 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/05/2011) |
| 05/04/2011 | 1186 | | Sealed Document (Boyce, Kathy) (Main Document 1186 replaced on 6/7/2011) to replace unscanned documents with CD version (Boyce, Kathy). (Entered: 05/06/2011) |
| 05/04/2011 | 1187 | | Sealed Document (Boyce, Kathy) (Main Document 1187 replaced on 6/7/2011) Unscanned document replaced with CD version (Boyce, Kathy). (Entered: 05/06/2011) |
| 05/06/2011 | 1188 | | Joint MOTION for Extension of Time to May 20, 2011 to File Response/Reply *to Proposed Findings of Fact and Conclusions of Law* as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 05/06/2011) |
| 05/06/2011 | 1189 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/09/2011) |
| 05/06/2011 | 1190 | | Sealed Document (Boyce, Kathy) (Entered: 05/09/2011) |

| 05/10/2011 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1188 Motion for Extension of Time to File Response/Reply as to Gary Lee Sampson (1) (Hohler, Daniel) (Entered: 05/10/2011) |
|---|---|---|---|
| 05/13/2011 | 1191 | | SEALED MOTION(Boyce, Kathy) (Entered: 05/13/2011) |
| 05/13/2011 | 1192 | | Proposed Findings of Fact and Rulings of Law of the United States on Juror Misconduct Claims Set Forth in Claim IV of the Amended 2255 Petition, Sealed Document (Boyce, Kathy) Modified on 11/4/2011 Unsealed pursuant to Docket No. 1223 on 11/4/2011(Hohler, Daniel). (Entered: 05/13/2011) |
| 05/13/2011 | 1193 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/17/2011) |
| 05/16/2011 | 1194 | | Revised Redacted Copy of Gary Sampson's Proposed Findings Fact and Conclusions of Law with Respect to Claim IV of his First Amended 28 USC 2255 Motion, Sealed Document (Boyce, Kathy) Modified on 11/4/2011 unsealed per the Court at Docket No. 1223 (Hohler, Daniel). (Entered: 05/17/2011) |
| 05/20/2011 | 1195 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/23/2011) |
| 05/20/2011 | 1196 | | Sealed Document (Boyce, Kathy) (Entered: 05/23/2011) |
| 05/20/2011 | 1197 | | SEALED MOTION (Boyce, Kathy) (Entered: 05/23/2011) |
| 05/20/2011 | 1198 | | Sealed Document (Boyce, Kathy) (Entered: 05/23/2011) |
| 06/02/2011 | 1199 | | SEALED MOTION (Boyce, Kathy) (Entered: 06/02/2011) |
| 06/02/2011 | 1200 | | Redacted Copy of Gary Sampson's Response to the Government's Proposed Findings of Fact and Rulings of Law With Respect to Claim IV of Mr. Sampson's 28 USC 2255. Sealed Document (Boyce, Kathy) Modified on 11/4/2011 unsealed per the Court at Docket No. 1223(Hohler, Daniel). (Entered: 06/02/2011) |
| 06/06/2011 | 1201 | | SEALED MOTION (Boyce, Kathy) (Entered: 06/06/2011) |
| 06/06/2011 | 1202 | | Public Disclosure copy of Government's Reply to Petitioner's Proposed Findings of Fact and Rulings of Law on Juror Misconduct Claims Set Forth in Claim IV of the Amended 2255 Petition. Sealed Document (Boyce, Kathy) Modified on 11/4/2011 unsealed per the Court at Docket No. 1223(Hohler, Daniel). (Entered: 06/06/2011) |
| 07/18/2011 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered. as to Gary Lee Sampson. If necessary, a hearing to address any pending matters will be held on 8/29/2011 at 11:00 a.m. (Hohler, Daniel) (Entered: 07/18/2011) |
| 07/18/2011 | | | ELECTRONIC NOTICE OF HEARING as to Gary Lee SampsonHearing set for 8/29/2011 11:00 AM in Courtroom 10 before Chief Judge Mark L. Wolf. (Hohler, Daniel) (Entered: 07/18/2011) |
| 08/07/2011 | 1208 | | Memorandum regarding Citation of Supplemental Authority regarding McDonough Power Claim as to Gary Lee Sampson (Attachments: # 1 Exhibit decision in U.S. v. Blackwell, # 2 Exhibit decision in U.S.v. Herrera–Isidoro)(Wortmann, John) (Entered: 08/07/2011) |
| 08/19/2011 | | | ELECTRONIC NOTICE CANCELING HEARING OR OTHER DEADLINE |

| | | | |
|---|---|---|---|
| | | | as to Gary Lee Sampson. Hearing canceled: 8/29/2011 hearing is canceled. No new date has been set. (Hohler, Daniel) (Entered: 08/19/2011) |
| 10/20/2011 | 1218 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson The attached version of the October 20, 2011 Memorandum and Order on Jury Claim is being filed for the public record. In order to strike the appropriate balance between personal privacy interests, see In re Globe Newspaper Company, 920 F.2d 88, 95 (1st Cir. 1990), and transparency concerning the reasons for judicial decisions, it replaces the names of jurors and third–parties with initials, and includes minor redactions concerning particularly sensitive information regarding third–parties. An unredacted form of the Memorandum and Order on Jury Claim that includes the names of the jurors and third–parties is being filed under seal and provided to the parties. (Hohler, Daniel) (Entered: 10/20/2011) |
| 10/20/2011 | 1219 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson In view of the foregoing, some but not all of Sampson's claims are subject to summary dismissal. However, as explained in the October 20, 2011 Memorandum and Order concerning Claim IV, Sampson has proven that he was denied his Sixth Amendment right to an impartial jury and, therefore, he is entitled to a new trial to determine whether the death penalty is justified in his case. As discussed in a separate October 20, 2011 Memorandum and Procedural Order, it appears that a new sentencing trial will render moot some but not all of Sampson's claims that otherwise survive summary dismissal. As explained in that Order, the court is not now issuing an order finally resolving any of Sampson's claims. Rather, it is deferring doing so until the parties have an opportunity to confer and advise the court on the most appropriate form of an order to implement its decisions and state their positions on how this case should proceed. (Hohler, Daniel) (Entered: 10/20/2011) |
| 10/20/2011 | 1220 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson. Accordingly, it is hereby ORDERED that the parties shall confer and, by December 2, 2011, report, jointly if possible but separately if necessary, concerning: 1. Whether the decision on Claim IV granting Sampson a new trial to determine his sentence is now appealable and, if so, whether the government requests a stay of proceedings before this court in order to pursue an appeal. 2. Whether the decision summarily dismissing certain of Sampson's claims is now appealable and, if so, whether Sampson requests a stay of proceedings before this court in order to pursue an appeal. 3. Which, if any, of Sampson's claims that have not been found subject to summary dismissal should be deemed moot if a new trial to determine Sampson's sentence is to be conducted. 4. The form of order to be entered to implement the decisions that the court has made in the October 20, 2011 Orders on Jury Claim and Summary Dismissal. 5. How this case should proceed after such an order is entered. (Hohler, Daniel) (Entered: 10/20/2011) |
| 11/04/2011 | 1223 | | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson (Attachments: # 1 Redacted Transcript) (Hohler, Daniel) (Entered: 11/04/2011) |
| 11/04/2011 | | | Document unsealed as to Gary Lee Sampson. 1202 Sealed Document, 1194 Sealed Document, 1200 Sealed Document, 1192 Sealed Document per Order of the Court at Docket No. 1223. (Hohler, Daniel) (Entered: 11/04/2011) |
| 12/01/2011 | 1224 | | |

| | | | |
|---|---|---|---|
| | | | Assented to MOTION for Extension of Time to January 25, 2012 to File Report as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 12/01/2011) |
| 12/02/2011 | 1225 | | Chief Judge Mark L. Wolf: ORDER entered granting 1224 Motion for Extension of Time to File as to Gary Lee Sampson (1)The court has considered the government's Assented–To Motionto Extend Deadline to File the Parties' Report Regarding Theirpositions About How This Case Should Proceed Until January 25, 2012(the "Motion"). The request is justified. Therefore, the Motion(Docket No. 1224) is hereby ALLOWED and it is hereby ORDERED thatthe parties shall, by January 25, 2012, respond to the October 20,2011 Memorandum and Procedural Order. (Hohler, Daniel) (Entered: 12/02/2011) |
| 01/24/2012 | 1231 | | Joint MOTION for Extension of Time to February 1, 2012 to File Joint Report as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 01/24/2012) |
| 01/25/2012 | 1232 | | Chief Judge Mark L. Wolf: ENDORSED ORDER entered granting 1231 Motion for Extension of Time to File as to Gary Lee Sampson (1)"ALLOWED and So Ordered." (Hohler, Daniel) (Entered: 01/25/2012) |
| 02/01/2012 | 1233 | | STATUS REPORT *of the Parties (Joint)* by USA as to Gary Lee Sampson (Quinlivan, Mark) (Entered: 02/01/2012) |
| 02/02/2012 | 1234 | | Chief Judge Mark L. Wolf: ORDER entered as to Gary Lee Sampson. "The court has considered the Joint Report of the Parties in response to the October 20, 2011 Memorandum and Procedural Order. Their joint proposal concerning how this case should proceed is appropriate and is being adopted. Therefore, it is hereby ORDERED that: 1. The government shall, by February 17, 2012, file a motion to certify this Court's decision on Claim IV for interlocutory appeal and for a stay of proceedings, the supporting memorandum of which shall not exceed 35 pages. 2. Petitioner shall, by March 16, 2012, file a response which shall not exceed 35 pages. 3. The government shall, by March 23, 2012, file a reply, which shall not exceed 10 pages. 4. This case is otherwise STAYED." (Hohler, Daniel) (Entered: 02/02/2012) |
| 02/17/2012 | 1235 | | MOTION to Certify Interlocutory Appeal Under 28 U.S.C. 1292(b) and for Stay as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 02/17/2012) |
| 02/17/2012 | 1236 | | MEMORANDUM in Support by USA as to Gary Lee Sampson re 1235 MOTION to Certify Interlocutory Appeal Under 28 U.S.C. 1292(b) and for Stay (Quinlivan, Mark) (Entered: 02/17/2012) |
| 03/16/2012 | 1237 | | Opposition by Gary Lee Sampson re 1235 MOTION to Certify Interlocutory Appeal Under 28 U.S.C. 1292(b) and for Stay (Attachments: # 1 Exhibit 1)(Windom, Thomas) (Entered: 03/16/2012) |
| 03/23/2012 | 1238 | | Assented to MOTION for Extension of Time to March 30, 2012 to File Response/Reply as to 1235 MOTION to Certify Interlocutory Appeal Under 28 U.S.C. 1292(b) and for Stay as to Gary Lee Sampson by USA. (Quinlivan, Mark) (Entered: 03/23/2012) |
| 03/28/2012 | | | Chief Judge Mark L. Wolf: ELECTRONIC ORDER entered granting 1238 Motion for Extension of Time to File Response/Reply as to Gary Lee Sampson (1) (Hohler, Daniel) (Entered: 03/28/2012) |

| 03/30/2012 | 1239 | | REPLY TO RESPONSE to Motion by USA as to Gary Lee Sampson re 1235 MOTION to Certify Interlocutory Appeal Under 28 U.S.C. 1292(b) and for Stay (Quinlivan, Mark) (Entered: 03/30/2012) |
|---|---|---|---|
| 05/10/2012 | 1240 | 90 | Chief Judge Mark L. Wolf: ORDER entered. as to Gary Lee Sampson Therefore, for the reasons explained in this Memorandum and in the October 20, 2011 Memorandum and Order on Jury Claim, it is hereby ORDERED that: 1. Claim IV of the Motion (Docket No. 1035) is ALLOWED and Sampson's death sentence is VACATED. 2. The Government's Request for Summary Dismissal of the First Amended 2255 Petition (Docket No. 1055) is DENIED as to Claim IV, the jury claim. 3. Assuming, without finding, that 28 U.S.C. §1292(b) is applicable, the government's Motion to Certify Interlocutory Appeal Under 28 U.S.C. §1292(b) and for Stay (Docket No. 1235) is ALLOWED as to the questions of: (1) whether McDonough requires proof of actual bias or implied bias to obtain relief; and, if not, (2) whether this court correctly stated the McDonough test in its Memorandum and Order on Jury Claim. 4. A separate Order concerning the claims to be dismissed pursuant to the October 20, 2011 Memorandum and Order on Summary Dismissal shall enter. 5. This case shall continue to be STAYED pending a resolution of the government's appeal by the First Circuit.(Hohler, Daniel) (Entered: 05/10/2012) |
| 05/18/2012 | 1241 | 124 | NOTICE OF APPEAL by USA as to Gary Lee Sampson re 1240 Order,,,,. (Fee Status: US Government). NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/efiling.htm. US District Court Clerk to deliver official record to Court of Appeals by 6/7/2012. (Quinlivan, Mark) (Entered: 05/18/2012)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
        v.                     )        Cr. No. 01-10384-MLW
                               )
GARY LEE SAMPSON               )


MEMORANDUM AND ORDER


WOLF, D.J.                                      May 10, 2012

I.    SUMMARY

    In December, 2003, a jury unanimously found that defendant
Gary Sampson should be sentenced to death for the two carjackings
resulting in death to which he had pled guilty.  Under the Federal
Death Penalty Act, if even one juror had found that the death
penalty was not justified, Sampson could not be executed.  After
denying Sampson's motion for a new sentencing hearing, in January,
2004, the court sentenced Sampson to be executed.  The First
Circuit denied Sampson's appeal and the Supreme Court declined to
review his case.

    Sampson subsequently timely exercised his right to seek a new
sentencing hearing in this 28 U.S.C. §2255 proceeding.  He alleged,
among other things, that his constitutional right to an impartial
jury had been violated.  After substantial briefing and three
evidentiary hearings, this court found that Sampson's contention
was correct.  See United States v. Sampson, 820 F. Supp. 2d 151 (D.
Mass. 2011) (Memorandum and Order on Jury Claim).  In essence, the
court concluded that during the jury selection process a juror had

90

persistently committed perjury concerning important questions relating to her ability to be impartial in deciding whether Sampson should be executed, and if she had answered those questions honestly and accurately, she would have been excused for cause. Therefore, the court found that pursuant to the Supreme Court's decision in <u>McDonough Power Equipment, Inc. v. Greenwood</u>, 464 U.S. 548, 554 (1984), Sampson's death sentence must be vacated and a second hearing to determine his sentence must be conducted.

Sampson asserts that, as the Third and Fourth Circuits have found, an order in a §2255 proceeding requiring a new hearing to determine whether the death penalty is justified is not a final order and, therefore, is not appealable until after that hearing is concluded. See <u>United States v. Hammer</u>, 564 F.3d 628, 632-36 (3rd Cir. 2006); <u>United States v. Stitt</u>, 459 F.3d 483, 484-86 (4th Cir. 2006). The government disagrees and intends to seek immediate review by the First Circuit of the jury claim decision as a final order pursuant to 28 U.S.C. §1291.

The government also asks that this court certify questions concerning its decision for possible immediate review under 28 U.S.C. §1292(b), which authorizes interlocutory appeals of orders in civil cases in limited circumstances. Sampson contends that the instant §2255 proceeding is not a civil case eligible for interlocutory appeal under §1292(b) and, in any event, that the standards for certification under §1292(b) have not been met.

As explained in this Memorandum, this court is not required to decide whether this §2255 proceeding is a civil case within the meaning of §1292(b) and has not done so.  However, in the unique circumstances of this case, the court finds that if §1292(b) applies, its requirements are satisfied and that the court should exercise its discretion to allow the First Circuit to consider the full range of issues that the government wishes to present.

Among other things, a second hearing to determine whether Sampson should live or die will be lengthy, expensive, and anguishing for the families of Sampson's victims.  It is, therefore, appropriate to give the First Circuit the opportunity to decide whether the decision that a second sentencing hearing is legally required is now appealable; if it is, whether the First Circuit wishes to exercise its discretion to decide the merits of the government's claims now; and, if it does, whether this court correctly stated the McDonough test in finding that Sampson's death sentence must be vacated and a second sentencing hearing must be conducted.

Accordingly, the two questions defined in §IV of this Memorandum and Order are being certified for possible interlocutory appeal pursuant to 28 U.S.C. §1292(b) and proceedings before this court are being stayed until the First Circuit resolves the government's appeal.

II.  HISTORY OF THE CASE

In October, 2001, Sampson was charged with two counts of carjacking resulting in the deaths of Philip McCloskey and Jonathan Rizzo.  The government exercised its discretion to seek the death penalty.  Sampson pled guilty to the charges against him.  Nevertheless, he was entitled to have a jury decide whether he should be sentenced to death.

In 2003, hundreds of potential jurors answered, in writing and under oath, seventy-seven questions designed to elicit information about whether they could be impartial and decide whether Sampson should be executed based solely on the evidence presented in court.  About 140 potential jurors not disqualified based on their written responses were individually questioned over fifteen days by the court and the parties for this purpose.  Twelve jurors, including one who has been publicly identified as "C," were empaneled, with six alternates.  Two of the original jurors were excused during trial when it was discovered that they had not answered voir dire questions truthfully.

The jury heard evidence for about six weeks.  It then unanimously found that the death penalty was justified.  Accordingly, in January, 2004, the court sentenced Sampson to be executed.  See United States v. Sampson, 300 F. Supp. 2d 278, 284 (D. Mass. 2004); United States v. Sampson, 300 F. Supp. 2d 275 (D. Mass. 2004).

4

93

The First Circuit affirmed the death sentence on May 7, 2007. See United States v. Sampson, 486 F.3d 13, 52 (1st Cir.), reh'g and reh'g on banc denied, 497 F.3d 55 (1st Cir. 2007).  On May 12, 2008, the Supreme Court denied Sampson's petition for a writ of certiorari.  See Sampson v. United States, 553 U.S. 1035 (2008).

On May 11, 2009, Sampson filed a Motion for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. §2255 and/or Rule 33 of the Federal Rules of Criminal Procedure, seeking relief from his conviction and sentence.  A First Amended Motion under §2255 and Rule 33 was filed on March 29, 2010 (the "Motion").  The 250-page Motion raised eight distinct claims for relief (referred to here and in the October 20, 2011 Memorandum and Order on Summary Dismissal as Claims III-X), several of which had multiple subclaims.  The Motion included claims that Sampson's counsel had been ineffective in their advice to Sampson about his guilty plea, in their investigation of mitigating evidence, and during the sentencing hearing; a claim that the inaccurate answers of three jurors during voir dire deprived Sampson of his constitutional right to an impartial jury; and a claim that Sampson cannot constitutionally be executed because he is severely mentally impaired, as well as several other claims.  The government requested summary dismissal of all of Sampson's claims.

The court received hundreds of pages of briefing and held

three days of hearings on the request for summary dismissal in August and September, 2010.  In addition, after concluding that Sampson's claim that he was deprived of his right to an impartial jury (Claim IV) could not be summarily dismissed, the court held an evidentiary hearing on November 18, 2010, at which three jurors implicated in Sampson's claim testified about their answers during the jury selection process.  One of these jurors, C, testified further at evidentiary hearings held on March 18, 2011, and August 8, 2011.

On October 20, 2011, the court issued the Memorandum and Order on Jury Claim.  See Sampson, 820 F. Supp. 2d 151.  The court held that Sampson was entitled to a new hearing to determine whether he should be sentenced to death because repeated perjury by C during jury selection deprived the court of important information that would have prompted it to excuse her for cause and, therefore, Sampson had been deprived of his Sixth Amendment right to have the question of whether he would live or die decided by twelve impartial jurors – jurors "'capable and willing to decide the case solely on the evidence before [them].'"  Id. at 159, 188 (quoting McDonough, 464 U.S. at 554).

In summarizing some of its extensive factual findings, the court wrote that:

> [A]s explained in detail in this Memorandum, the court
> . . . finds that C intentionally and repeatedly answered
> a series of questions dishonestly in an effort to avoid
> disclosing or discussing painful experiences she had

6

95

endured concerning her daughter J and her former husband P. Her dishonesty began when she filled out her questionnaire in September, 2003, continued when she returned for individual voir dire in October, 2003, and was repeated when she was required to testify in these §2255 proceedings.

More specifically, C intentionally lied during the jury selection process in response to questions that should have elicited the facts that: in 2000 her husband P had a rifle or shotgun and threatened to shoot her; C had feared that P would kill her; as a result, C obtained an Abuse Prevention Order against P; P was later arrested in her presence and prosecuted for violating that Order; C's marriage to P ended because of his substance abuse; J also had a drug problem; and J's drug abuse resulted in her serving time in prison, where C visited her. As information concerning these experiences involving J and P emerged slowly in the course of three hearings in these §2255 proceedings, C repeatedly characterized each of those experiences as "horrible" and a "nightmare." She often cried when required to think about these matters. She was frequently unable to discuss them candidly or coherently.

Sampson, 820 F. Supp. 2d at 158.

The court also analyzed the Supreme Court's decision in McDonough and subsequent cases applying that decision. See id. at 170-181. It summarized as follows the holding of McDonough and its understanding of what Sampson had to prove in order to show that C's perjury entitled him to a new trial pursuant to McDonough:

In McDonough, the Supreme Court described the circumstances in which inaccurate responses to voir dire questions would deny a party his right to an impartial jury and, therefore, require a new trial. See 464 U.S. at 556. It stated:

We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a

7

96

> valid basis for a challenge for cause. The
> motives for concealing information may vary,
> but only those reasons that affect a juror's
> impartiality can truly be said to affect the
> fairness of a trial.

Id.

> Accordingly . . . to obtain relief under McDonough,
> Sampson was required to prove by a preponderance of the
> evidence that: (1) C was asked a question during voir
> dire that should have elicited particular information;
> (2) the question was material; (3) C's response was
> dishonest, meaning deliberately false, rather than the
> result of a good faith misunderstanding or mistake; (4)
> her motive for answering dishonestly relates to her
> ability to decide the case solely on the evidence and,
> therefore, calls her impartiality into question; and (5)
> the concealed information, when considered along with the
> motive for concealment, the manner of its discovery, and
> C's demeanor when required to discuss J and P, would have
> required or resulted in her excusal for cause for either
> actual bias, implied bias, or what the Second Circuit
> characterizes as "inferable bias."

Sampson, 820 F. Supp. 2d at 158-59.

This formulation of the McDonough test does not require proof

of either of the two types of bias that were recognized before

McDonough – "actual bias," meaning bias in fact, or "implied bias,"

meaning bias which is presumed as a matter of law. See id. at 162-

64, 169-70, 174-75.   Instead, the court concluded that it is

sufficient to obtain relief under McDonough to prove that a juror

intentionally provided a false answer to a material question, the

motive for the juror's dishonesty related to the juror's ability to

be impartial, and discovery of the deliberately concealed

information before trial would have actually resulted in the

juror's excusal for cause based on a third type of bias that the

8

Second Circuit has characterized as "inferable" or "inferred" bias. See id. at 165-66, 180-81 (quoting United States v. Torres, 128 F.3d 38, 46-47 (2d Cir. 1997) and United States v. Greer, 285 F.3d 158, 171 (2d Cir. 2000)).  "'Inferable' or 'inferred' bias exists 'when a juror discloses a fact that bespeaks a risk of partiality sufficiently significant to warrant granting the trial judge discretion to excuse the juror for cause, but not so great as to make mandatory a presumption of bias.'"  Sampson, 820 F. Supp. 2d at 165 (quoting Greer, 285 F.3d at 171 (quoting Torres, 128 F.3d at 47)).  This court found that the McDonough test would be met if Sampson proved inferable bias that would have provided the court the discretion to excuse C for cause prior to trial, and that the court would in fact have done so.  See Sampson, 820 F. Supp. 2d at 159, 175 (citing Dall v. Coffin, 970 F.2d 964, 970 (1st Cir. 1992)).

As fully explained in the Memorandum and Order on Jury Claim, the McDonough test recognizes the unique connection between deliberately dishonest answers and the likely partiality of a potential juror.  Sampson, 820 F. Supp. 2d at 171.  McDonough creates a special test that applies when it is proven that a potential juror has deliberately answered a material question falsely.  "If the McDonough test required a showing of actual or implied bias in addition to a showing of dishonesty, the test Justice Rehnquist stated for the majority would be superfluous."

Sampson, 820 F. Supp. 2d at 176.  The court noted that in Amirault v. Fair, 968 F.3d 1404, 1405-06 & n.2 (1st Cir. 1992), the First Circuit held that if relief under McDonough is unavailable, a court must still consider whether a juror has been shown to be actually or impliedly biased.  Sampson, 820 F. Supp. 2d at 176.  In doing so, the First Circuit implicitly recognized that there are three distinct tests for determining whether a party is entitled to a new trial because of juror bias  – actual bias, implied bias, and the McDonough test.  See id.  As the court also explained, its conclusion that actual and implied bias are not required is supported by Dall, 970 F.2d at 970, in which the First Circuit stated that relief under McDonough would be available where correct responses to the voir dire questions would have "required or resulted in" the juror's disqualification for cause.  Id.  This language is significant because while actual and implied bias require a juror's disqualification, inferable bias does not require disqualification, but provides the judge the discretion to excuse a juror for cause.  See id. at 176-77.

The court applied the facts it had found to this understanding of McDonough and summarized its analysis as follows:

> The court finds that Sampson has satisfied his burden of proving every element of the McDonough test. C did not falsely answer any question as part of a conscious effort to become a juror and punish Sampson for the abuse inflicted on her by P. However, it has been proven that during the jury selection process C dishonestly answered all material questions that should have revealed important events concerning J and P because C was deeply

10

99

ashamed, and became distraught when required to think about them. She repeatedly lied because the events concerning J and P were too painful for her to disclose or discuss. C's decision to lie rather than reveal these events demonstrates the tremendous emotional impact that they had on C at the time of the voir dire and calls her impartiality into question.

The matters about which C repeatedly lied under oath were comparable to matters presented by the evidence in Sampson's case. C dishonestly did not disclose prior to the empanelment that, among other things, she had been threatened with being shot and killed, had ended a marriage due to her husband's substance abuse, and felt deeply ashamed of her daughter's criminal activity, drug abuse, and incarceration. If these matters had been revealed, the court would have found that there was a high risk that after being exposed to the evidence at trial C's decision on whether Sampson should be executed would be influenced by her own life experiences and, therefore, a high risk that she would be substantially impaired in her ability to decide whether Sampson should be executed based solely on the evidence. Like other potential jurors, C would have been excused for cause solely for that reason. The decision to excuse her for cause would have been reinforced by her demonstrated dishonesty, which was alone a reason that other potential jurors were excused for cause.

As the requirements of <u>McDonough</u> have been satisfied, the court is compelled to vacate Sampson's death sentence and grant him a new trial to determine his sentence. In essence, despite dedicated efforts by the parties and the court to assure that the trial would be fair and the verdict final, it has now been proven that perjury by a juror resulted in a violation of Sampson's constitutional right to have the issue of whether he should live or die decided by twelve women and men who were each capable of deciding that most consequential question impartially.

<u>Id.</u> at 159.[1]

---

[1] The court also found that Sampson was not entitled to a new sentencing hearing because two other jurors inadvertently provided inaccurate answers during the voir dire process.  <u>Id.</u> at 198-99, 201.  In addition, the court concluded that Sampson was not entitled to a new sentencing proceeding because the

11

100

In his submissions relating to his jury claim, Sampson asserted that an order requiring a new hearing to determine whether the death penalty is justified would not be appealable until after that hearing was concluded. See Hammer, 564 F.3d at 632-36; Stitt, 459 F.3d at 484-86; see also Andrews v. United States, 373 U.S. 334, 339-40 (1963). The government had not addressed this issue. Therefore, the court deferred entering an order implementing its decision on the jury claim until the parties had an opportunity to confer and brief the issue of whether that decision is immediately appealable. See United States v. Sampson, 820 F. Supp. 2d 249 (D. Mass. 2011) (Memorandum and Procedural Order).

In a separate order also issued on October 20, 2011, the court decided that the government was entitled to summary dismissal of many, but not all, of Sampson's claims that did not relate to the jury. See United States v. Sampson, 820 F. Supp. 2d 202, 213 (D. Mass. 2011) (Memorandum and Order on Summary Dismissal). The court summarized the surviving non-jury claims as follows:

> [Certain] claims cannot be conclusively resolved based on the motion and the record before the court. For example, Sampson alleges that his trial counsel failed to give his medical experts certain medical records that, if considered, would have led to additional investigation and, in turn, would have led to substantial additional evidence of brain abnormality, an important mitigating factor to be considered by the sentencing jury in a capital case (Claim III(C)). See, e.g., Porter v.

_____

inaccurate responses by C and the two other jurors deprived him of his right to exercise his peremptory challenges on a properly informed basis. Id. at 201-02.

12

> McCollum, 130 S.Ct. 447, 454 (2009) (per curiam). On the present record, the court cannot conclude that Sampson's characterization of these events is inaccurate. Nor can it conclude that Sampson was not prejudiced at trial by the absence of this information. Similarly, the court cannot conclude that Sampson is not entitled to relief based on his claims that his counsel were ineffective because their investigation and presentation of mitigating evidence was inadequate in other respects, because their investigation and impeachment of a government witness was inadequate, because they did not present evidence to the jury that Sampson's demeanor in court was caused by medication, or because they did not raise a question with the court about Sampson's competency (Claims III(B),(D)-(F), (I)-(L) and (N)). Nor can the court conclude that Sampson is not entitled to relief based on the cumulative effect of some or all of these alleged errors (Claim X).

Id. In addition, the court deferred decision on Sampson's claim that he is so severely brain damaged that his execution would be unconstitutional. See id. at 249. Pursuant to the Memorandum and Order on Summary Dismissal, all of the claims which challenged the validity of Sampson's guilty plea are subject to summary dismissal.[2]

It was not clear to the court whether the claims that survived summary dismissal would be moot if a new hearing to determine Sampson's sentence was conducted. Nor was it clear whether the court should decide whether to issue a certificate of appealability

---

[2] In its Memorandum and Order on Summary Dismissal, the court addressed the possibility that Sampson's claim of ineffectiveness of counsel for failure to raise a question of competency could relate to the validity of the plea, not merely the validity of the sentence. Id. at 249. However, the parties have since communicated to the court their shared understanding that this claim challenged only the validity of the sentence, not the plea. See Feb. 1, 2012 Joint Report at 3-4.

13

on any of the dismissed claims before a new sentencing proceeding was conducted, and whether Sampson would request a stay to pursue an appeal concerning any of the dismissed claims.  See Sampson, 820 F. Supp. 2d at 250-51 (Memorandum and Procedural Order).  The court ordered the parties to confer and address these issues too.  See id.

On February 1, 2012, the parties responded in a joint report. The report notified the court of the government's intention to seek review of the court's decision on the jury claim as soon as an order was entered requiring a new sentencing proceeding, and the defendant's position that no appeal could now be taken.  More specifically, the government asserted that an order implementing the court's decision on the jury claim and requiring a new sentencing hearing would be final and automatically appealable under 28 U.S.C. §1291, which gives courts of appeals jurisdiction over appeals "from all final decisions of the district courts of the United States."  The government stated that it would pursue such an appeal as soon as the court entered an order directing that a new sentencing hearing be conducted.  However, acknowledging the decisions holding that an order requiring a resentencing in a §2255 proceeding is interlocutory rather than final, the government also stated its intention to seek certification from this court for an interlocutory appeal under 28 U.S.C. §1292(b), which permits such appeals in civil cases that meet certain standards.  Sampson

14

103

reported his position that an order granting the defendant a new sentencing hearing would not now be appealable under either §1291 or §1292(b).

Both parties agreed that a stay of proceedings before this court pending resolution of any appeal by the government would be appropriate.  They proposed a briefing schedule relating to the government's request that this court make the findings necessary to authorize an interlocutory appeal under §1292(b).

The parties also reported their agreement that the decision to dismiss summarily certain of Sampson's claims would not now be appealable, and that Sampson's remaining claims challenging the validity of his death sentence would be moot if a new hearing to determine his sentence were conducted.

The court adopted the parties' proposed briefing schedule and stayed the remainder of the case.  The parties have now submitted memoranda addressing the questions: (1) whether an interlocutory appeal of the court's decision on the jury claim is authorized by §1292(b); and (2) if so, whether the requirements for an interlocutory appeal under §1292(b) have been met.

III. ANALYSIS

The parties dispute whether it is permissible to use §1292(b) to obtain interlocutory appeal of an order vacating a death sentence and ordering a new sentencing hearing in a §2255 proceeding.  Arguing that the government cannot now appeal this

15

104

court's grant of a new sentencing hearing, Sampson relies on Andrews, in which the Supreme Court found that in a §2255 proceeding, a district court's order mandating a new sentencing was "interlocutory not final," and that it was "obvious that there could be no final disposition of the §2255 proceedings until the petitioners were resentenced."  373 U.S. at 339-40.  In Andrews, the Court concluded that the government did not have the right to appeal the order requiring resentencing, and the Court of Appeals lacked jurisdiction to review it, until the resentencing had occurred.  Id. at 337, 339.  Although Andrews was not a capital case and, therefore, did not involve a resentencing before a jury, two circuits have concluded that an appellate court does not have jurisdiction over the government's appeal of a district court's order vacating a death sentence but denying relief as to all claims concerning guilt.  See Hammer, 564 F.3d at 634 (3d Cir.); Stitt, 459 F.3d at 485-86 (4th Cir.).  Applying Andrews, the Third and Fourth Circuits held that a §2255 proceeding is not final until after a new sentencing hearing occurs and, therefore, an order requiring such a hearing is not subject to appeal.  See Hammer, 564 F.3d at 634; Stitt, 459 F.3d at 485-86.  Andrews, Hammer, and Stitt did not, however, address the possibility of interlocutory appeal pursuant to §1292(b).

Although recognizing that the Supreme Court's decision in Andrews has been interpreted by the Third and Fourth Circuits to

16

105

mean that an order requiring a new sentencing hearing in a capital case is not final or appealable prior to the resentencing, the government intends to appeal this court's decision immediately to the First Circuit on the theory that the decision is final and appealable as of right under §1291.  As requested by the parties, this court will stay the proceedings until that appeal is resolved. Therefore, an appeal to the First Circuit will be taken and there will be an associated delay in the proceedings before this court.

The issue now being decided is whether this court should make the findings necessary to allow the government to present to the First Circuit the additional questions of whether its decision on the jury claim is eligible for interlocutory appeal under §1292(b); if so, whether the requirements of §1292(b) have been met; and, if so, whether the First Circuit should exercise its discretion to decide the merits of the jury claim decision before a new sentencing hearing is conducted.

Section 1292 provides courts of appeals with jurisdiction to review certain interlocutory orders, including orders granting or refusing to grant injunctions, and orders appointing receivers. See 28 U.S.C. §1292(a).  As relevant here, §1292 also provides courts of appeals with the discretion to permit interlocutory appeals in certain other circumstances, with the agreement of the district court.  Specifically, §1292(b) states that:

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section, shall

17

106

be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

(Emphasis added).

By its terms, §1292(b) applies only to civil cases.  To obtain certification from the district court, the moving party must show that the matter involves: (1) a "controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." §1292(b); see Caraballo-Seda v. Municipality Of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005); see also Bank of New York v. Hoyt, 108 F.R.D. 184, 190 (D.R.I. 1985) (Selya, J.) ("[t]he movant has the obligation of showing that the §1292(b) criteria are met" (citing Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.), cert. denied, 405 U.S. 1041 (1972))).  If it makes these findings in a civil case, the district court is permitted, but not required, to authorize an interlocutory appeal.  See Swint v. Chambers County Comm'n, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."); Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 71 F. Supp. 2d 139, 145-46 (E.D.N.Y. 1999) (Weinstein, J.).

18

Therefore, "[d]istrict courts . . . have independent and 'unreviewable' authority to deny certification even where the three statutory criteria are met." Nat'l Asbestos, 71 F. Supp. 2d at 146 (quoting Executive Software N. Am., Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1550 (9th Cir. 1994)); see also Hoyt, 108 F.R.D. at 190 ("As the legislative history indicates, 'the appeal is discretionary rather than a matter of right. It is discretionary in the first instance with the district judge.'" (quoting S. Rep. 2434, 85th Cong., 2d Sess., 1958, reprinted in 1958 U.S. Code Cong. & Admin. News 5255, 5257)).

If this court makes the necessary findings and certifies its decision on Sampson's jury claim for interlocutory appeal, the First Circuit may have to decide three questions. First, it will have to resolve the dispute as to whether a §2255 proceeding is a "civil action" from which an interlocutory appeal can be taken under §1292(b). See Francisco Sanchez v. Esso Standard Oil Co., 572 F.3d 1, 9 (1st Cir. 2009) (court of appeals has duty to inquire into its own jurisdiction). If the First Circuit finds that §1292(b) applies, it will have to decide independently whether the three §1292(b) criteria are satisfied. See Caraballo-Seda, 395 F.3d at 9 (analyzing §1292(b) requirements and concluding two were not satisfied); In re Heddendorf, 263 F.2d 887, 889 (1st Cir. 1959) (in evaluating whether §1292(b) requirements are satisfied, court of appeals should "weigh the asserted need for the proposed

19

interlocutory appeal with the policy in the ordinary case of discouraging 'piecemeal' appeals"); White v. Nix, 43 F.3d 374, 376-78 (8th Cir. 1994).  The issue of whether §1292(b) applies is a pure matter of law and will determine the First Circuit's jurisdiction if the jury claim decision is not appealable under §1291 or some other statutory provision.  Whether the requirements of §1292(b) have been met has at times been characterized as jurisdictional as well.  See Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010) ("the requirements of §1292(b) are jurisdictional" (internal quotations omitted)).  If §1292(b) applies and its requirements are met, the First Circuit will have "to decide whether, in the exercise of discretion granted . . . by the statute, [it] want[s] to accept jurisdiction."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1990 (1983).

Therefore, this court is, in effect, a gatekeeper.  If it declines to make the findings necessary to permit interlocutory review under §1292(b), the First Circuit will only decide if the jury claim decision can be appealed as a final order under §1291.  See Rivera-Jimenez v. Pierluisi, 362 F.3d 87, 92 (1st Cir. 2004).  If the court does make the required findings, the First Circuit will have the opportunity to decide the full range of §1292(b) issues presented to this court.  For the reasons described below, in the unique circumstances of this case, it is appropriate to

provide the First Circuit that opportunity.

Whether a §2255 proceeding is a "civil action" for the purpose of §1292(b) is a challenging question.  The Supreme Court has recently noted that in some contexts "there has been some confusion over whether §2255 proceedings are civil or criminal in nature." Wall v. Kholi, 131 S.Ct. 1278, 1289 n.7 (2011).  However, the Court did not clarify that question.  See id.

Sampson asserts that the decision on the jury claim is not an order in a "civil action" eligible for a possible interlocutory appeal under §1292(b).  He argues that the Advisory Committee Notes to the Rules Governing Section 2255 Proceedings for the United States District Courts (the "Notes") characterize proceedings under §2255 as a "continuation of the criminal case."  See Note to Rule 1 ("a motion under §2255 is a further step in the movant's criminal case and not a separate civil action"); Note to Rule 11 ("a §2255 action is a continuation of the criminal case").[3]  Sampson observes

---

[3] If Sampson is correct in his contention that §2255 proceedings are criminal rather than civil, a question could be raised regarding whether 18 U.S.C. §3731, concerning appeals by the government in criminal cases, applies to the instant case. Section 3731 permits appeals by the government in criminal cases for orders "granting a new trial after verdict or judgment."  In addressing a decision to grant a new sentencing hearing in a capital case, the Sixth Circuit has held that the order would not have been appealable if entered in a §2255 proceeding, but was appealable under §3731 because the order granted a motion brought under Rule 33(b)(2) of the Federal Rules of Criminal Procedure. See United States v. Lawrence, 555 F.3d 254, 258-60 (6th Cir. 2009).

Rule 33(b)(1) requires that "[a]ny motion for a new trial

that there is a strong policy against piecemeal appeals.  See Abney

v. United States, 431 U.S. 651, 656 (1977) ("[S]ince appeals of

right have been authorized by Congress in criminal cases, as in

civil cases, there has been a firm congressional policy against

interlocutory or 'piecemeal' appeals and courts have consistently

given effect to that policy.").  Section 2255(d) states only that

"[a]n appeal may be taken to the court of appeals from the order

entered on the motion as from a final judgment on application for

write of habeas corpus."; see also 28 U.S.C. §2253(a) ("In a habeas

---

grounded on newly discovered evidence must be filed within 3
years after the verdict or finding of guilty."  Sampson pled
guilty in 2003.  The Motion was not filed in this case until
2009.  Therefore, in contrast to Lawrence, it does not appear
that a timely Rule 33 motion has been presented to this court.

     Nevertheless, §3731 may deserve some consideration.  This
court recognizes that in Andrews the Supreme Court stated that
the Criminal Appeals Act "has no applicability" to a §2255
proceeding.  373 U.S. at 338.  However, Andrews relied at least
in part on the Court's understanding that "[a]n action under 28
U.S.C. §2255 is a separate proceeding, independent of the
original criminal case."  Id.  This reasoning may have been
eroded by the revision of the §2255 Rules which now provide that
"a motion under §2255 is a further step in the movant's criminal
case and not a separate civil action."  Note to Rule 1.
Furthermore, Andrews relied on a "long-established rule against
piecemeal appeals," 383 U.S. at 340, but §3731 was amended after
Andrews to increase the government's opportunity to obtain review
of certain non-final orders, and it expressly states that its
provisions "shall be liberally construed to effectuate its
purposes."  §3731; see Lawrence, 555 F.3d at 258; see also United
States v. Wilson, 420 U.S. 332, 337 (1975); United States v.
Kane, 646 F.2d 4, 7 (1st Cir. 1981).

     The government has not argued that the jury claim decision
is appealable pursuant to §3731, Sampson has not addressed the
question, and this court is not deciding it.  However, the First
Circuit may wish to consider the issue.

22

corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held."). Sampson contends, therefore, that §2255 occupies the field and makes no provision for extraordinary, interlocutory appeals. Sampson asserts that in <u>Hammer</u> and <u>Stitt</u>, the government implicitly recognized this by not contending that §1292(b) was a vehicle for obtaining review. Indeed, it appears that the government has never made such a claim in any §2255 case.

However, there are factors that favor the government's position that decisions in §2255 proceedings are eligible for interlocutory review under §1292(b). Arguably, §2255 proceedings are hybrids, which in some contexts should be considered criminal actions and in other contexts should be considered civil actions. In certain contexts the First Circuit has characterized §2255 proceedings as civil in nature. <u>See</u> <u>Trenkler v. United States</u>, 536 F.3d 85, 94 (1st Cir. 2008) ("Section 2255 proceedings, like classic petitions for habeas corpus, are generally treated as civil in nature."); <u>Rogers v. United States</u>, 180 F.3d 349, 352 n.3 (1st Cir. 1999) ("Motions under §2255 have often been construed as civil actions, much like habeas corpus proceedings."). Sections 2253(a) and 2255(d) directly address how a final order in such a proceeding may be appealed, but do not state that interlocutory appeals are prohibited. The Supreme Court has held that "appeals from orders

23

denying motions under Section 2255 are governed by the civil rules applicable to appeals from final judgment in habeas corpus actions." United States v. Hayman, 342 U.S. 205, 209 n.4 (1952). Moreover, Rule 11(b) of the Rules Governing §2255 Proceedings provides that Rule 4(a) of the Federal Rules of Appellate Procedure, which establishes the time to appeal in civil cases, "governs the time to appeal an order entered under these rules." In addition, although without discussion of the implications of Andrews or any other analysis, courts have occasionally allowed interlocutory appeals under §1292(b) in §2255 actions. See United States v. Pelullo, 399 F.3d 197, 202 (3d Cir. 2005); United States v. Barron, 127 F.3d 890, 892 (9th Cir. 1997), rev'd on other grounds on rehearing on banc, 172 F.3d 1153 (9th Cir. 1999) (en banc).

In view of the foregoing, reasonable judges might differ on whether §1292(b) applies to the decision on the jury claim in this case. While §1292(b) requires that this court state its opinion on certain issues, it does not require that this court decide whether a §2255 proceeding is a "civil action" for the purpose of §1292(b). For the reasons described below, the court concludes that the requirements of §1292(b) are satisfied and it is in the interest of justice to give the First Circuit the opportunity to decide the full range of issues raised by the government. Therefore, the court is not deciding whether or not §1292(b) applies to its

Case 1:01-cr-10384-MLW   Document 1240   Filed 05/10/12   Page 25 of 34

decision on the jury claim, but is making the findings necessary to provide the First Circuit the opportunity to decide that issue, and others if it determines that it has jurisdiction.

In finding that the requirements of §1292(b) have been met, the court understands that interlocutory certification "should be used sparingly and only in exceptional circumstances, and where the proposed immediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda, 395 F.3d at 9 (internal quotations omitted); see McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). Certification under §1292(b) must be rare because appellate review is generally limited to final decisions precisely in order to "avoid piecemeal litigation, promote judicial efficiency, reduce the cost of litigation, and eliminate the delays caused by interlocutory appeals." Appeal of Licht & Semonoff, 796 F.2d 564, 569 (1st Cir. 1986); see also In re Clark-Franklin-Kingston Press, Inc., C.A. 90-11231-WF, 1993 WL 160580, *2 (D. Mass. 1993) ("appeals of interlocutory orders result in piecemeal litigation, causing delay"). Therefore, "the party seeking interlocutory appeal under §1292(b) bears the heavy burden of persuading the court that exceptional circumstances warrant 'departure from the basic policy of postponing appellate review until after entry of final judgment.'" Clark-Franklin-Kingston, 1993 WL 160580 at *2 (quoting Hoyt, 108 F.R.D. at 190); see also Vimar Seguros Y

25

114

Reaseguros, S.A. v. M/V Sky Reefer, C.A. 91-13345-WF, 1993 WL

137483, *6 (D. Mass. 1993), aff'd, 29 F.3d 727 (1st Cir. 1994),

aff'd, 515 U.S. 528 (1995).

However, as Professors Wright, Miller, and Cooper have

written:

> [T]he three factors that justify interlocutory appeal
> should be treated as guiding criteria rather than
> jurisdictional requisites.  Section 1292(b) is best used
> to inject an element of flexibility into the technical
> rules of appellate jurisdiction established for final
> judgment appeals under §1291 and for interlocutory
> appeals under §1292(a).  The three factors should be
> viewed together as the statutory language equivalent of
> a direction to consider the probable gains and losses of
> immediate appeal.

16 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure

§3930 (2d ed. 1996), at 415.[4]  In the instant case, the §1292(b)

factors, viewed together, indicate that it is permissible and

appropriate that this court authorize an interlocutory appeal of

its decision on Sampson's jury claim.

The court's decision on the jury claim involves a "controlling

question of law" within the meaning of §1292(b).  That issue is the

question of whether a litigant seeking to obtain relief under

McDonough is required to prove, among other things, actual or

implied bias.  As explained earlier, this court found that actual

---

[4] This court has regularly employed this understanding in
deciding whether to certify decisions for interlocutory appeal
under §1292(b).  See Clark-Franklin-Kingston, 1993 WL 160580 at
*3; Vimar Seguros, 1993 WL 137483 at *6; United States ex rel.
LaValley v. First Nat. Bank of Boston, C.A. 86-236-WF, 1990 WL
112285, *3-4 (D. Mass. 1990).

and implied bias are not required to be proven to obtain relief under McDonough, see Sampson, 820 F. Supp. 2d at 174-75, and that neither was proven with regard to C. Id. at 188, 192. If this court is found to be incorrect in its holding that McDonough provides a third basis for obtaining relief – distinct from actual bias and implied bias – or incorrect in some material respect concerning its statement of the McDonough test, then its decision that a new hearing to determine Sampson's sentence is required will be reversed or remanded. Therefore, a "controlling question of law" is implicated in the proposed interlocutory appeal. See In re Heddendorf, 263 F.2d at 890.

With regard to the second §1292(b) factor, "[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case." 16 Wright, Miller & Cooper, Federal Practice and Procedure §3930, at 422. In certain circumstances, "certification may be justified at a relatively low threshold of doubt." Id.

This court continues to find that it has correctly interpreted McDonough. As indicated earlier, "if the McDonough test required a showing of actual or implied bias in addition to a showing of dishonesty," as the government contends, "the test Justice Rehnquist stated for the majority would be superfluous." Sampson, 820 F. Supp. 2d at 176. Moreover, this court's interpretation of

27

116

McDonough is consistent with the First Circuit's most relevant decisions, Amirault and Dall.  See Sampson, 820 F. Supp. 2d at 176-77.

However, in McDonough two Justices concurred only in the judgment because they had "difficulty understanding the import of the legal standard adopted by the Court."  464 U.S. at 557 (Brennan, J., concurring).  In addition, "[a]s the Sixth Circuit has noted, the case law reflects some confusion concerning the meaning of McDonough."  Sampson, 820 F. Supp. 2d at 177 (citing Zerka v. Green, 49 F.3d 1181, 1185 (6th Cir. 1995)).  This confusion is manifest in certain cases from other jurisdictions that are inconsistent with this court's interpretation of McDonough and incorrect for the reasons explained in the Memorandum and Order on Jury Claim.  See Sampson, 820 F. Supp. 2d at 179-80 nn.16-18.  Moreover, as this court wrote, its:

> statement of the McDonough test has been developed without the benefit of extensive discussion by the First Circuit.  The lack of extensive discussion is, in part, the result of the fact that the First Circuit has never decided a case in which the party seeking a new trial proved that a juror had been dishonest at voir dire and it has not, therefore, been required to analyze the remaining prongs of the McDonough test.

Id. at 177.

In essence, the court believes that in reaching its conclusions, the court harmonized the three opinions in McDonough, well-reasoned decisions from several Courts of Appeals, and language in several First Circuit cases whose analysis was less

28

117

extensive. However, in recognition of the lack of binding First Circuit authority concerning the meaning of McDonough and the confusion that is manifest in some decisions in other circuits, the court finds that there is a "substantial ground for difference of opinion" regarding its conclusion that McDonough is satisfied without proof of actual or implied bias if the trial judge would have had the discretion to excuse for cause a juror who answered a material question dishonestly, and would in fact have excused her. See Sampson, 820 F. Supp. 2d at 159.

Finally, "immediate appeal from the [jury claim] order may materially advance the ultimate termination of the litigation." §1292(b). If the court's decision on Sampson's jury claim is reversed on interlocutory appeal, it is possible that a new sentencing hearing will not be necessary. The court will still have to decide the claims not involving the jury that have not been summarily dismissed. Discovery will be necessary and evidentiary hearings may be required. It is not now possible to predict whether any of Sampson's remaining claims will prove to be meritorious. However, it is possible that they will not justify a new sentencing hearing.

If this court's decision on the jury claim is affirmed, the issues concerning Sampson's other claims that were not summarily dismissed will be moot. The government will then have to decide whether it is now possible and appropriate to conduct another long,

29

118

expensive, and exhausting sentencing hearing.  An affirmance may cause the government to conclude that it is in the interests of justice to try to reach an agreement to resolve this matter with Sampson, who previously offered to accept a sentence of life in prison without possibility of parole rather than face possible execution.  Such an agreement would expedite the termination of this case.  See Clark-Franklin-Kingston, 1993 WL 160580 at *3 ("interlocutory appeals should be granted where resolution of the issues on appeal might lead to settlement").  Therefore, while inherently uncertain,  the conclusion of this §2255 proceeding before this court "may" be facilitated by an interlocutory appeal. See §1292(b).

While the court is of the opinion that each of the §1292(b) factors has been adequately established, it still must decide whether to exercise its discretion to allow the First Circuit to consider whether interlocutory appeal of the jury claim decision is legally permissible and, if so, justified.  See Swint, 514 U.S. at 47; Nat'l Asbestos, 71 F. Supp. 2d at 145-46; Hoyt, 108 F.R.D. at 190.  It is, at this point, particularly appropriate "to consider the probable gains and losses of immediate appeal."  16 Wright, Miller & Cooper, Federal Practice and Procedure §3930, at 416.

The instant case is truly an "exceptional" case.  See Caraballo-Seda, 395 F.3d at 9 (internal quotations omitted).  It is the only case in the First Circuit in which a person has been

30

sentenced to be executed under the Federal Death Penalty Act. A resentencing hearing in this case will be far more complicated and consume far more resources than a resentencing in a non-capital case such as Andrews. See Stitt, 459 F.3d at 487 (Williams, J., concurring). It will also be agonizing for the families of the victims. If meritorious, an immediate appeal of the jury claim decision may keep these costs from being incurred.

Interlocutory review of the jury claim decision may also promote confidence in the administration of justice. If there is not an immediate appeal and a second jury finds that Sampson should be sentenced to death, this court's jury claim decision will probably never be reviewed and there will be no appellate determination of whether the second capital sentencing proceeding was necessary. If the jury at a second sentencing hearing finds that Sampson should not be executed, the court's decision on Sampson's jury claim will be final and ripe for appellate review. The First Circuit will then be required to decide whether Sampson should be executed despite a more recent jury determination that the death penalty is not justified. This situation may raise additional, unprecedented appellate issues. In any event, a decision to allow Sampson to be executed despite a more recent finding that the death sentence is not justified would forseeably prompt public confusion and controversy. An interlocutory appeal and determination of the merits of the jury claim decision would

31

120

reduce these risks and also assure that the expense and anguish of any second sentencing hearing is, as this court has found, legally required to provide Sampson "the fair process that the Constitution guarantees every man no matter how despicable his conduct." Sampson, 820 F. Supp. 2d at 160.

As described earlier, the instant case will be stayed pending the government's attempt to appeal the decision vacating Sampson's death sentence as a final order under §1291. Therefore, there will be some piecemeal litigation and delay in any event. Certification of an interlocutory appeal will only provide the First Circuit the opportunity to consider a fuller range of issues concerning the jury claim decision. Thus, the delay caused by authorizing an interlocutory appeal in this case is not as significant a factor weighing against certification as delay is in the usual case. Cf. Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866-67 (2d Cir. 1996) (certification under §1292(b) was improvidently granted where appeal would delay rather than advance termination of litigation); Nat'l Asbestos, 71 F. Supp. 2d at 167 ("The lengthy delay of trial court proceedings pending the appeal, the probability that an interlocutory appeal will require lengthy appellate consideration on an incomplete record, and the likelihood that continued district court proceedings might moot the issues now sought to be appealed, . . . counsel against interlocutory review at this stage."); Clark-Franklin-Kingston, 1993 WL 160580 at *3 (denying leave to bring

interlocutory appeal of order of Bankruptcy Court where appeal would delay the action's progress towards a trial).

In view of the foregoing, the court concludes that it is permissible and most appropriate to certify for interlocutory review, pursuant to §1292(b), the questions of: (1) whether McDonough requires proof of actual bias or implied bias to obtain relief; and, if not, (2) whether this court correctly stated the McDonough test in its Memorandum and Order on Jury Claim.

As explained earlier, the First Circuit may decide as a matter of law that an interlocutory appeal is not permissible or may conclude that this is not one of the rare cases in which an interlocutory appeal should be granted as an exercise of its discretion. However, it serves the interests of justice for this court to allow the First Circuit to make those decisions.

IV. ORDER

Therefore, for the reasons explained in this Memorandum and in the October 20, 2011 Memorandum and Order on Jury Claim, it is hereby ORDERED that:

1. Claim IV of the Motion (Docket No. 1035) is ALLOWED and Sampson's death sentence is VACATED.

2. The Government's Request for Summary Dismissal of the First Amended 2255 Petition (Docket No. 1055) is DENIED as to Claim IV, the jury claim.

3. Assuming, without finding, that 28 U.S.C. §1292(b) is

applicable, the government's Motion to Certify Interlocutory Appeal Under 28 U.S.C. §1292(b) and for Stay (Docket No. 1235) is ALLOWED as to the questions of: (1) whether McDonough requires proof of actual bias or implied bias to obtain relief; and, if not, (2) whether this court correctly stated the McDonough test in its Memorandum and Order on Jury Claim.

4. A separate Order concerning the claims to be dismissed pursuant to the October 20, 2011 Memorandum and Order on Summary Dismissal shall enter.

5. This case shall continue to be STAYED pending a resolution of the government's appeal by the First Circuit.

                                    /s/ Mark L. Wolf
                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GARY LEE SAMPSON, | ) | |
|     Petitioner, | ) | |
|     v. | ) | **Civil Action No. 09-10762 MLW** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent, | ) | |
| | | |
| | | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     v. | ) | **Criminal No. 01-10384 MLW** |
| | ) | |
| GARY LEE SAMPSON, | ) | |
|     Defendant | ) | |

## NOTICE OF APPEAL

Notice is hereby given that the United States of America hereby appeals to the United States Court of Appeals for the First Circuit from the district court's (Wolf, C.J.) May 10, 2012 Memorandum and Order (docketed on May 10, 2012), which order allowed Claim IV of the First Amended Motion for a New Trial and to Vacate, Set Aside, and Correct Conviction and Death Sentence Made Pursuant to 28 U.S.C. §2255 and/or Rule 33 of the Federal Rules of Criminal Procedure filed by Gary Lee Sampson, and vacated Sampson's death sentence, and all earlier rulings and interlocutory orders that gave rise to and/or produced that order, including, without limitation, the district court's October 20, 2011 Memorandum and Order on Jury Claim.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Mark T. Quinlivan, AUSA, certify that on May 18, 2012, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

William E. McDaniels
Jennifer G. Wicht
Thomas Windom
Williams & Connolly, LLP
725 Twelfth Street, N.W
Washington, D.C 20005

J. Martin Richey
Office of the Federal Defender
51 Sleeper Street, Fifth Floor
Boston, MA 02210

Susan Katherine Marcus
3 Fort Mason
San Francisco, CA 94123

/s/ Mark T. Quinlivan
MARK T. QUINLIVAN