**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT**

-------------------------------------------------------x

UNITED STATES OF AMERICA

      Appellant,

v.

GARY SAMPSON,

      Appellee.

-------------------------------------------------------x

No. 12-1643

On appeal from the District of
Massachusetts (Wolf, C.J.)

Civil Action No. 09-10762-MLW
Criminal No. 01-10384-MLW

**GARY SAMPSON'S MOTION TO DISMISS
THE GOVERNMENT'S APPEAL FOR LACK OF JURISDICTION**

William E. McDaniels, Esq.
Jennifer G. Wicht, Esq.
Thomas P. Windom, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

J. Martin Richey, Esq.
Elizabeth L. Prevett, Esq.
Federal Defender's Office
51 Sleeper Street, Fifth Floor
Boston, MA  02110
(617) 223-8061

Susan K. Marcus, Esq.
3 Fort Mason
San Francisco, CA 94123
(212) 876-5500

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................... ii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................1

STATEMENT OF THE CASE.............................................................1

ARGUMENT ...............................................................................3

I.     28 U.S.C. § 1291 And The Supreme Court's *Andrews* Decision
       Require That The Government's Appeal Be Dismissed. ................................4

II.    Uniform Extra-Circuit Authority Follows *Andrews*, Including Recent
       Third and Fourth Circuit Cases Presenting The Exact Circumstances
       As Here. ...............................................................................6

III.   Elsewhere, The Government Has Abided by *Andrews*, *Hammer*, and
       *Stitt* Without Objection. ...................................................10

CONCLUSION ..............................................................................11

CERTIFICATE OF SERVICE .............................................................13

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) ......................................14

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Agostini v. Felton*, 521 U.S. 203 (1997) ...................................................................6

*Andrews v. United States*, 373 U.S. 334 (1963) ...............................................passim

*Figueroa v. Rivera*, 147 F.3d 77 (1st Cir. 1998) .......................................................6

*Lowe v. United States*, 923 F.2d 528 (7th Cir. 1991) ................................................9

*Sampson v. United States*, 553 U.S. 1035 (2008).......................................................1

*United States v. Allen*, 613 F.2d 1248 (3d Cir. 1980)................................................7

*United States v. Duardi*, 514 F.2d 545 (8th Cir. 1975) .............................................9

*United States v. Futch*, 518 F.3d 887 (11th Cir. 2008)..............................................9

*United States v. Hadden*, 475 F.3d 652 (4th Cir. 2007) .............................................9

*United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009) ....................................passim

*United States v. Hayes*, 532 F.3d 349 (5th Cir. 2008)................................................8

*United States v. Johnson*, No. 02 C 6998 (N.D. Ill.) ................................................10

*United States v. Johnson*, No. 11-1326 (7th Cir.)......................................................10

*United States v. Martin*, 226 F.3d 1042 (9th Cir. 2000)............................................9

*United States v. McCoy*, 410 F.3d 124 (3d Cir. 2005)................................................9

*United States v. McGaughey*, 670 F.3d 1149 (10th Cir. 2012) .................................8

*United States v. Sampson*, 300 F. Supp. 2d 278 (D. Mass. 2004) ............................1

*United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007)..............................................1

*United States v. Sampson*, 820 F. Supp. 2d 151 (D. Mass. 2011) ............................2

*United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006)..........................................passim

## OTHER AUTHORITIES

18 U.S.C. § 2119(3) ...................................................................................1

28 U.S.C. § 1291 ...........................................................................passim

28 U.S.C. § 1292(b) ..............................................................................2, 5

28 U.S.C. § 2255 ...........................................................................passim

15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9
    (2d ed. 1991) ........................................................................................9

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The sole question presented by this motion is whether 28 U.S.C. § 1291, creating appellate jurisdiction over "final decisions" of the district courts, permits this Court to exercise jurisdiction over the Government's attempted appeal of a non-final resentencing order issued under 28 U.S.C. § 2255.

## STATEMENT OF THE CASE

Mr. Sampson was indicted by a federal grand jury on October 24, 2001, on two counts of violating 18 U.S.C. § 2119(3), in connection with the carjackings and murders of Philip McCloskey and Jonathan Rizzo. Mr. Sampson pleaded guilty to the controlling indictment on September 9, 2003. After a penalty phase trial, a jury determined on December 23, 2003 that Mr. Sampson should be sentenced to death. The District Court formally entered judgment on January 29, 2004, sentencing Mr. Sampson to death. *See United States v. Sampson*, 300 F. Supp. 2d 278 (D. Mass. 2004). The First Circuit affirmed on May 7, 2007, *see United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007), and the Supreme Court denied certiorari, *see Sampson v. United States*, 553 U.S. 1035 (2008).

In May 2009, Mr. Sampson timely sought relief under 28 U.S.C. § 2255, and an amended § 2255 motion was filed in March 2010. In an October 20, 2011 order, the District Court indicated that it would grant Mr. Sampson a new sentencing hearing pursuant to Claim IV of the § 2255 motion, which alleged juror

1

misconduct in Mr. Sampson's sentencing proceeding, and sought the parties' advice on the form of order and whether any party intended to appeal. *See United States v. Sampson*, 820 F. Supp. 2d 151 (D. Mass. 2011). The Government indicated that it would attempt to appeal directly under 28 U.S.C. § 1291, but—acknowledging potential jurisdictional problems with such an appeal at this stage—the Government also moved for permission to seek interlocutory appeal under 28 U.S.C. § 1292(b).

On May 10, 2012, the District Court (Wolf, C.J.) issued a Memorandum and Order granting Claim IV of Mr. Sampson's § 2255 motion, thereby vacating his sentence of death. In the same Order, the District Court held that, if 28 U.S.C. § 1292(b) is applicable to such an order under § 2255 (a question the district court did not decide), the District Court would grant the Government's Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b).

On May 18, 2012, the Government simultaneously filed (1) a Notice of Appeal in the District Court (First Circuit Case No. 12-1643), and (2) a petition seeking interlocutory appeal under § 1292(b) in this Court (First Circuit Case No. 12-8019). Mr. Sampson now moves, consistent with an unbroken chain of binding and persuasive authority, to dismiss the Government's Notice of Appeal in Case No. 12-1643. In a separate brief filed instanter, Mr. Sampson is opposing the

2

Government's petition seeking interlocutory review in this Court in Case No. 12-8019.

## ARGUMENT

The Government's attempt to appeal the District Court's order granting Mr. Sampson's motion for resentencing should be dismissed as premature, since this Court lacks jurisdiction to review the order below until after the resentencing hearing is actually held. For the Government to be heard now in this forum on direct appeal, it must convince this Court to disregard the well-established and never-contravened Supreme Court precedent of *Andrews v. United States*, 373 U.S. 334 (1963). The Government must also convince this Court to disagree with the Third and Fourth Circuits, which both have ruled against the Government on the exact same issue, in the exact same circumstances. *See United States v. Hammer*, 564 F.3d 628, 635–36 (3d Cir. 2009); *United States v. Stitt*, 459 F.3d 483, 485 (4th Cir. 2006). Finally, the Government must also explain away its decision to dismiss its own appeal in the Seventh Circuit, again under the exact same circumstances as here, when confronted with a different § 2255 capital movant's motion to dismiss. Ultimately, the Government cannot overcome the unquestioned bar to this Court's jurisdiction, and the instant effort to take a direct appeal must be dismissed as premature.

**I.      28 U.S.C. § 1291 And The Supreme Court's *Andrews* Decision Require That The Government's Appeal Be Dismissed.**

Under the plain language of 28 U.S.C. § 1291, this Court has jurisdiction of appeals "from all final decisions" of the district courts.  *See* 28 U.S.C. § 1291. Since 1963, it has been settled that an order of the district court in a § 2255 proceeding that grants a movant the relief of a resentencing is not such a "final decision."  *See Andrews v. United States*, 373 U.S. 334, 339 (1963).

In *Andrews*, the Supreme Court pointed out that § 2255 has its own appeal provision that states:  "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus."  *Id.* at 338.  The Court went on to hold that "where, as here, what was appropriately asked and appropriately granted was the resentencing of the petitioners"—one of the specific remedies available in § 2255—"***it is obvious that there could be no final disposition of the § 2255 proceedings until the petitioners were resentenced.***"  *Id.* at 339 (emphasis added).  The Court emphasized "the long-established rule against piecemeal appeals in federal cases," stressing that the basic reason for the rule "is particularly apparent" when resentencing is ordered because until the resentencing occurs "it is impossible to know whether the Government will be able to show any colorable claim of prejudicial error."  *Id.* at 340.    As the Supreme Court stated, "until the [trial] court acts [on the

4

resentencing], none of the parties to this controversy will have had a final adjudication of his claims by the trial court in these § 2255 proceedings." *Id.*

Mr. Sampson first alerted the District Court and the Government to the *Andrews* jurisdictional impediment during briefing on the underlying § 2255 motion. Since then, and to its credit, the Government has consistently informed the District Court and this Court of the jurisdictional impediment. *See, e.g.*, Case No. 12-8019, Petition of the United States for Permission To Take Interlocutory Appeal Under 28 U.S.C. § 1292(b) at 2 ("Two courts of appeals have held that under *Andrews v. United States*, 373 U.S. 334 (1963), an order vacating a death sentence and requiring a new penalty phase proceeding under 28 U.S.C. § 2255 is a non-final, interlocutory order."); D. Mass. Crim. No. 01-10384-MLW D.E. 1233 at 1 ("The government acknowledges, however, that two courts of appeals have held that under *Andrews v. United States*, 373 U.S. 334 (1963), an order vacating a death sentence and requiring a new penalty phase proceeding under 28 U.S.C. § 2255 is a non-final, interlocutory order."); D. Mass. Crim. No. 01-10384-MLW D.E. 1236 at 2 (same). Indeed, it is precisely the Government's concern that § 1291 does **not** permit the instant appeal that motivated it to concurrently move, in the District Court, for § 1292(b) certification.

The Government apparently will ask this Court to rule contrary to *Andrews*. But *Andrews* is unambiguous, and this Court is required to follow it. *See United*

5

*States v. Stitt*, 459 F.3d 483, 485 (4th Cir. 2006) ("We recognize that, should it decide to reconsider this issue [in *Andrews*], the Supreme Court may adopt the Government's argument and hold that a district court's order vacating a capital sentence is an appealable final order. However, if a Supreme Court precedent 'has direct application in a case,' we must follow it, leaving to the Supreme Court 'the prerogative of overruling its own decisions.'" (quoting *Agostini v. Felton*, 521 U.S. 203, 238 (1997)). *See also Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998) ("The [Supreme] Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the prerogative of overruling its own decisions.' *Agostini v. Felton*, 521 U.S. 203 (1997). We obey this admonition." (internal citation omitted)).

## II.    Uniform Extra-Circuit Authority Follows *Andrews*, Including Recent Third and Fourth Circuit Cases Presenting The Exact Circumstances As Here.

Consistent with and relying on *Andrews*, two Circuit courts—in the precise circumstances presented here, a § 2255 capital resentencing order—reconfirmed that the *Andrews* holding precludes a Government appeal until the result of the resentencing is known. *See United States v. Hammer*, 564 F.3d 628, 635–36 (3d Cir. 2009); *Stitt*, 459 F.3d at 485.

6

In *Stitt*, the Fourth Circuit was confronted with the Government's appeal of a district court order granting a § 2255 capital movant a new sentencing hearing, based on ineffective assistance of counsel at the original sentencing hearing. 459 F.3d at 484. The Fourth Circuit initially issued an opinion on the merits, affirming the district court in all respects and remanding for resentencing. *Id.* Prior to the issuance of the mandate, however, the panel recognized that *Andrews* indicated that the Fourth Circuit lacked jurisdiction over the appeal, and requested supplemental briefing from the parties on the jurisdictional question. *Id.* After reviewing the parties' supplemental briefs, the Fourth Circuit recalled its earlier merits opinion and issued a new opinion dismissing the appeal for lack of jurisdiction, finding *Andrews* controlling. *Id.* at 484–85.

The Third Circuit reached the same conclusion in its decision in *Hammer*. There, the Government sought to appeal a district court order granting a § 2255 capital movant a new sentencing hearing based on a *Brady* violation. 564 F.3d at 631. The Third Circuit dismissed the appeal for lack of jurisdiction, finding *Andrews* controlling and *Stitt* persuasive: "We agree with the *Stitt* court. The Supreme Court in *Andrews* and our own court in [*United States v.*] *Allen*[, 613 F.2d 1248 (3d Cir. 1980)] have held all too clearly that we do not have jurisdiction over the government's appeal of the District Court's resentencing order: a § 2255 proceeding is not final until the prisoner is resentenced." *Hammer*, 564 F.3d at

634.  As the Third Circuit stated, consistent with *Andrews*, "[t]he government will not be able to show prejudicial error until the District Court resentences [the movant], and it will presumably have no reason to appeal if a jury again imposes a death sentence."  *Id.* at 635–36.

Though not faced with precisely the same issue, the Tenth Circuit, too, recently affirmed that *Hammer* and, by implication, *Stitt* were correctly decided:

> Courts interpreting § 2255 have long held it is the award (or denial) of relief that constitutes the critical action on a § 2255 motion.  For example, in *Andrews v. United States* . . ., the Supreme Court held the courts of appeals did not have jurisdiction to review the grant of a § 2255 motion until *after* the requested relief had been given or denied.  The Third Circuit recently elaborated on *Andrews,* explaining that the resolution of a § 2255 motion occurs when the district court either denies the motion or enters "one of the four enumerated 'order[s] ... on the motion,'" i.e., discharge, re-sentencing, granting a new trial, or correction.  *United States v. Hammer*, 564 F.3d 628, 632 (3d Cir. 2009).  We have reached a similar conclusion, albeit in unpublished dispositions. . . .  Other circuits concur.

*United States v. McGaughey*, 670 F.3d 1149, 1154 (10th Cir. 2012).

Indeed, it is not even a close question, since *Hammer* and *Stitt* are but two capital case additions to the long line of non-capital cases following *Andrews* and making clear that the Government cannot appeal § 2255 resentencing orders prior to the occurrence of the resentencing.  *See, e.g.*, *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008) (stating that, in *Andrews*, "the Supreme Court found that

8

when a § 2255 petitioner is granted a resentencing, the government may not appeal that finding until *after* the resentencing occurs"); *United States v. Futch*, 518 F.3d 887, 889, 892 (11th Cir. 2008) ("We conclude that Futch's § 2255 proceeding was not final until he was resentenced," following *Andrews*'s holding "that a district court's § 2255 order granting resentencing is not appealable until after resentencing"); *United States v. Hadden*, 475 F.3d 652, 662 (4th Cir. 2007) (holding, pursuant to *Andrews*, that a "district court's order, which contemplated the petitioners' future resentencings but did not actually sentence the petitioners, was a non-appealable interlocutory order under § 2255"); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000) (same); *United States v. McCoy*, 410 F.3d 124, 130–31 (3d Cir. 2005) (same); *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991) ("[A]ppeals [can] not be taken *before* entry of a sentencing order following the grant of a § 2255 motion."); *United States v. Duardi*, 514 F.2d 545, 547 (8th Cir. 1975) (same); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9 (2d ed. 1991).

Accordingly, the Government is asking this Court to position itself opposite the Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits by allowing a direct appeal prior to completion of resentencing. No Circuit split currently exists, and this Court should not create one now.

**III.    Elsewhere, The Government Has Abided by *Andrews*, *Hammer*, and *Stitt* Without Objection.**

The Government did not petition the Supreme Court for a writ of certiorari after either the *Hammer* or *Stitt* decision.  Nor, in a Seventh Circuit case, did the Government determine to proceed with an appeal of a § 2255 capital resentencing order as it attempts to do here.  In *United States v. Johnson*, the district court granted the § 2255 capital movant a new sentencing hearing based on ineffective assistance of counsel during his original sentencing hearing.  *See United States v. Johnson*, No. 02 C 6998, D.E. 112 (N.D. Ill. Dec. 13, 2010).  The Government filed a Notice of Appeal in the district court, and the § 2255 movant filed in the Seventh Circuit a motion to dismiss for lack of jurisdiction based on *Andrews*, *Hammer*, and *Stitt*.  *See United States v. Johnson*, No. 11-1326, D.E. 3 (7th Cir. Feb. 23, 2011).  The Government then sought an agreed stay, stating that the Notice of Appeal had been "protective" because of a looming deadline, and that "the Solicitor General has not yet decided whether to authorize this government appeal."  *Id.*, D.E. 6 at 2 (7th Cir. Mar. 2, 2011).  The Government advised the Seventh Circuit that it would dismiss the appeal if the Solicitor General did not authorize it, *id.*, and soon thereafter the Government moved to dismiss, presumably in recognition of the jurisdictional impediment, *id.*, D.E. 12 (7th Cir. May 26, 2011).

\*    \*    \*    \*

28 U.S.C. § 1291 allows appeals only from "final decisions" of the district court. *Andrews* squarely held that resentencing orders pursuant to § 2255 are not "final decisions" for purposes of § 1291, and that holding has been uniformly applied for fifty years, in both capital and non-capital cases. Moreover, the Government has expressly recognized the controlling force of *Andrews*, and its application in its capital progeny *Hammer* and *Stitt*, in voluntarily dismissing a Seventh Circuit appeal of a § 2255 resentencing order. For unknown reasons, the Government has decided to change course in this case and seek appellate review now in the First Circuit. The Government's attempt to circumvent *Andrews* and its uniform progeny should be rejected, and this appeal should be dismissed for lack of jurisdiction.

## CONCLUSION

For the foregoing reasons, Mr. Sampson respectfully requests that this Court dismiss the Government's appeal for lack of jurisdiction.

GARY SAMPSON
By his attorneys,

s/Thomas P. Windom
William E. McDaniels, Esq.
Jennifer G. Wicht, Esq.
Thomas P. Windom, Esq.
Williams & Connolly LLP

11

725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

J. Martin Richey, Esq.
Elizabeth L. Prevett, Esq.
Federal Defender's Office
51 Sleeper Street, Fifth Floor
Boston, MA  02110
(617) 223-8061

Susan K. Marcus, Esq.
3 Fort Mason
San Francisco, CA 94123
(212) 876-5500

12

## **CERTIFICATE OF SERVICE**

I, Thomas P. Windom, hereby certify that a true copy of the above document was served on the counsel for the Government via the Court's Electronic Filing System on May 25, 2012.

/s/  Thomas P. Windom
Thomas P. Windom

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.  This motion complies with the type-volume limitation of Fed. R. App. 27(d)(2) because this motion is 12 pages long, excluding the parts of the motion exempted by Fed. R. App. P. 32(a)(7)(B)(iii) (*i.e.*, table of contents, table of authorities, and certificates of counsel).

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Times New Roman 14 point, in Microsoft Word.

/s Thomas P. Windom, Esq.
Thomas P. Windom, Esq.
Dated: May 25, 2012

14