# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

-------------------------------------------------------x

UNITED STATES OF AMERICA

     Appellant-Petitioner,

v.

GARY SAMPSON,

     Appellee-Respondent.

-------------------------------------------------------x

Nos. 12-1643 & 12-8019

On appeal from the District of Massachusetts (Wolf, C.J.)

Civil Action No. 09-10762-MLW
Criminal No. 01-10384-MLW

## GARY SAMPSON'S MOTION FOR RECONSIDERATION OF THE JUNE 12, 2012 PROCEDURAL ORDER

William E. McDaniels, Esq.
Jennifer G. Wicht, Esq.
Thomas P. Windom, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

J. Martin Richey, Esq.
Elizabeth L. Prevett, Esq.
Federal Defender's Office
51 Sleeper Street, Fifth Floor
Boston, MA  02110
(617) 223-8061

Susan K. Marcus, Esq.
3 Fort Mason
San Francisco, CA 94123
(212) 876-5500

On June 12, 2012, this Court entered a Procedural Order effectively granting three Government motions and requiring the parties in these two cases to "brief all issues, including jurisdiction, certification, merits and relief requested" at the same time. *See* Order at 1. The Procedural Order adversely affected Mr. Sampson, and Mr. Sampson now moves for reconsideration.[1] The Government's motions— particularly the Motion to Defer Jurisdictional Issues to the Merits Panel—should not have been granted because the jurisdictional issues are substantial, ripe for resolution now, and wholly unrelated to the merits of the challenged District Court Order.

## BACKGROUND

Mr. Sampson was indicted by a federal grand jury on October 24, 2001, on two counts of violating 18 U.S.C. § 2119(3), in connection with the carjackings and murders of Philip McCloskey and Jonathan Rizzo. Mr. Sampson pleaded guilty to the controlling indictment on September 9, 2003. After a penalty phase trial, a jury determined on December 23, 2003 that Mr. Sampson should be

---

[1] Mr. Sampson is uncertain whether the Procedural Order was entered by the Clerk, the Chief Judge, or a Local Rule 48.0 capital case panel. The order is signed by the Clerk, whereas the docket text of the ECF notice states that the order was entered by the Chief Judge. And First Circuit Internal Operating Procedure VII(E)(2) suggests that a capital case panel is to issue case management orders. In any event, Mr. Sampson's motion for reconsideration is appropriate under Local Rule 27.0(d) (reconsideration of Clerk's orders), Fed. R. App. P. 27(c) (reconsideration of single judge orders), or Fed. R. App. P. 27(b) (reconsideration of panel orders).

1

executed.   The District Court formally entered judgment on January 29, 2004, sentencing Mr. Sampson to death.  *See United States v. Sampson*, 300 F. Supp. 2d 278 (D. Mass. 2004).  This Court affirmed on May 7, 2007, *see United States v. Sampson*, 486 F.3d 13 (1st Cir. 2007), and the Supreme Court denied certiorari, *see Sampson v. United States*, 553 U.S. 1035 (2008).

In May 2009, Mr. Sampson timely sought relief under 28 U.S.C. § 2255, and an amended § 2255 motion was filed in March 2010.  In an October 20, 2011 order, the District Court indicated that it would grant Mr. Sampson a new sentencing hearing pursuant to Claim IV of the § 2255 motion, which alleged juror misconduct in Mr. Sampson's sentencing proceeding, and sought the parties' advice on the form of order and whether any party intended to appeal.  *See United States v. Sampson*, 820 F. Supp. 2d 151 (D. Mass. 2011).  The Government indicated that it would attempt to appeal directly under 28 U.S.C. § 1291, but— acknowledging potential jurisdictional impediments to such an appeal at this stage—the Government also moved for permission to seek interlocutory appeal under 28 U.S.C. § 1292(b).

On May 10, 2012, the District Court (Wolf, C.J.) issued a Memorandum and Order granting Claim IV of Mr. Sampson's § 2255 motion, thereby vacating his sentence of death.  In the same Order, the District Court held that, if 28 U.S.C. § 1292(b) is applicable to such an order under § 2255 (a question the District Court

did not decide), the District Court would grant the Government's Motion to Certify Interlocutory Appeal Under 28 U.S.C. § 1292(b). The two questions certified by the District Court are: (1) whether *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), requires proof of actual bias or implied bias to obtain relief for juror misconduct; and (2) whether the District Court correctly stated the *McDonough* test in its October 20, 2011 opinion.

On May 18, 2012, the Government filed a Notice of Appeal, under the theory that the § 2255 resentencing Order was final and appealable under 28 U.S.C. § 1291 (a theory directly contrary to the decisions of the Supreme Court and eight Circuit courts). In this Court, the § 1291 appeal is Case No. 12-1643. The Government simultaneously sought permission to file an interlocutory appeal in this Court under 28 U.S.C. § 1292(b), under the theory that a § 2255 motion is a civil action and thus appealable under the interlocutory certification procedures of § 1292(b) (a theory directly undercut by the Government's own argument in a pending case in the Eleventh Circuit, in addition to other authority). In this Court, the § 1292(b) petition is Case No. 12-8019.

As of May 25, 2012, briefing on the Government's petition seeking permission to file a § 1292(b) interlocutory appeal in Case No. 12-8019 was complete. Briefing on Mr. Sampson's motion to dismiss the § 1291 appeal in Case No. 12-1643 was to be completed on June 7, 2012, the date the Government's

3

opposition was due.[2]   Instead of filing the opposition, however, on that date the Government filed three motions seeking to delay this Court's determination of its jurisdiction to hear the Government's various appeals:  (1) a motion to consolidate the two cases (even though the First Circuit has not yet granted the Government the right to appeal in Case No. 12-8019); (2) a motion to extend the deadline for opposing Mr. Sampson's motion to dismiss in Case No. 12-1643 (citing no basis for needing the requested extension, other than its third filing); and (3) a motion to *defer* determination of the jurisdictional impediments to the Government's appeals until it had the opportunity to brief and argue the merits of the underlying juror misconduct issue.

After receiving the Government's three motions, Mr. Sampson's counsel began preparing oppositions thereto, which were due on June 21, 2012.  On June 12, 2012, however, this Court entered the Procedural Order which, textually, granted only the Government's motion to consolidate but, in substance and effect, granted all three motions.[3]   The Procedural Order granted the Government's

---

[2] Though Federal Rule of Appellate Procedure 27(a)(4) would have permitted Mr. Sampson to file a reply, under First Circuit Internal Operating Procedure V(B) "[t]he court will not ordinarily await the filing of a reply to a response before acting on a motion and response."

[3] This Court may act on procedural orders prior to the time for filing a response. *See* Fed. R. App. P. 27(b).

4

motion to consolidate the two cases and deferred the jurisdictional issues to the merits briefing.

Mr. Sampson now respectfully moves this Court for reconsideration of the Procedural Order.

## **ARGUMENT**

Though the Government has filed three motions, they all turn on the Government's Motion to Defer Jurisdictional Issues to the Merits Panel.[4]  The Government's motion puts the merits cart before the jurisdictional horse.  And there is no justification for what the Government seeks.  This Court should address the jurisdictional defects in the Government's appeals before requiring briefing on the unrelated merits.  *See Brait Builders Corp. v. Mass. Div. of Cap. Asset Mgmt*, 644 F.3d 5, 10 (1st Cir. 2011) ("Generally, courts must adjudicate plausible challenges to their jurisdiction prior to adjudicating the merits of a case." (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 573, 577 (1999))); *In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its

---

[4] The only suggestion of "good cause," Fed. R. App. P. 26(b), offered in support of the Government's "Motion for Order Extending the Time To July 23, 2012 Within Which It Must Respond To Petitioner Gary Lee Sampson's Motion to Dismiss" is the simultaneously filed Motion to Defer.  The Motion to Consolidate also depends on the deferral of the jurisdictional issues because, if the jurisdictional issues were decided first, there could only be one surviving case since § 1291 jurisdiction and § 1292(b) jurisdiction are mutually exclusive, leaving nothing to be consolidated.

subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting. As we recently stated: 'No matter how tantalizing a problem may be, a federal appellate court cannot scratch intellectual itches unless it has jurisdiction to reach them.' *Director, OWCP v. Bath Iron Works Corp.,* 853 F.2d 11, 13 (1st Cir. 1988).").

In the two matters presently before this Court, the jurisdictional issues are more than "plausible"; we submit they are controlling. They are supported by Supreme Court authority, multiple appellate court decisions, the § 2255 Rules, and the Government's own argument pending in another appellate court. The § 1292(b) issue is fully briefed, and the § 1291 issue would have been fully joined had the Government filed a substantive opposition to Mr. Sampson's Motion to Dismiss. This Court should take up the jurisdictional issues now, rather than defer them to merits briefing and argument.

The merits of the District Court's Order granting Mr. Sampson's § 2255 motion are wholly unrelated to the jurisdictional hurdles that, we submit, preclude Government appeal now. Indeed, in none of its three motions does the Government ever state how arguing the merits of the District Court's Order will assist this Court in deciding the serious, threshold jurisdictional issues. The Government's silence reflects the fact that the issues are entirely unrelated. Whether obtaining relief for juror misconduct under *McDonough* requires a

6

showing of actual or implied bias, which is the underlying merits issue the Government argued below, is a wholly separate issue from the significant jurisdictional questions that must be answered before this Court can review the merits: (1) whether, in Case No. 12-1643, the Supreme Court's decision in *Andrews v. United States*, 373 U.S. 334 (1963), determining that § 2255 resentencing orders are not immediately appealable under § 1291, remains binding precedent; and (2) whether, in Case No. 12-8019, a § 2255 motion is a "civil action" within the meaning of 28 U.S.C. § 1292(b).

**_Case No. 12-1643._**  Supporting Mr. Sampson's motion to dismiss the appeal in Case No. 12-1643 are:

(1)  the Supreme Court's decision in *Andrews v. United States*, 373 U.S. 334 (1963), holding that § 2255 resentencing Orders are not appealable final orders;

(2) an unbroken line of decisions thereafter by the Third, Fourth, Fifth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits affirming that *Andrews* bars appeals of § 2255 resentencing orders until ***after*** the resentencing occurs;[5]

---

[5] *United States v. McCoy*, 410 F.3d 124, 130–31 (3d Cir. 2005); *United States v. Hammer*, 564 F.3d 628, 635–36 (3d Cir. 2009); *United States v. Stitt*, 459 F.3d 483, 485 (4th Cir. 2006); *United States v. Hadden*, 475 F.3d 652, 662 (4th Cir. 2007); *United States v. Hayes*, 532 F.3d 349, 352 (5th Cir. 2008); *Lowe v. United States*, 923 F.2d 528, 530 (7th Cir. 1991); *United States v. Duardi*, 514 F.2d 545, 547 (8th Cir. 1975); *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000); *United States v. McGaughey*, 670 F.3d 1149, 1154 (10th Cir. 2012); *United States v. Futch*, 518 F.3d 887, 889, 892 (11th Cir. 2008); 15B Charles Alan Wright et al., *Federal Practice and Procedure* § 3919.9 (2d ed. 1991).

(3) in particular, the Third Circuit's decision in *United States v. Hammer*, 564 F.3d 628, 633 (3d Cir. 2009), and the Fourth's Circuit decision in *United States v. Stitt*, 459 F.3d 483, 486 (4th Cir. 2006), applying *Andrews* in refusing to permit the Government to appeal § 2255 capital resentencing orders until **after** the resentencing occurs (the precise circumstances at issue here) and rejecting the same policy arguments that the Government makes to this Court in its Motion to Defer;[6] and

---

[6] *Compare* Mot. to Defer at 12 ("[A] careful examination of the distinct features of a federal death penalty case demonstrate that a new penalty phase trial qualifies as a granting of a new trial under § 1291, rather than a simple resentencing proceeding.") *with Hammer*, 564 F.3d at 633 ("The government argued in *Stitt*, as it does here, that given the procedural parallels between a capital sentencing and a trial, a capital defendant's resentencing should be considered a 'new trial' for purposes of § 2255."); *compare* Mot. to Defer at 12 ("*Andrews* was not a capital case . . . .") *with Stitt*, 459 F.3d at 486 ("In seeking to avoid this conclusion [that the district court's order is not appealable], the Government contends that *Andrews* is distinguishable on the grounds that the district court here ordered that Stitt be given a future *capital* resentencing hearing."); *compare* Mot. to Defer at 13 ("A new capital penalty phase, like a new trial as to guilt or innocence, also is outside the scope of a § 2255 court's authority, and can only be carried out in the underlying criminal case.  Thus, a district court that orders resentencing in a capital case has exhausted its jurisdiction as a § 2255 court . . . .") *with Hammer*, 564 F.3d at 634 ("[The Government] argues that the District Court must conduct the resentencing under its guise as the trial court, not the § 2255 court, and therefore its jurisdiction as a § 2255 court has ended and the resentencing order is final."); *compare* Mot. to Defer at 13 (arguing that *Ring v. Arizona* and *Sattazahn v. Pennsylvania* support allowance of immediate appeal) *with Stitt*, 459 F.3d at 488 ("This conclusion [that the district court order is not appealable] is not undercut by *Ring v. Arizona* . . . nor by *Sattazahn v. Pennsylvania*.").

8

(4) the Government's own voluntary dismissal of a Seventh Circuit appeal of a § 2255 capital resentencing order, when confronted with a motion to dismiss predicated on *Andrews*, *Stitt*, and *Hammer*. *See United States v. Johnson*, No. 11-1326, D.E. 12 (7th Cir. May 26, 2011).

Mr. Sampson submits that this Court is obliged to follow binding Supreme Court precedent and dismiss the Government's direct appeal, unless and until the Supreme Court should later decide to overturn *Andrews*. *See Stitt*, 459 F.3d at 485 ("We recognize that, should it decide to reconsider this issue [in *Andrews*], the Supreme Court may adopt the Government's argument and hold that a district court's order vacating a capital sentence is an appealable final order. However, if a Supreme Court precedent 'has direct application in a case,' we must follow it, leaving to the Supreme Court 'the prerogative of overruling its own decisions.'" (quoting *Agostini v. Felton*, 521 U.S. 203, 238 (1997))). *See also Am. Tradition P'ship, Inc. v. Bullock*, 132 S. Ct. 1307, 1308 (2012) (order granting stay pending certiorari) ("[L]ower courts are bound to follow this Court's decision[s] until they are withdrawn or modified . . . ."); *Figueroa v. Rivera*, 147 F.3d 77, 81 n.3 (1st Cir. 1998) ("The [Supreme] Court, however, has admonished the lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the

9

prerogative of overruling its own decisions.' *Agostini v. Felton*, 521 U.S. 203 (1997). We obey this admonition." (internal citation omitted)).[7]

***Case No. 12-8019.*** Not only are the significant § 1291 jurisdictional issues totally unrelated to the merits decision below, but so too, in the words of the District Court, is the "challenging" issue posed in the now ***completed*** § 1292(b) briefing: whether a § 2255 motion is a "civil action" susceptible to the interlocutory appeal process set forth in § 1292(b). As Mr. Sampson has argued in his opposition to the Government's § 1292(b) petition, while there is conflicting dicta on both sides of the issue in this Circuit, the better reasoned authorities now recognize that § 2255 motions are not separate civil actions, *see, e.g.*, *Williams v. United States*, 984 F.2d 28, 30 (2d Cir. 1993), and thus do not fall within the ambit

---

[7] The Government also suggests, for the first time, that it "is currently reviewing whether, in addition to arguing that the district court's jury claim order is immediately appealable under § 1291" and § 1292(b), "it will argue in the alternative that it is immediately appealable under [18 U.S.C.] § 3731." Mot. to Defer at 11 n.2. This argument, were the Government ever to make it, is equally unavailing. First, as the Supreme Court has held, "[t]he Criminal Appeals Act [18 U.S.C. § 3731] has no applicability" to a § 2255 proceeding. *Andrews*, 373 U.S. at 338. Second, § 3731 permits appeal only "[i]n a criminal case," so the Government would have to disavow its contrary argument that this is a "civil action" under § 1292(b). Third, the appeal would have to be from an "order of a district court . . . granting a new trial after verdict or judgment," presumably under Federal Rule of Civil Procedure 33, but the Government already has argued that this case cannot be brought under Rule 33. *See* D.E. 1236 at 3 n.1 ("[Mr. Sampson's] claims are unquestionably untimely under Rule 33. . . . [Mr. Sampson's] claims are timely only under § 2255."). Fourth, *Andrews* and its uniform progeny confirm that a §2255 grant of a new capital sentencing hearing is not the grant of a new trial.

of § 1292(b). Indeed, in a brief filed in the Eleventh Circuit in February 2012—the same month the Government argued in the District Court here that a § 2255 motion *is* a civil action—the Government argued that a § 2255 motion *is not* a "civil matter." *See* Government's Response to Jurisdictional Question, *Brown v. United States*, Nos. 11-15149-EE & 12-10293-EE (11th Cir. Feb. 27, 2012).

***The Rules already provide for the relief sought by the Government's Motions.*** The Government's lone argument in favor of deferring the jurisdictional issues until later appears to be that it wants a single panel to get "full briefing and oral argument" on both cases, so they are not decided in a "piecemeal fashion." Mot. to Defer at 11.[8] But the relief the Government seeks is already in place pursuant to this Court's Internal Operating Procedures. Under Internal Operating Procedure VII(E) and Local Rule 48.0, the same capital case panel should rule on

---

[8] In its Motion to Defer, the Government states that it "intends to petition for a writ of mandamus when it files its opening brief in this case," Mot. to Defer at 1–2, "asking this Court to direct the district court to reinstate Sampson's death sentence," *id.* at 10. But the Government has not actually filed a mandamus petition, and the basis for any such petition has not been mentioned, much less established. *See In re Recticel Foam Corp.*, 859 F.2d at 1005–06 ("'[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations'" and "a petitioner's right to the writ [of mandamus] must be 'clear and indisputable'"). Indeed, the Government's suggestion that mandamus is appropriate further undercuts its arguments that this Court otherwise has jurisdiction under § 1291 or § 1292(b). If this Court otherwise had jurisdiction, mandamus would be inappropriate. *See In re Urohealth Sys., Inc.*, 252 F.3d 504, 506–07 (1st Cir. 2001) ("[I]t is well-established that an extraordinary writ, such as a writ of certiorari or a writ of mandamus, may not be used as a substitute for an appeal and will not lie if an appeal is an available remedy.").

11

both the § 1291 motion to dismiss and the § 1292(b) petition to appeal. If this Court wants oral argument on the jurisdictional issues, it can order it. *See* Fed. R. App. P. 5(b)(3) ("The [§ 1292(b)] petition and answer will be submitted without oral argument unless the court of appeals orders otherwise."); Fed. R. App. P. 27(e) ("A motion will be decided without oral argument unless the court orders otherwise."). If this Court wants additional briefing on the jurisdictional issues, it certainly has the discretion to order it. If one of the Government's appeals survives the jurisdictional challenges and proceeds to the merits, the Court's Internal Operating Procedures appear to dictate that the same capital case panel will remain with the case for the merits review. Thus, even the Government's nominal reason to defer determination of this Court's jurisdiction until later does not justify that relief.

*     *     *     *

Given these substantial jurisdictional impediments, the parties should not be required to prepare, nor the Court to consider, voluminous briefing on the unrelated merits of the juror misconduct issue prior to a determination that jurisdiction is proper in this Court. *See Brait Builders Corp.*, 644 F.3d at 10; *In re Recticel Foam Corp.*, 859 F.2d at 1002; *Godin v. Schencks*, 629 F.3d 79, 83 (1st Cir. 2010) ("'[A] court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.'"

12

(quoting *In re Recticel Foam Corp.*, 859 F.2d at 1002)).  Rather, the jurisdictional impediments to the Government's appeals are so formidable that having the parties address the merits before their resolution runs the real risk of nothing but delay and added expense.  *See In re Recticel Foam Corp.*, 859 F.2d at 1003 n.3.  This is even more true where, as here, the jurisdictional issues are close to fully briefed and ripe for resolution.  It is noteworthy that the Fourth Circuit already—accidentally— went down a similar road to the one the Government here proposes.  In *Stitt*, the Fourth Circuit only realized the *Andrews* jurisdictional impediment **after** it issued an opinion on the merits; thereafter, it withheld issuance of the mandate, recalled its earlier merits opinion, and issued a new opinion dismissing the appeal for lack of jurisdiction, finding *Andrews* controlling.  *Stitt*, 459 F.3d at 484–85.  To avoid this type of result, the parties and this Court should not expend time and resources briefing and arguing the unrelated merits issue until these clearly substantial threshold issues of jurisdiction are resolved.

**<u>CONCLUSION</u>**

For the foregoing reasons, Mr. Sampson respectfully requests that this Court vacate the June 12, 2012 Procedural Order.  Mr. Sampson also respectfully requests that this Court deny the Government's Motion to Defer and Motion to Consolidate.  Regarding the Government's motion to extend the time to file an opposition brief to Mr. Sampson's motion to dismiss Case No. 12-1643, Mr.

13

Sampson respectfully requests that this Court set a briefing schedule for the Government to file its opposition brief and Mr. Sampson to reply thereto.

GARY SAMPSON
By his attorneys,


s/Thomas P. Windom
William E. McDaniels, Esq.
Jennifer G. Wicht, Esq.
Thomas P. Windom, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

J. Martin Richey, Esq.
Elizabeth L. Prevett, Esq.
Federal Defender's Office
51 Sleeper Street, Fifth Floor
Boston, MA  02110
(617) 223-8061

Susan K. Marcus, Esq.
3 Fort Mason
San Francisco, CA 94123
(212) 876-5500

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas P. Windom, hereby certify that a true copy of the above document was served on the counsel for the Government via the Court's Electronic Filing System on June 15, 2012.

/s/  Thomas P. Windom
Thomas P. Windom

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This motion complies with the type-volume limitation of Fed. R. App. 27(d)(2) because this motion is 14 pages long, excluding the parts of the motion exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in proportionally spaced typeface using Times New Roman 14 point, in Microsoft Word.

/s Thomas P. Windom, Esq.
Thomas P. Windom, Esq.
Dated: June 15, 2012

16