Nos.  12-1643, 12-8019

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

_____

**No. 12-1643**

### GARY LEE SAMPSON,
**Petitioner-Appellee**

**v.**

### UNITED STATES OF AMERICA,
**Respondent-Appellant**

_____

**No. 12-8019**

### GARY LEE SAMPSON,
**Petitioner-Appellee**

**v.**

### UNITED STATES OF AMERICA,
**Respondent-Appellant**

_____

### JOINT MOTION FOR LEAVE TO FILE OVERSIZED BRIEFS

_____

Pursuant to Local Rule 32.4, the parties jointly move for an order increasing the word allotment for the briefs in these appeal as follows: (1) **21,000** words for the government's opening brief and Gary Lee Sampson's responsive brief; and (2) **10,500** words for the government's reply brief.  In support of this motion, the parties state as follows:

1.      Both of these appeals in this capital case are the government's challenge to the district court's (Wolf, C.J.) memorandum and order allowing Claim IV of movant Gary Sampson's amended motion under 28 U.S.C. §2255, vacating his death sentence, and ordering a new penalty phase.  In Appeal No. 12-1643, the government filed a notice of appeal from the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase.  In Appeal No. 12-8019, the government petitions this Court for permission to take an interlocutory appeal under 28 U.S.C. §1292(b) from the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase.  The government's opening brief is due on August 31, 2012.

2.      On June 1, 2012, this Court granted the government's motion to consolidate and ordered the parties to brief all issues, including jurisdiction, certification, merits, and relief requested in their respective briefs on appeal.  The government's opening brief and Sampson's responsive brief therefore will need to address a multitude of issues, several of which, the government contends, present novel questions of first impression.  Those issues include, *inter alia*:

- whether the district court's order is a final, appealable order under 28 U.S.C. §1291;

- whether, in the event the Court finds that the district court's order is not appealable as a matter of right, this Court can and should accept the government's petition for permission to take an interlocutory appeal under 28 U.S.C. §1292(b);

- whether, in the event the Court finds that the district court's order is not appealable as a matter of right and the Court declines to accept the government's petition for permission to take an interlocutory appeal under 28 U.S.C. §1292(b), an appeal can nonetheless proceed under 18 U.S.C. §3731;

- whether, if appeal is not available the Court should exercise its mandamus authority;

- the merits of the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase.

3. This case also is an exceptional one, as both this Court and the district court have recognized. *See, e.g., United States v. Sampson*, 486 F.3d 13, 17 (1st Cir. 2007) ("This is a landmark case; for the first time in its history, this court must review a sentence of death imposed by a federal judge."); *United States v. Sampson*, 2012 WL 1633296, at *14 (D. Mass. May 10, 2012) ("The instant case is truly an 'exceptional' case. It is the only case in the First Circuit in which a person has been sentenced to be executed under the Federal Death Penalty Act.") (internal citation omitted).

-3-

4.      The parties were granted leave to file oversized briefs in Sampson's direct appeal of the penalty phase, with Sampson granted leave to file an opening brief of approximately 71,000 words; the government granted leave to file an answering brief of 60.000 words; and Sampson granted leave to file a reply brief of 28,000 words.

5.      In view of the foregoing, and in order to adequately address each of the issues on appeal, the parties respectfully request this Court increase the allotment of words for their primary briefs to **21,000** words.  The parties further request leave for the government to file an oversized reply brief of up to **10,500** words.

6.      The undersigned Assistant U.S. Attorney certifies that he has consulted with counsel for Sampson regarding this motion and that counsel for Sampson joins in this motion.

WHEREFORE, and with good cause having been shown, the parties respectfully request that this motion be granted.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    */s/ Mark T. Quinlivan*
MARK T. QUINLIVAN
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Mark T. Quinlivan, AUSA, certify that on August 3, 2012, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

William E. McDaniels
Jennifer G. Wicht
Thomas Windom
Williams & Connolly, LLP
725 Twelfth Street, N.W
Washington, D.C 20005

Susan Katherine Marcus
3 Fort Mason
San Francisco, CA 94123

J. Martin Richey
Elizabeth L. Prevett
Office of the Federal Defender
51 Sleeper Street, Fifth Floor
Boston, MA 02210

*/s/ Mark T. Quinlivan*
MARK T. QUINLIVAN