Nos.  12-1643, 12-8019

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

———————————————

No. 12-1643

## GARY LEE SAMPSON,
**Petitioner-Appellee**

v.

## UNITED STATES OF AMERICA,
**Respondent-Appellant**

———————————————

No. 12-8019

## GARY LEE SAMPSON,
**Petitioner-Appellee**

v.

## UNITED STATES OF AMERICA,
**Respondent-Appellant**

———————————————

## JOINT MOTION FOR LEAVE TO FILE
## OVERSIZED BRIEFS OF UP TO 28,000 WORDS

———————————————

Pursuant to Local Rule 32.4, the parties jointly move for an order increasing the word allotment for the briefs in these appeal as follows: **28,000** words for the government's opening brief and Gary Lee Sampson's responsive brief. This Court has previously granted the parties leave to file an opening and responsive brief of up to **21,000** words, but, as set forth in greater detail below, it has become apparent that leave for an additional 7,000 words is necessary for the government to fully and

completely address the issues in this capital case, and Mr. Sampson requests that he be granted the same additional length as the government.

1.      Both of these appeals in this capital case are the government's challenge to the district court's (Wolf, C.J.) memorandum and order allowing Claim IV of movant Gary Sampson's amended motion under 28 U.S.C. §2255, vacating his death sentence, and ordering a new penalty phase. In Appeal No. 12-1643, the government filed a notice of appeal from the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase. In Appeal No. 12-8019, the government petitions this Court for permission to take an interlocutory appeal under 28 U.S.C. §1292(b) from the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase. The government's opening brief is due on September 21, 2012.

2.      On June 1, 2012, this Court granted the government's motion to consolidate and ordered the parties to brief all issues, including jurisdiction, certification, merits, and relief requested in their respective briefs on appeal.

3.      On August 3, 2012, the parties filed a joint motion for leave to file an opening and responsive brief of up to 21,000 words, and for the government to file a reply brief of up to 10,500 words, which was granted on August 23, 2012.

4.      In the process of drafting the government's brief, it has become apparent that further leave of this Court to file an opening and responsive brief of up to 28,000 words is necessary.  The parties' briefs will need to address a multitude of issues, several of which, the government contends, present novel questions of first impression in this circuit.  Those issues include, *inter alia*:

- whether the district court's order is a final, appealable order under 28 U.S.C. §1291, which entails an analysis of *Andrews v. United States*, 373 U.S. 334 (1963), as well as the decisions in *United States v. Hammer*, 564 F.3d 628 (3d Cir. 2009), and *United States v. Stitt*, 459 F.3d 483 (4th Cir. 2006), among others;

- whether, in the event the Court finds that the district court's order is not appealable as a matter of right, this Court can and should accept the government's petition for permission to take an interlocutory appeal under 28 U.S.C. §1292(b), which entails a discussion of whether a motion under 28 U.S.C. §2255 constitutes a "civil action" for purposes of §1292(b), as well as a discussion of whether the §1292(b) factors have been met;

- whether, in the event the Court finds that the district court's order is not appealable as a matter of right under 28 U.S.C. §1291 and the Court declines to accept the government's petition for permission to take an interlocutory appeal under 28 U.S.C. §1292(b), an appeal can nonetheless proceed under 18 U.S.C. §3731;

- whether, if appeal is not available, the Court should exercise its advisory mandamus authority;

- the merits of the district court's order allowing Claim IV of Sampson's amended §2255 motion, vacating his death sentence, and granting him a new penalty phase.

Moreover, in addition to addressing these issues, it also is necessary for the parties to set forth the procedural background of this case, which includes, *inter alia*, a summary of Sampson's trial and direct appeal; a description of the §2255 proceedings, including the three evidentiary hearings conducted by the district court on the jury claim; a discussion of the district court's 102-page Memorandum and Order on Jury Claim, which is published at 820 F. Supp. 2d 151 (D. Mass. 2011); and a discussion of the district court's 34-page Memorandum and Order granting the government's motion to certify an interlocutory appeal. Additional words are necessary to fully and completely frame and address each of these issues.

7.    This is an exceptional case, as both this Court and the district court have recognized. *See, e.g., United States v. Sampson*, 486 F.3d 13, 17 (1st Cir. 2007) ("This is a landmark case; for the first time in its history, this court must review a sentence of death imposed by a federal judge."); *United States v. Sampson*, 2012 WL 1633296, at *14 (D. Mass. May 10, 2012) ("The instant case is truly an 'exceptional' case. It is the only case in the First Circuit in which a person has been sentenced to be executed under the Federal Death Penalty Act.") (internal citation omitted). The parties therefore were granted leave to file oversized briefs in Sampson's direct appeal of the penalty phase, with Sampson granted leave to file an opening brief of

approximately 71,000 words; the government granted leave to file an answering brief of 60,000 words; and Sampson granted leave to file a reply brief of 28,000 words.

8.    In view of the foregoing, and in order to adequately address each of the issues on appeal, the parties respectfully request that this Court increase the allotment of words for their primary briefs to **28,000** words.  The government previously was granted leave to file a reply brief of up to 10,500 words, and is not asking for leave to exceed that limit at this time.

9.    The undersigned Assistant U.S. Attorney has conferred with counsel for Sampson regarding this motion, and counsel for Sampson joins in this motion.

WHEREFORE, and with good cause having been shown, the parties respectfully request that this motion be granted.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    */s/ Mark T. Quinlivan*
MARK T. QUINLIVAN
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I, Mark T. Quinlivan, AUSA, certify that on September 11, 2012, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

William E. McDaniels
Jennifer G. Wicht
Thomas Windom
Williams & Connolly, LLP
725 Twelfth Street, N.W
Washington, D.C 20005

J. Martin Richey
Elizabeth L. Prevett
Office of the Federal Defender
51 Sleeper Street, Fifth Floor
Boston, MA 02210

Susan Katherine Marcus
3 Fort Mason
San Francisco, CA 94123

*/s/ Mark T. Quinlivan*
MARK T. QUINLIVAN