

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

May 10, 2013

Margaret Carter, Esq.
Clerk
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, Massachusetts 02210

> **Re:    Gary Lee Sampson v. United States, Nos. 12-1643, 12-8019**

Dear Ms. Carter:

These appeals were argued on May 8, 2013, before a panel of Chief Judge Lynch and Judges Selya and Lipez.  I write pursuant to FRAP 28(j) to provide the citation to a case discussed at oral argument, as directed by the panel.  Kindly bring this letter to the attention of the panel.

During its rebuttal argument, the government cited *Fitzgerald v. Greene*, 150 F.3d 357 (4th Cir. 1998).  In *Fitzgerald*, a capital case in which the defendant had been convicted, among other crimes, of two abductions and rapes, including the abduction and rape of a 13-year-old girl, the defendant claimed that his Sixth Amendment right to a fair and impartial jury was violated because a juror had not revealed his granddaughter's molestation when asked during voir dire if any member of his immediate family had been the victim of a rape or abduction, and because the juror stated during sentencing deliberations that he had no sympathy for rapists because his granddaughter had been molested as a child.  The Fourth Circuit affirmed the denial of habeas relief, holding, *inter alia*, that the circumstances of the case did not present the "exceptional" and "extraordinary" situation that might require a finding of implied bias.  150 F.3d at 363-65.  The court further held that even if the juror's presence on the jury constituted an error, the record did not establish that the error had a substantial and injurious effect on the trial as required for habeas relief under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).  150 F.3d at 365-66.

Margaret Carter
May 10, 2013
Page 2

       The case is relevant to the government's arguments that a "risk of partiality," even if it were to be recognized as a kind of bias, does not justify relief under 28 U.S.C. §2255, as well as its argument that this Court should not disturb the district court's conclusion that implied bias was not proven in this case.  Those arguments can be found at pages 106-108 of the government's opening brief and petition, and at pages 36-42 of the government's reply brief.

                        Respectfully submitted,

                        CARMEN M. ORTIZ
                        United States Attorney

                  By: */s/ Mark T. Quinlivan*
                      MARK T. QUINLIVAN
                      Assistant U.S. Attorney

cc:    William E. McDaniels          Susan Katherine Marcus
       Jennifer G. Wicht             c/o Norris McLaughlin & Marcus
       Cadence Mertz               875 Third Avenue, 8th Floor
       Williams & Connolly, LLP     New York, NY 10022
       725 Twelfth Street, N.W
       Washington, D.C 20005

       J. Martin Richey
       Elizabeth L. Prevett
       Office of the Federal Defender
       51 Sleeper Street, Fifth Floor
       Boston, MA 02210