LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

WILLIAM E. MCDANIELS
(202) 434-5055
wmcdaniels@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 14, 2013

Margaret Carter, Esq.
Clerk
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

> Re:  *Gary Lee Sampson v. United States*, Nos. 12-1643, 12-8019

Dear Ms. Carter:

I write in response to the government's May 10, 2013 FRAP 28(j) letter in the above captioned matter.  Please bring this response to the attention of the panel.

Juror C's conduct clearly distinguishes this case from *Fitzgerald v. Greene*, 150 F.3d 357 (4th Cir. 1998).  The *Fitzgerald* juror did not lie on voir dire.  By contrast, C sabotaged the voir dire process by serial perjury concealing difficult life experiences that made her an unfit juror for this capital case.

Juror C was a victim put in fear of being murdered, as were Mr. Sampson's victims, and in fear of her life at the point of a gun, as were the five female tellers the government called.  C was so ashamed of her daughter's drug use and imprisonment that she cut her off, just as the jury heard about Mr. Sampson's family had done.  She was extremely proud of her daughter's work as a police dispatcher; Mr. Sampson's mitigation case criticized the FBI for dropping his surrender call prior to the crimes.  C's marriage ended because her husband refused to give up drink and drugs, echoing the cross examination of Mr. Sampson's former wife.

An average person with this degree of issue overlap, who repeatedly lied to cover it up, would be highly unlikely to be impartial to Mr. Sampson on these life or death sentencing issues, meeting the objective exceptional circumstances standard of the implied bias test.  *See* Appellee Brief at 103–10.  The facts Juror C concealed affecting her partiality, and her inability to handle those issues rationally, also provide a valid basis for a challenge for cause, as required

WILLIAMS & CONNOLLY LLP

Margaraet Carter, Esq.
May 14, 2013
Page 2

by *McDonough*, that would have been granted by Judge Wolf (*see id*. at 69–82) or by any objectively reasonable jurist.  The presence on a capital jury of one juror who is not impartial is structural error that cannot be harmless and the death verdict must be vacated.  *See id*. at 102–03 (citing *Morgan v. Illinois*, 504 U.S. 719, 729 (1992)).  *See also Brecht v. Abrahamson*, 507 U.S. 619, 629–30 (1993).

Respectfully submitted,


By: */s/ William E. McDaniels*___
William E. McDaniels

cc:    Mark T. Quinlivan
       Zachary R. Hafer
       John Albert Wortmann, Jr.
       Office of the United States Attorney
       District of Massachusetts
       John Joseph Moakley United States Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210

       J. Martin Richey
       Elizabeth L. Prevett
       Office of the Federal Defender
       51 Sleeper Street, Fifth Floor
       Boston, MA 02210

       Susan Marcus
       c/o Norris McLaughlin & Marcus
       875 Third Avenue, 8th Floor
       New York, NY 1002